Honorable Marc Barreca
Hearing date: January 7, 2015; 1:30 p.m.
Hearing Place: Room 7106, 700 Stewart Street, Seattle, WA 98101
Responses due by: December 31, 2014; by 4:30 p.m.

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re:<br><br>TREND SOUND PROMOTER AMG CORP.,<br><br>Debtor(s). | Chapter 7<br>Bankruptcy No. 14-13193 |
| BANKRUPTCY ESTATE OF TREND SOUND PROMOTER AMG CORP., by and through Nancy James, Bankruptcy Trustee,<br><br>Plaintiff,<br><br>v.<br><br>VOLODIMYR PIGIDA and JANE DOE PIGIDA, husband and wife, and the marital community comprised thereof, individually and as trustee of the Lakeshore Enterprises Trust; and MARINA BONDARENKO and JOHN DOE BONDARENKO, wife and husband, and the marital community comprised thereof, individually and as trustee of the Lakeshore Enterprises Trust,<br><br>Defendants. | Adversary No. 14-01248<br><br>MOTION FOR AN ORDER AUTHORIZING TRUSTEE TO AMEND COMPLAINT AND TO ADD PARTY |

COMES NOW the plaintiff, the Bankruptcy Estate of Trend Sound Promoter AMG Corp., by and through the duly appointed trustee, Nancy James, through counsel, The Rigby Law Firm, and James Rigby, and moves this court for an order authorizing the trustee to amend the Complaint to Recover Fraudulent Conveyance in the form of the Amended Complaint to Recover Fraudulent

**MOTION FOR AN ORDER AUTHORIZING TRUSTEE TO AMEND COMPLAINT AND TO ADD PARTY -** 141217iMot Page 1

THE RIGBY LAW FIRM
600 Stewart Street, Suite 1908
Seattle, WA 98101
(206) 441-0826

Conveyance, or in the Alternative to Recover a Preference, and to Add Party, a copy of which is attached hereto, and to add SoundT Studios LLC ("SoundT") as a defendant in this action.

The Complaint to Recover Fraudulent Conveyance in the instance adversary proceeding was filed on June 9, 2014, barely one month after the date the bankruptcy petition was filed. The complaint in this matter was filed on an expedited basis based upon the U.S. Trustee's motion to convert the matter to a Chapter 7 proceeding and its supporting documents. It appeared from those documents that the defendants may be in the process of transferring property of the estate beyond the reach of the bankruptcy trustee and perhaps even this court's jurisdiction. The complaint was filed before the typical pre-filing investigation could have been done utilizing Bankruptcy Rule 2004. Consequently, the complaint was drafted in a narrow manner to best match the facts that were known to the trustee at that point in time. The complaint was styled as a fraudulent conveyance.

Since the filing of the complaint, new information in the answer to the complaint and two rounds of discovery indicate that the transfer is better characterized as a preference rather than a fraudulent conveyance. While the answers to the complaint were general denials, the transaction was more particularly described in the defendants' answers to Interrogatory No. 8:

> "On or about January 20, 2014, SoundTrack Studio, LLC [sic] assigned $1,454,448.11 of licensing fees owed to Ticor Title. The purpose of the assignment was to purchase the subject property. The subject property is used as a studio, office and residence. Soundtrack Studio, LLC [sic] uses the lower half of the property as an office/recording studio. The upper portion is used as a personal residence by Volodimyr Pigida. The arrangement was agreed to by Pigida and Soundtrack Studio, LLC [sic]. Because Soundtrack Studio [sic] had delayed payment of some of its licensing fees that accrued in 2013, the amount assigned to Ticor Title was due and owing at the time of the assignment."

More background of the transfer is provided by the defendants' answer to Interrogatory No. 5:

> "Trend Sound Promoter AMG, Corp. entered into a distribution agreement with Soundtrack Studio [sic] in 2012. The distribution agreement granted TSP the right to license music owned by Soundtrack Studio, LLC [sic] for resale. As part of that distribution agreement, TSP was to pay Soundtrack [sic] a quarterly licensing fee. The fee was calculated quarterly based upon a certain percentage of

**MOTION FOR AN ORDER AUTHORIZING TRUSTEE TO AMEND COMPLAINT AND TO ADD PARTY -** 141217iMot Page 2

THE RIGBY LAW FIRM
600 Stewart Street, Suite 1908
Seattle, WA 98101
(206) 441-0826

revenue TSP generated from the sale of licensing agreements. Additionally, the distribution agreement authorized SoundTrack Studio [sic] both to assign the licensing fee to whomever it chose and to delay payment of the quarterly fee if it chose to. The funds that were transferred were licensing fees owed to Soundtrack Studio, LLC [sic] from quarterly licensing gees that had accrued during 2013."

Pigida's answers to interrogatories further explain why the subject property was titled in the name of Lakeshore Enterprises Trust. The answer to Interrogatory No. 7 reads:

"I served as co-trustee in the purchase of the subject property by Lakeshore Enterprises Trust. I also selected the property because it could serve as a recording studio and a residence. Furthermore, I had the funds transferred to Lakeshore as the assignee from Soundtrack Studio, LLC [sic]."

The complaint is pled both for actual fraud and for constructive fraud. To the extent that the complaint speaks to constructive fraud, the defendants may have a defense to the less than reasonably equivalent value element. The transaction as portrayed by the defendants appears to be a preference and the trustee should be allowed to amend the complaint to add a claim for a preference.

Federal Rules of Civil Procedure 15(a) provides:

"Amendments Before Trial.
. . .
(2) *Other Amendments.* In all other cases, a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

The test for allowing an amendment to a complaint is "when justice so requires." Courts have been very liberal in allowing amendments to pleadings, absent undue prejudice to the adverse party, undue delay, lack of good faith or where the amendment would be subject to a motion to dismiss or strike. *Colliers on Bankruptcy*, P. 7015.04.

There will be no undue prejudice to the adverse party in this case. While interrogatories have been promulgated and answered, no depositions have been taken. No discovery regarding the content of expert witness reports has been conducted. There is no undue delay. The trial is still more than six months off. There is no lack of good faith on the part of the trustee, inasmuch as at

**MOTION FOR AN ORDER AUTHORIZING TRUSTEE TO AMEND COMPLAINT AND TO ADD PARTY -** 141217iMot Page 3

THE RIGBY LAW FIRM
600 Stewart Street, Suite 1908
Seattle, WA 98101
(206) 441-0826

Case 14-01248-MLB    Doc 18    Filed 12/17/14    Ent. 12/17/14 15:29:18    Pg. 3 of 9

the point when the initial discovery set forth the true substance of the transfer this motion to amend was made. Likewise, the amended complaint will not be subject to a 12(b)(6) motion. Whether or not it will withstand a motion for summary judgment will be determined in the future and is not the test at this point.

The nature of the transfer has been clarified by discovery, the transfer appears to be more in the nature of a preference than a fraudulent conveyance and the trustee should be allowed to amend the complaint.

Federal Rules of Civil Procedure 21 provides:

" . . . the court may at any time, on just terms, add or drop a party."

Since the defendants take the position that SoundT is the party for whose benefit the transfer was made, SoundT should be added as a defendant.

WHEREFORE, the trustee prays for an order accordingly.

DATED this 17th day of December, 2014.

THE RIGBY LAW FIRM

/S/ *James Rigby*

James Rigby, WSBA #9658
Of Attorneys for Plaintiff/Trustee

**MOTION FOR AN ORDER AUTHORIZING TRUSTEE TO AMEND COMPLAINT AND TO ADD PARTY -** 141217iMot Page 4

THE RIGBY LAW FIRM
600 Stewart Street, Suite 1908
Seattle, WA 98101
(206) 441-0826

Case 14-01248-MLB    Doc 18    Filed 12/17/14    Ent. 12/17/14 15:29:18    Pg. 4 of 9

| | |
|---|---|
| | Honorable Marc Barreca |

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Bankruptcy No. 14-13193 |
| TREND SOUND PROMOTER AMG CORP., | ) | |
| | ) | |
| Debtor(s). | ) | |
| | ) | |
| BANKRUPTCY ESTATE OF TREND | ) | Adversary No. 14-01248 |
| SOUND PROMOTER AMG CORP., | ) | |
| by and through Nancy James, Bankruptcy | ) | |
| Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | AMENDED COMPLAINT TO RECOVER |
| v. | ) | FRAUDULENT CONVEYANCE, OR IN |
| | ) | THE ALTERNATIVE TO RECOVER |
| VOLODIMYR PIGIDA and JANE DOE | ) | A PREFERENCE, AND TO ADD |
| PIGIDA, husband and wife, and the marital | ) | PARTY |
| community comprised thereof, individually | ) | |
| and as trustee of the Lakeshore Enterprises | ) | |
| Trust; MARINA BONDARENKO and | ) | |
| JOHN DOE BONDARENKO, wife and | ) | |
| husband, and the marital community | ) | |
| comprised thereof, individually and as trustee | ) | |
| of the Lakeshore Enterprises Trust; and | ) | |
| SOUNDT STUDIOS LLC, a Washington | ) | |
| limited liability company, | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW the trustee herein, Nancy James, through counsel, The Rigby Law Firm, and James Rigby, and states and alleges as follows:

**AMENDED COMPLAINT TO RECOVER
FRAUDULENT CONVEYANCE, OR IN THE
ALTERNATIVE TO RECOVER A PREFERENCE,
AND TO ADD PARTY -** 141120gCmp    Page 1

THE RIGBY LAW FIRM
600 Stewart Street, Suite 1908
Seattle, WA 98101
(206) 441-0826

Case 14-01248-MLB    Doc 18    Filed 12/17/14    Ent. 12/17/14 15:29:18    Pg. 5 of 9

## I. PARTIES AND JURISDICTION

1. The plaintiff is the duly qualified and acting trustee of the estate of the above-named debtor.

2. Defendant Volodimyr Pigida ("Pigida") is an individual believed to reside in King County, Washington.

3. Defendants Volodimyr Pigida and Jane Doe Pigida constitute a marital community and the actions of each were for the benefit of said community.

4. Defendant Marina Bondarenko ("Bondarenko") is an individual believed to reside in King County, Washington.

5. Defendants Marina Bondarenko and John Doe Bondarenko constitute a marital community and the actions of each were for the benefit of said community.

6. Defendant Lakeshore Enterprises Trust is allegedly a trust with a mailing address of 227 Bellevue Way N.E., #82, Bellevue, Washington 98004.

6a. Defendant SoundT Studios LLC ("SoundT") is a Washington limited liability company.

7. Pigida and Bondarenko are, or were, principals, officers, owners, shareholders or insiders of the debtor.

8. On information and belief, Pigida and Bondarenko are trustees of Lakeshore Enterprises Trust.

9. This adversary proceeding is one arising in the Chapter 7 case of the above-named debtor now pending in this court. This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1334 and 11 U.S.C. §§ 544, 548, 550 and 551. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (H) and (O). Venue in this court is proper under 28 U.S.C. §§ 1391 and 1409.

**AMENDED COMPLAINT TO RECOVER FRAUDULENT CONVEYANCE, OR IN THE ALTERNATIVE TO RECOVER A PREFERENCE, AND TO ADD PARTY -** 141120gCmp   Page 2

THE RIGBY LAW FIRM
600 Stewart Street, Suite 1908
Seattle, WA 98101
(206) 441-0826

Case 14-01248-MLB    Doc 18    Filed 12/17/14    Ent. 12/17/14 15:29:18    Pg. 6 of 9

## II. FACTS

10. Debtor Trend Sound Promoter AMG Corp. filed a Chapter 11 bankruptcy petition on April 25, 2014. The case was converted to a Chapter 7 proceeding on June 2, 2014. Nancy James was appointed as the Chapter 7 trustee.

11. On or about January 27, 2014, the debtor transferred by wire $1,454,448.11 to Ticor Title Company for the purchase of real property.

12. On or about January 29, 2014, the defendants caused to be recorded a Statutory Warranty Deed wherein the grantees were Pigida and Bondarenko as trustees of Lakeshore Enterprises Trust and the property transferred was the real property commonly referred to as 3713 Lake Washington Blvd. North, Renton, Washington 98056, and legally described as:

> Lot 1, City of Renton Lot Line Adjustment Number 003-88, recorded under Recording Number 8806219003, in King County, Washington.

13. The purchase price for the property of $1,499,000 was paid entirely or substantially with funds of the debtor.

14. The transfer referenced above was for the benefit of Pigida and Bondarenko individually or, alternatively, as trustees for Lakeshore Enterprises Trust.

15. The debtor received no consideration in exchange for the transfer.

16. On the date of the transfer, the debtor was insolvent or, in the alternative, became insolvent as a result of the transfer.

17. The debtor made the transfer with the actual intent to hinder, delay or defraud its creditors.

18. After the transfer the remaining assets of the debtor were unreasonably small in relation to its business or other transactions.

19. The debtor intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they came due as a consequence of the transfer.

**AMENDED COMPLAINT TO RECOVER FRAUDULENT CONVEYANCE, OR IN THE ALTERNATIVE TO RECOVER A PREFERENCE, AND TO ADD PARTY -** 141120gCmp    Page 3

THE RIGBY LAW FIRM
600 Stewart Street, Suite 1908
Seattle, WA 98101
(206) 441-0826

Case 14-01248-MLB    Doc 18    Filed 12/17/14    Ent. 12/17/14 15:29:18    Pg. 7 of 9

### III. FIRST CAUSE OF ACTION - FRAUDULENT CONVEYANCE

20. By reason of the foregoing, the defendants are each liable to the plaintiff for the transfer pursuant to §§ 544, 548, 550 and 551 of the Bankruptcy Code, and RCW 19.40.041 and 19.40.051.

### IV. AMENDED ALLEGATIONS

21. Within one year prior to the filing of the petition commencing this case, the debtor transferred to the defendants, or on account of the defendants, unsecured creditors, the sum of $1,499,999.

22. Upon information and belief, said payment was made for and on account of an antecedent debt owed by the debtor to SoundT . SoundT assigned the right to the defendants.

23. At the time of the transfer, the debtor was insolvent.

24. The transfer referred to in the preceding paragraphs enabled SoundT to receive more than it would have received under Chapter 7 of the Bankruptcy Code if the transfer had not been made.

### V. SECOND CAUSE OF ACTION - PREFERENTIAL TRANSFER

25. By reason of the foregoing, the defendants are liable to the plaintiff in the sum stated above, plus any other money or property transferred by the debtor to the defendants or on account of the defendants, within one year of the filing of the bankruptcy petition, pursuant to Sections 547 and 550 of the Bankruptcy Code.

WHEREFORE, plaintiff prays for judgment as follows:

a) avoiding the January 27, 2014 transfer of $1,454,448.11, preserving the transfer for the estate and a money judgment against the defendants in that amount;

b) vesting title of the property located at 3713 Lake Washington Blvd. North, Renton, Washington 98056, in either the debtor or the bankruptcy estate;

c) for interest from the date of the transfer, plus costs and reasonable and/or statutory attorney's fees; and,

**AMENDED COMPLAINT TO RECOVER FRAUDULENT CONVEYANCE, OR IN THE ALTERNATIVE TO RECOVER A PREFERENCE, AND TO ADD PARTY -** 141120gCmp    Page 4

THE RIGBY LAW FIRM
600 Stewart Street, Suite 1908
Seattle, WA 98101
(206) 441-0826

Case 14-01248-MLB    Doc 18    Filed 12/17/14    Ent. 12/17/14 15:29:18    Pg. 8 of 9

1   d) for such further relief as this court deems just in the premises.

2   DATED this _____ day of December, 2014.

3                                   THE RIGBY LAW FIRM

5                                   _____
                                    James Rigby, WSBA #9658
6                                   Of Attorneys for Plaintiff/Trustee

**AMENDED COMPLAINT TO RECOVER FRAUDULENT CONVEYANCE, OR IN THE ALTERNATIVE TO RECOVER A PREFERENCE, AND TO ADD PARTY -** 141120gCmp    Page 5

THE RIGBY LAW FIRM
600 Stewart Street, Suite 1908
Seattle, WA 98101
(206) 441-0826

Case 14-01248-MLB    Doc 18    Filed 12/17/14    Ent. 12/17/14 15:29:18    Pg. 9 of 9