# EXHIBIT "A"

1                                                       Honorable Marc Barreca

2

3

4

5

6             IN THE UNITED STATES BANKRUPTCY COURT FOR THE
                WESTERN DISTRICT OF WASHINGTON AT SEATTLE
7
   In re:                                  )    Chapter 7
8                                       )    Bankruptcy No. 14-13193
   TREND SOUND PROMOTER AMG CORP.,   )
9                                       )
          Debtor(s).                      )
10 _____ )

11    BANKRUPTCY ESTATE OF TREND       )    Adversary No.  14-01248
   SOUND PROMOTER AMG CORP.,         )
12    by and through Nancy James, Bankruptcy    )
   Trustee,                                   )
13                                        )
          Plaintiff,                      )
14                                       )    AMENDED COMPLAINT TO RECOVER
                                      )    FRAUDULENT CONVEYANCE, OR IN
15       v.                                  )    THE ALTERNATIVE TO RECOVER
                                      )    A PREFERENCE, AND TO ADD
16    VOLODIMYR PIGIDA and JANE DOE     )    PARTY
   PIGIDA, husband and wife, and the marital   )
17    community comprised thereof, individually   )
   and as trustee of the Lakeshore Enterprises   )
18    Trust; MARINA BONDARENKO and     )
   JOHN DOE BONDARENKO, wife and     )
19    husband, and the marital community      )
   comprised thereof, individually and as trustee )
20    of the Lakeshore Enterprises Trust; and    )
   SOUNDT STUDIOS LLC, a Washington    )
21    limited liability company,                   )
                                      )
22           Defendants.                 )
_____ )

23         COMES NOW the trustee herein, Nancy James, through counsel, The Rigby Law Firm, and

24 James Rigby, and states and alleges as follows:

25

 

**AMENDED COMPLAINT TO RECOVER**
**FRAUDULENT CONVEYANCE, OR IN THE**
**ALTERNATIVE TO RECOVER A PREFERENCE,**
**AND TO ADD PARTY -** 141120gCmp    Page 1

                                      THE RIGBY LAW FIRM
                                      600 Stewart Street, Suite 1908
                                      Seattle, WA 98101
                                      (206) 441-0826

I.  PARTIES AND JURISDICTION

2          1.      The plaintiff is the duly qualified and acting trustee of the estate of the above-named

3   debtor.

4          2.      Defendant Volodimyr Pigida ("Pigida") is an individual believed to reside in King

5   County, Washington.

6          3.      Defendants Volodimyr Pigida and Jane Doe Pigida constitute a marital community

7   and the actions of each were for the benefit of said community.

8          4.      Defendant Marina Bondarenko ("Bondarenko") is an individual believed to reside

9   in King County, Washington.

10         5.      Defendants Marina Bondarenko and John Doe Bondarenko constitute a marital

11  community and the actions of each were for the benefit of said community.

12         6.      Defendant Lakeshore Enterprises Trust is allegedly a trust with a mailing address of

13  227 Bellevue Way N.E., #82, Bellevue, Washington 98004.

14         6a.     Defendant SoundT Studios LLC ("SoundT") is a Washington limited liability

15  company.

16         7.      Pigida and Bondarenko are, or were, principals, officers, owners, shareholders or

17  insiders of the debtor.

18         8.      On information and belief, Pigida and Bondarenko are trustees of Lakeshore

19  Enterprises Trust.

20         9.      This adversary proceeding is one arising in the Chapter 7 case of the above-named

21  debtor now pending in this court.  This court has jurisdiction over this adversary proceeding

22  pursuant to 28 U.S.C. §§ 157, 1334 and 11 U.S.C. §§ 544, 548, 550 and 551.  This is a core

23  proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (H) and (O).  Venue in this court is proper under

24  28 U.S.C. §§  1391 and 1409.

25

**AMENDED COMPLAINT TO RECOVER
FRAUDULENT CONVEYANCE, OR IN THE
ALTERNATIVE TO RECOVER A PREFERENCE,
AND TO ADD PARTY -** 141120gCmp    Page 2

THE RIGBY LAW FIRM
600 Stewart Street, Suite 1908
Seattle, WA 98101
(206) 441-0826

1

2      10.    Debtor Trend Sound Promoter AMG Corp. filed a Chapter 11 bankruptcy petition

3  on April 25, 2014. The case was converted to a Chapter 7 proceeding on June 2, 2014. Nancy

4  James was appointed as the Chapter 7 trustee.

5      11.    On or about January 27, 2014, the debtor transferred by wire $1,454,448.11 to Ticor

6  Title Company for the purchase of real property.

7      12.    On or about January 29, 2014, the defendants caused to be recorded a Statutory

8  Warranty Deed wherein the grantees were Pigida and Bondarenko as trustees of Lakeshore

9  Enterprises Trust and the property transferred was the real property commonly referred to as 3713

10  Lake Washington Blvd. North, Renton, Washington 98056, and legally described as:

11                Lot 1, City of Renton Lot Line Adjustment Number 003-88, recorded
                 under Recording Number 8806219003, in King County, Washington.
12

13      13.    The purchase price for the property of $1,499,000 was paid entirely or substantially

14  with funds of the debtor.

15      14.    The transfer referenced above was for the benefit of Pigida and Bondarenko

16  individually or, alternatively, as trustees for Lakeshore Enterprises Trust.

17      15.    The debtor received no consideration in exchange for the transfer.

18      16.    On the date of the transfer, the debtor was insolvent or, in the alternative, became

19  insolvent as a result of the transfer.

20      17.    The debtor made the transfer with the actual intent to hinder, delay or defraud its

21  creditors.

22      18.    After the transfer the remaining assets of the debtor were unreasonably small in

23  relation to its business or other transactions.

24      19.    The debtor intended to incur, or believed or reasonably should have believed that it

25  would incur, debts beyond its ability to pay as they came due as a consequence of the transfer.

**AMENDED COMPLAINT TO RECOVER
FRAUDULENT CONVEYANCE, OR IN THE
ALTERNATIVE TO RECOVER A PREFERENCE,
AND TO ADD PARTY -** 141120gCmp   Page 3

THE RIGBY LAW FIRM
600 Stewart Street, Suite 1908
Seattle, WA 98101
(206) 441-0826

Declaration of James Rigby-- Page 6

III.  FIRST CAUSE OF ACTION - FRAUDULENT CONVEYANCE

2          20.     By reason of the foregoing, the defendants are each liable to the plaintiff for the

3    transfer pursuant to §§ 544, 548, 550 and 551 of the Bankruptcy Code, and RCW 19.40.041 and

4    19.40.051.

5                            IV.  AMENDED ALLEGATIONS

6          21.     Within one year prior to the filing of the petition commencing this case, the debtor

7    transferred to the defendants, or on account of the defendants, unsecured creditors, the sum of

8    $1,499,999.

9          22.     Upon information and belief, said payment was made for and on account of an

10   antecedent debt owed by the debtor to SoundT .  SoundT assigned the right to the defendants.

11         23.     At the time of the transfer, the debtor was insolvent.

12         24.     The transfer referred to in the preceding paragraphs enabled SoundT to receive more

13   than it would have received under Chapter 7 of the Bankruptcy Code if the transfer had not been

14   made.

15                       V.  SECOND CAUSE OF ACTION - PREFERENTIAL TRANSFER

16         25.     By reason of the foregoing, the defendants are liable to the plaintiff in the sum stated

17   above, plus any other money or property transferred by the debtor to the defendants or on account

18   of the defendants, within one year of the filing of the bankruptcy petition, pursuant to Sections 547

19   and 550 of the Bankruptcy Code.

20         WHEREFORE, plaintiff prays for judgment as follows:

21         a)      avoiding the January 27, 2014 transfer of $1,454,448.11, preserving the transfer for

22   the estate  and a money judgment against the defendants in that amount;

23         b)      vesting title of the property located at 3713 Lake Washington Blvd. North, Renton,

24   Washington 98056, in either the debtor or the bankruptcy estate;

25         c)      for interest from the date of the transfer, plus costs and reasonable and/or statutory

     attorney's fees; and,

**AMENDED COMPLAINT TO RECOVER**
**FRAUDULENT CONVEYANCE, OR IN THE**
**ALTERNATIVE TO RECOVER A PREFERENCE,**
**AND TO ADD PARTY -** 141120gCmp    Page 4
Declaration of James Rigby-- Page 7

THE RIGBY LAW FIRM
600 Stewart Street, Suite 1908
Seattle, WA 98101
(206) 441-0826

1    d)    for such further relief as this court deems just in the premises.

2    DATED this 13th day of January, 2015.

3                                    THE RIGBY LAW FIRM

4

5                                    /S/ James Rigby
                                     _____

6                                    James Rigby, WSBA #9658
                                     Of Attorneys for Plaintiff/Trustee

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**AMENDED COMPLAINT TO RECOVER**
**FRAUDULENT CONVEYANCE, OR IN THE**
**ALTERNATIVE TO RECOVER A PREFERENCE,**
**AND TO ADD PARTY -** 141120gCmp    Page 5

THE RIGBY LAW FIRM
600 Stewart Street, Suite 1908
Seattle, WA 98101
(206) 441-0826

# EXHIBIT "B"

1

2

3

4

5

6

7
## UNITED STATES BANKRUPTCY COURT FOR THE
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

8
**In re:**

9
**TREND SOUND PROMOTER AMG CORP.,**

10
**Debtors.**

11

12
**BANKRUPTCY ESTATE OF TREND SOUND PROMOTER AMG CORP,** by and through Nancy James, Bankruptcy Trustee,

13

14
**Plaintiff,**

15
**vs.**

16
**VOLODIMYR PIGIDA and JANE DOE PIGIDA, husband and wife and the marital community comprised thereof, individually and as trustee of Villa Property Company Trust; and MARINA BONDARENKO and JOHN DOE BONDARENKO, wife and husband, and the marital community comprised thereof, individually and as trustee of the Lakeshore Enterprises Trust; and SOUNDT STUDIOS, LLC, a Washington Limited Liability Company,**

17

18

19

20

21

22
**Defendants.**

---

**CHAPTER 7**
**BANKRUPTCY NO. 14-13193**

**ADVERSARY NO. 14-01248**

**ANSWER AND AFFIRMATIVE**
**DEFENSES TO PLAINTIFF'S FIRST**
**AMENDED COMPLAINT**

23

24

25

ANSWER AND AFFIRMATIVE DEFENSES - 1
*James .v. Lakeshore Enterprises*
Declaration of James Rigby-- Page 10

**MDK | LAW**
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Case 14-01248-MLB    Doc 43-1    Filed 04/30/15    Ent. 04/30/15 10:20:38    Pg. 8 of 75

## ANSWER

COME NOW Defendants, by and through the undersigned counsel, and present the following Answer to Plaintiff's Complaint. Each and every averment not specifically admitted, expressly including but in no way limited to headings, is denied.

1.1    Responding to the allegations set forth in Plaintiff's Amended Complaint, Paragraph 1, Defendants ADMIT the same.

1.2    Responding to the allegations set forth in Plaintiff's Amended Complaint, Paragraph 2, Defendants ADMIT the same.

1.3    Responding to the allegations set forth in Plaintiff's Amended Complaint, Paragraph 3, Defendants DENY the same.

1.4    Responding to the allegations set forth in Plaintiff's Amended Complaint, Paragraph 4, Defendants ADMIT the same.

1.5    Responding to the allegations set forth in Plaintiff's Amended Complaint, Paragraph 5, Defendants DENY the same.

1.6    Responding to the allegations set forth in Plaintiff's Amended Complaint, Paragraph 6, Defendants ADMIT the same.

1.7    Responding to the allegations set forth in Plaintiff's Amended Complaint, Paragraph 6a, Defendants ADMIT the same.

1.8    Responding to the allegations set forth in Plaintiff's Amended Complaint, Paragraph 7, Defendants ADMIT the same.

1.9    Responding to the allegations set forth in Plaintiff's Amended Complaint, Paragraph 8, Defendants ADMIT the same.

ANSWER AND AFFIRMATIVE DEFENSES - 2
*James .v. Lakeshore Enterprises*
Declaration of James Rigby-- Page 11

**MDK | LAW**
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Case 14-01248-MLB    Doc 43-1    Filed 04/30/15    Ent. 04/30/15 10:20:38    Pg. 9 of 75

1.10    Responding to the allegations set forth in Plaintiff's Amended Complaint, Paragraph 9, Defendants ADMIT the same.

1.11    Responding to the allegations set forth in Plaintiff's Amended Complaint, Paragraph 10, Defendants ADMIT the same.

1.12    Responding to the allegations set forth in Plaintiff's Amended Complaint, Paragraph 11, Defendants DENY the same.

1.13    Responding to the allegations set forth in Plaintiff's Amended Complaint, Paragraph 12, Defendants ADMIT that the subject property was purchased but DENY all allegations not specifically admitted and any inferences derived therefrom.

1.14    Responding to the allegations set forth in Plaintiff's Amended Complaint, Paragraph 13, Defendants DENY the same.

1.15    Responding to the allegations set forth in Plaintiff's Amended Complaint, Paragraph 14, Defendants DENY the same.

1.16    Responding to the allegations set forth in Plaintiff's Amended Complaint, Paragraph 15, Defendants DENY the same.

1.17    Responding to the allegations set forth in Plaintiff's Amended Complaint, Paragraph 16, Defendants DENY the same.

1.18    Responding to the allegations set forth in Plaintiff's Amended Complaint, Paragraph 17, Defendants DENY the same.

1.19    Responding to the allegations set forth in Plaintiff's Amended Complaint, Paragraph 18, Defendants DENY the same.

1.20    Responding to the allegations set forth in Plaintiff's Amended Complaint, Paragraph 19, Defendants DENY the same.

ANSWER AND AFFIRMATIVE DEFENSES - 3
*James .v. Lakeshore Enterprises*

Declaration of James Rigby-- Page 12

**MDK | LAW**
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Case 14-01248-MLB    Doc 43-1    Filed 04/30/15    Ent. 04/30/15 10:20:38    Pg. 10 of 75

1.21    Responding to the allegations set forth in Plaintiff's Amended Complaint, Paragraph 20, Defendants DENY the same.

1.22    Responding to the allegations set forth in Plaintiff's Amended Complaint, Paragraph 21, Defendants DENY the same.

1.23    Responding to the allegations set forth in Plaintiff's Amended Complaint, Paragraph 22, Defendants ADMIT the same.

1.24    Responding to the allegations set forth in Plaintiff's Amended Complaint, Paragraph 23, Defendants DENY the same.

1.25    Responding to the allegations set forth in Plaintiff's Amended Complaint, Paragraph 24, Defendants DENY the same.

1.26    Responding to the allegations set forth in Plaintiff's Amended Complaint, Paragraph 25, Defendants DENY the same.

## DAMAGE PRAYER

1.27    Responding to the allegations set forth in Plaintiff's Amended Complaint, Paragraph 25(a), Defendants DENY the same.

1.28    Responding to the allegations set forth in Plaintiff's Amended Complaint, Paragraph 25(b), Defendants DENY the same.

1.29    Responding to the allegations set forth in Plaintiff's Amended Complaint, Paragraph 25(c), Defendants DENY the same.

1.30    Responding to the allegations set forth in Plaintiff's Amended Complaint, Paragraph 25(d), Defendants DENY the same.

## AFFIRMATIVE DEFENSES

FURTHER, and by way of AFFIRMATIVE DEFENSE, Defendants respond as follows:

ANSWER AND AFFIRMATIVE DEFENSES - 4
*James .v. Lakeshore Enterprises*

Declaration of James Rigby-- Page 13

**MDK | LAW**
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Case 14-01248-MLB    Doc 43-1    Filed 04/30/15    Ent. 04/30/15 10:20:38    Pg. 11 of 75

1         a.      The Trustee has failed to state a claim on which relief can be granted;

2         b.      If Defendants are determined to be purchasers, then Defendants are Bona Fide

3 Purchasers/Good Faith Transferees;

4         c.      The Debtor was no insolvent at the time of the transfer;

5         d.      The transfer was made for the reasonably equivalent value;

6         e.      Defendants invoke the defenses of 11 U.S. § 548(c);

7         f.      Defendants invoke the defenses of 11 U.S. § 548(b);

8         g.      Defendants invoke the defenses of RCW § 19.40.081(a);

9         h.      Defendants invoke the defenses of RCW § 19.40.081(d); and

10         i.      The above defenses and affirmative defenses are based on the facts and information

11 currently known to Defendants.  Defendants reserve the right to amend or add defenses or affirmative

12 defenses based on facts later discovered, pled, or offered.

13 

14 **PRAYER FOR RELIEF**

15      WHEREFORE, Defendants request that Trustee's Amended Complaint be dismissed with

16 prejudice, that Trustee recovers nothing thereby, that Defendants be awarded their costs and attorneys'

17 fees incurred in defending against this action, that the Court give leave to amend this Answer to

18 conform to proof later discovered, pled or offered, and that the Court order such other and further

19 relief as the Court may deem just and equitable.

20 ///
/// 
21 ///
///
22 ///
///
23 ///
///
24 ///
///
25 ///

ANSWER AND AFFIRMATIVE DEFENSES - 5
*James .v. Lakeshore Enterprises*

Declaration of James Rigby-- Page 14

**MDK | LAW**
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Case 14-01248-MLB    Doc 43-1    Filed 04/30/15    Ent. 04/30/15 10:20:38    Pg. 12 of 75

1  ///
   ///
2          Respectfully submitted this 4th day of February 2015.

3
                                      MDK Law
4                                     *Attorneys for Defendants*

5

6                                      _____/s/ *James P. Ware*_____
7                                      MARK D. KIMBALL, WSBA No. 13146
                                       JAMES P. WARE, WSBA No. 36799
8                                      MDK Law
                                       777 108th Ave NE, Ste 2170
9                                      Bellevue, WA 98004
                                       (425)455-9610
10                                     (425)455-1170
                                       mkimball@mdklaw.com
11                                     jware@mdklaw.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

ANSWER AND AFFIRMATIVE DEFENSES - 6    Declaration of James Rigby-- Page 15
*James .v. Lakeshore Enterprises*

**MDK | LAW**
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Case 14-01248-MLB    Doc 43-1    Filed 04/30/15    Ent. 04/30/15 10:20:38    Pg. 13 of 75

# EXHIBIT "C"

Honorable Marc Barreca

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re:<br><br>TREND SOUND PROMOTER AMG CORP.,<br><br>Debtor(s). | Chapter 7<br>Bankruptcy No. 14-13193 |
| BANKRUPTCY ESTATE OF TREND<br>SOUND PROMOTER AMG CORP.,<br>by and through Nancy James, Bankruptcy<br>Trustee,<br><br>Plaintiff,<br><br>v.<br><br>VOLODIMYR PIGIDA and JANE DOE<br>PIGIDA, husband and wife, and the marital<br>community comprised thereof, individually<br>and as trustee of the Lakeshore Enterprises<br>Trust; and MARINA BONDARENKO and<br>JOHN DOE BONDARENKO, wife and<br>husband, and the marital community<br>comprised thereof, individually and as trustee<br>of the Lakeshore Enterprises Trust,<br><br>Defendants. | Adversary No.   14-01248<br><br>PLAINTIFF'S FIRST<br>INTERROGATORIES<br>*WITH ANSWERS AND<br>OBJECTIONS THERETO* |

TO:   Nancy James on behalf of Bankruptcy Estate of Trend Sound Promoter AMG, Corp.

AND TO:   James Rigby, her attorney.

Defendant states the following general objections to Plaintiff's First Set of Interrogatories. Any answers by Defendant to these First Set of Interrogatories are made subject to and without waiving any of the following general objections, which are incorporated into each and every answer and response.

In this matter, Defendant's investigation and discovery are continuing.  As investigation and discovery proceed, witnesses, facts, documents, and other evidence may be disclosed or

Declaration of James Rigby-- Page 17

Case 14-01248-MLB   Doc 43-1   Filed 04/30/15   Ent. 04/30/15 10:20:38   Pg. 15 of 75

learned that are not set forth hereinafter, but which may have been responsive to a First Set of

Interrogatories propounded by Plaintiff if known at the time thereof.   Facts and other evidence,

although known, may be imperfectly understood and, accordingly, information may, in good faith,

not be included in the following responses (the "Responses," and each individually, a "Response").

Defendant reserves the right to supplement and amend its responses to these interrogatories.

Defendant reserves the right to refer to, conduct discovery with reference to or offer as

evidence hereafter, such information that may have, in good faith, not been included in response to

these interrogatories hereafter, despite their absence herein.

1.   Defendant objects to any instructions and definitions set forth in the preamble to these

interrogatories to the extent they seek information Defendant is not required to provide under the

applicable Bankruptcy procedural rules or the Federal Rules of Civil Procedure and/or the local rules

of the court in which this matter was filed.

2.   Defendant objects to any instructions and definitions contained in the preamble to these

interrogatories as overly broad, vague, confusing, burdensome and inconsistent with the under the

applicable Bankruptcy procedural rules or the Federal Rules of Civil Procedure and/or the local

rules of the court in which this matter was filed.   Defendant will respond to the interrogatories in

compliance with under the applicable Bankruptcy procedural rules or the Federal Rules of Civil

Procedure and/or the local rules of the court in which this matter was filed and do not intend to be

bound by any arbitrary instructions and definitions as stated in the preamble.

3.   Defendant objects to each and every interrogatory insofar as it seeks information and/or

identification of documents that is protected from disclosure by the attorney-client privilege and/or

the work product doctrine, and/or other applicable privileges or doctrines.   To the extent that

Defendant inadvertently provides information and/or identify a document that may arguably be

protected from disclosure by the attorney-client privilege and/or the work product doctrine, and/or

other applicable privileges or doctrines, such inadvertent production does not constitute a waiver of

any such privilege.

**PLAINTIFF'S FIRST
INTERROGATORIES**
140723dInt    Page 2

THE   RIGBY   LAW
FIRM
600 Stewart Street,
Suite 1908
Seattle, WA 98101
(206) 441-0826

4.  Defendant objects to these interrogatories to the extent that they are overly broad, vague, ambiguous, unduly burdensome, oppressive and/or not reasonably calculated to lead to the discovery of admissible evidence.

5.  Defendant objects to these interrogatories to the extent that they call for a "dress rehearsal" of trial and call for evidence upon which Defendants intend to rely to prove any fact or set of facts. *See Weber v. Biddle,* 72 Wn.2d 22, 29, 431 P.2d 705 (1967).

6.  Defendant object to these interrogatories to the extent that they seek information and/or identification of documents which are already in Defendants' possession, custody, or control, or are by reasons of public filing or otherwise, readily accessible to Defendants.

7.  Defendant objects to these interrogatories to the extent that they seek information and/or identification of documents provided in confidence to Defendant by third parties, which embody material that is private, business confidential, proprietary, and/or a trade secret, and which he has agreed not to disclose or disseminate, on the ground that such information and/or documents are privileged and/or private.

8.  Certain information may be produced in a form which indicates that information has been redacted on the ground that the matter was (a) irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and/or (b) protected by an applicable privilege and/or the work product doctrine.

9.  Nothing herein shall be construed as an admission or waiver by Defendant of Defendant's (a) rights respecting admissibility, competency, relevance, privilege, materiality, and/or authenticity of the information provided in the responses, documents identified in the responses, or the subject matter thereof; (b) objection due to vagueness, ambiguity, or undue burden; and (c) rights to object to the use of information provided in the Responses, documents identified in the Responses or the subject matter contained therein during a subsequent proceeding, including the trial of this or any other action.

Without waiving his objections, and subject to continuing investigation, Defendant responds as follows:

**PLAINTIFF'S FIRST INTERROGATORIES**
140723dInt    Page 3

THE    RIGBY    LAW
FIRM
600  Stewart  Street,
Suite 1908
Seattle, WA 98101
(206) 441-0826

INTERROGATORY 1:

Identify each person who assists in the preparation of the answers to these interrogatories.

ANSWER:

*James P. Ware—Counsel*
*Mark D. Kimball—Counsel*
*Marina Bondarenko—named Defendant*
*Volodimyr Pigida—named Defendant*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

INTERROGATORY 2:

Identify every trustee of defendant Lakeshore Enterprises Trust.

ANSWER:

*Marina Bondarenko*
*Volodimyr Pigida*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

**PLAINTIFF'S FIRST INTERROGATORIES**
140723dInt    Page 4

THE RIGBY LAW FIRM
600 Stewart Street, Suite 1908
Seattle, WA 98101
(206) 441-0826

## INTERROGATORY 3:

Describe your relationship with the debtor.     Specifically, state:

a)    whether or not you have ever been a principal, officer, owner, shareholder or insider of the debtor;

b)    the dates during which you held such relationship;

c)    your duties and responsibilities to the debtor with respect to such relationship; and

d)    your compensation for same.

## ANSWER:

*Former President, CEO, and sole Shareholder.*
*Volodimyr Pigida formed Trend Sound Promoter AMG Corp. and served as its President/CEO until the Trustee transferred this bankruptcy into a Chapter 7.*

*Created the vision of the Trend Sound Promoter AMG Corp.   He performed oversight of all activities except for the payment of taxes.   TSP had a CPA who filed the taxes (federal and state) for TSP.   He oversaw the design and development of the projects for TSP.   He would be involved with any problems with the advertising partner.   His primary responsibility was to ensure the continuation and expansion of TSP.*
*His annual salary was $42,000.00*

*Discovery is ongoing.   Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

**PLAINTIFF'S FIRST**
**INTERROGATORIES**
140723dInt     Page 5

THE   RIGBY   LAW
FIRM
600 Stewart Street,
Suite 1908
Seattle, WA 98101
(206) 441-0826

INTERROGATORY 4:

Describe your relationship to Lakeshore Enterprises Trust.

ANSWER:

*Volodimyr Pigida is a trustee of Lakeshore Enterprises Trust and owns 50 units in the trust.*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

INTERROGATORY 5:

Describe all knowledge you hold regarding the allegation in paragraph 11 of the Complaint to Recover Fraudulent Conveyance, that on or about January 27, 2014, the debtor transferred by wire $1,454,448.11 to Ticor Title Company for the purchase of real property.

ANSWER:

*Trend Sound Promoter AMG, Corp. entered into a distribution agreement with Soundtrack Studio in 2012. The distribution agreement granted TSP the right to license music owned by Soundtrack Studio, LLC for resale. As part of that distribution agreement, TSP was to pay Soundtrack a quarterly licensing fee. The fee was calculated quarterly based upon a certain percentage of revenue TSP generated from the sale of licensing agreements. Additionally, the distribution agreement authorized SoundTrack Studio both to assign the licensing fee to whomever it chose and to delay payment of the quarterly fee if it chose to. The funds that were transferred were licensing fees owed to Soundtrack Studio, LLC from quarterly licensing fees that had accrued during 2013.*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

**PLAINTIFF'S FIRST INTERROGATORIES**
140723dInt     Page 6

THE RIGBY LAW FIRM
600 Stewart Street, Suite 1908
Seattle, WA 98101
(206) 441-0826

Declaration of James Rigby-- Page 22

1
2
3
4
5
6
INTERROGATORY 6:
7
Identify each person who has knowledge concerning such transfer and the scope of their
8
knowledge.
9
ANSWER:
10

11
*Volodimyr Pigida—Has knowledge regarding the amount that TSP owed SoundTrack Studios in*
*Licensing fees.*
12

13
*Marina Bondarenko—Has general knowledge of the contractual relationship between TSP and*
*SoundTrack Studios, LLC and the reason for the transfer of the funds.*
14

*Vated Duane—Bank of America Employee that facilitated in the wire transfer.*
15

16
*Agents at Ticor Title Company—Ticor handled the escrow.*

17
*Discovery is ongoing.   Defendant reserves the right to supplement the answer to this*
*Interrogatory if new information becomes available.*
18
19
20
21
22
23
24
25

**PLAINTIFF'S FIRST**
**INTERROGATORIES**
140723dInt    Page 7

THE   RIGBY   LAW
FIRM
600  Stewart  Street,
Suite 1908
Seattle, WA 98101
(206) 441-0826

INTERROGATORY 7:

Describe your knowledge concerning paragraph 12 of the Complaint to Recover Fraudulent Conveyance regarding the purchase of real property, and identify all persons who have knowledge concerning that transaction.

ANSWER:

*I served as co-trustee in the purchase of the subject property by Lakeshore Enterprises Trust. I also selected the property because it could serve as a recording studio and a residence. Furthermore, I had the funds transferred to Lakeshore as the assignee from Soundtrack Studio, LLC.*

*Persons with knowledge*
*Volodimyr Pigida*
*Marina Bondarenko*
*Valentin Gaifouline—realtor*
*Agent at Ticor Title*
*Agent at Escrow Services, Inc.*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

INTERROGATORY 8:

Identify the source of funds used to purchase the real property described in paragraph 12 of the Complaint to Recover Fraudulent Conveyance.

ANSWER:

*On or about January 20, 2014, SoundTrack Studio, LLC assigned $1,454,448.11 of licensing fees owed to Ticor Title. The purpose of the assignment was to purchase the subject property. The subject property is used as a studio, office, and residence. Soundtrack Studio, LLC uses the*

**PLAINTIFF'S FIRST**
**INTERROGATORIES**
140723dInt    Page 8

THE RIGBY LAW
FIRM
600 Stewart Street,
Suite 1908
Seattle, WA 98101
(206) 441-0826

lower half of the property as an office/recording studio. The upper portion is used as a personal residence by Volodimyr Pigida. This arrangement was agreed to by Pigida and Soundtrack Studio, LLC. Because Soundtrack Studios had delayed payment of some of its licensing fees that had accrued in 2013, the amount assigned to Ticor Title was due and owing at the time of the assignment.

Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.

INTERROGATORY 9:

Describe the reason for the transfer of funds from the debtor to Ticor Title Company as set forth in paragraph 11 of the Complaint to Recover Fraudulent Conveyance.

ANSWER:

First, the funds were due and owing to Soundtrack Studio, LLC. Therefore, it had the absolute right to assign the funds to Ticor Title per the terms of the distribution agreement. Second, Soundtrack Studio, LLC and Volodimyr Pigida agreed to have the funds transferred in order for Lakeshore Enterprises Trust to purchase the property.

Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.

INTERROGATORY 10:

Describe the consideration received by the debtor for the transfer described in paragraph 11 of the Complaint to Recover Fraudulent Conveyance.

ANSWER:

Soundtrack Studio licensed music to Trend Sound Promoter AMG, Corp. In exchange, Soundtrack Studio was to receive quarterly licensing fees that were based upon the revenue generated by Trend Sound Promoters AMG, Corp.'s relicensing of Soundtrack Studio, LLC's music.

**PLAINTIFF'S FIRST
INTERROGATORIES**
140723dInt     Page 9

THE RIGBY LAW
FIRM
600 Stewart Street,
Suite 1908
Seattle, WA 98101
(206) 441-0826

1

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

### INTERROGATORY 11:

Describe all knowledge you have regarding the debtor's solvency or insolvency on January 27, 2014, and identify every person who has any knowledge regarding the debtor's solvency or insolvency on that date.

### ANSWER:

*On January 27, 2014 Trend Sound Promoter had 2,447,566.18 in its bank accounts. This closing balance was the balance after TSP paid SoundTrack Studio, LLC a portion of the licensing fees that were owed. TSP's monthly revenue around this time was well in excess of $2,500,000.00. In January 2014 revenue was over $6,000,000.00.*

*The parties who would have knowledge of Trend Sound Promoter AMG, Corp.'s solvency as of January 27, 2014 are the following:*
*Volodymyr Pigida*
*Vladimir Raskin, CPA*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

DATED this 25th day of July, 2014.

THE RIGBY LAW FIRM

/S/ James Rigby

James Rigby, WSBA #9658
Of Attorneys for Plaintiff/Trustee

**PLAINTIFF'S FIRST
INTERROGATORIES**
140723dInt     Page 10

THE  RIGBY  LAW
FIRM
600  Stewart  Street,
Suite 1908
Seattle, WA 98101
(206) 441-0826

1

## STATEMENT UNDER PENALTY OF PERJURY

2

3        The undersigned certifies under the penalty of perjury that he is the defendant, that he has

read the foregoing, knows the contents thereof, and believes the same to be true.

4        DATED this 25th day of August, 2014.

5

6

7        Volodimyr Pigida

8

9        The undersigned has read the foregoing responses and objections to discovery requests

10       and certifies they are in compliance with Rule 26(g), Fed. R. Civ. P. and Bankruptcy Rule 7026.
         DATED this 25th day of August, 2014..

11                        26th

12                        MDK LAW

13

14       Mark D. Kimball, WSBA #13146
         James P. Ware, WSBA #36799
         Of Attorneys for Defendants

15

16

17

18

19

20

21

22

23

24

25

**PLAINTIFF'S FIRST
INTERROGATORIES**
140723dInt     Page 11

THE     RIGBY
LAW FIRM
600        Stewart
Street,      Suite
1908
Seattle,      WA
98101

Declaration of James Rigby-- Page 27

Case 14-01248-MLB     Doc 43-1     Filed 04/30/15     Ent. 04/30/15 10:20:38     Pg. 25 of 75

# RESERVED

# RESERVED

# EXHIBIT "D"

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re:<br><br>TREND SOUND PROMOTER AMG CORP.,<br><br>    Debtor(s). | ) Chapter 7<br>) Bankruptcy No. 14-13193<br>)<br>)<br>)<br>)<br>) |
| BANKRUPTCY ESTATE OF TREND<br>SOUND PROMOTER AMG CORP.,<br>by and through Nancy James, Bankruptcy<br>Trustee,<br><br>    Plaintiff,<br><br>    v.<br><br>VOLODIMYR PIGIDA and JANE DOE<br>PIGIDA, husband and wife, and the marital<br>community comprised thereof, individually<br>and as trustee of the Lakeshore Enterprises<br>Trust; and MARINA BONDARENKO and<br>JOHN DOE BONDARENKO, wife and<br>husband, and the marital community<br>comprised thereof, individually and as trustee<br>of the Lakeshore Enterprises Trust,<br><br>    Defendants. | ) Adversary No. 14-01248<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) PLAINTIFF'S FIRST<br>) INTERROGATORIES<br>) *WITH ANSWERS AND*<br>) *OBJECTIONS THERETO*<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

TO:    Nancy James on behalf of Bankruptcy Estate of Trend Sound Promoter AMG, Corp.

AND TO:    James Rigby, her attorney.

      Defendant states the following general objections to Plaintiff's First Set of Interrogatories. Any answers by Defendant to these First Set of Interrogatories are made subject to and without waiving any of the following general objections, which are incorporated into each and every answer and response.

      In this matter, Defendant's investigation and discovery are continuing. As investigation and discovery proceed, witnesses, facts, documents, and other evidence may be disclosed or

learned that are not set forth hereinafter, but which may have been responsive to a First Set of Interrogatories propounded by Plaintiff if known at the time thereof. Facts and other evidence, although known, may be imperfectly understood and, accordingly, information may, in good faith, not be included in the following responses (the "Responses," and each individually, a "Response"). Defendant reserves the right to supplement and amend its responses to these interrogatories.

Defendant reserves the right to refer to, conduct discovery with reference to or offer as evidence hereafter, such information that may have, in good faith, not been included in response to these interrogatories hereafter, despite their absence herein.

1. Defendant objects to any instructions and definitions set forth in the preamble to these interrogatories to the extent they seek information Defendant is not required to provide under the applicable Bankruptcy procedural rules or the Federal Rules of Civil Procedure and/or the local rules of the court in which this matter was filed.

2. Defendant objects to any instructions and definitions contained in the preamble to these interrogatories as overly broad, vague, confusing, burdensome and inconsistent with the under the applicable Bankruptcy procedural rules or the Federal Rules of Civil Procedure and/or the local rules of the court in which this matter was filed. Defendant will respond to the interrogatories in compliance with under the applicable Bankruptcy procedural rules or the Federal Rules of Civil Procedure and/or the local rules of the court in which this matter was filed and do not intend to be bound by any arbitrary instructions and definitions as stated in the preamble.

3. Defendant objects to each and every interrogatory insofar as it seeks information and/or identification of documents that is protected from disclosure by the attorney-client privilege and/or the work product doctrine, and/or other applicable privileges or doctrines. To the extent that Defendant inadvertently provides information and/or identify a document that may arguably be protected from disclosure by the attorney-client privilege and/or the work product doctrine, and/or other applicable privileges or doctrines, such inadvertent production does not constitute a waiver of any such privilege.

**PLAINTIFF'S FIRST**
**INTERROGATORIES**
140725gInt    Page 2

THE RIGBY LAW FIRM
600 Stewart Street,
Suite 1908
Seattle, WA 98101
(206) 441-0826

4. Defendant objects to these interrogatories to the extent that they are overly broad, vague, ambiguous, unduly burdensome, oppressive and/or not reasonably calculated to lead to the discovery of admissible evidence.

5. Defendant objects to these interrogatories to the extent that they call for a "dress rehearsal" of trial and call for evidence upon which Defendants intend to rely to prove any fact or set of facts. *See Weber v. Biddle,* 72 Wn.2d 22, 29, 431 P.2d 705 (1967).

6. Defendant object to these interrogatories to the extent that they seek information and/or identification of documents which are already in Defendants' possession, custody, or control, or are by reasons of public filing or otherwise, readily accessible to Defendants.

7. Defendant objects to these interrogatories to the extent that they seek information and/or identification of documents provided in confidence to Defendant by third parties, which embody material that is private, business confidential, proprietary, and/or a trade secret, and which he has agreed not to disclose or disseminate, on the ground that such information and/or documents are privileged and/or private.

8. Certain information may be produced in a form which indicates that information has been redacted on the ground that the matter was (a) irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and/or (b) protected by an applicable privilege and/or the work product doctrine.

9. Nothing herein shall be construed as an admission or waiver by Defendant of Defendant's (a) rights respecting admissibility, competency, relevance, privilege, materiality, and/or authenticity of the information provided in the responses, documents identified in the responses, or the subject matter thereof; (b) objection due to vagueness, ambiguity, or undue burden; and (c) rights to object to the use of information provided in the Responses, documents identified in the Responses or the subject matter contained therein during a subsequent proceeding, including the trial of this or any other action.

Without waiving his objections, and subject to continuing investigation, Defendant responds as follows:

**PLAINTIFF'S FIRST
INTERROGATORIES**
140725gInt    Page 3

Declaration of James Rigby-- Page 33

THE RIGBY LAW
FIRM
600 Stewart Street,
Suite 1908
Seattle, WA 98101
(206) 441-0826

Case 14-01248-MLB    Doc 43-1    Filed 04/30/15    Ent. 04/30/15 10:20:38    Pg. 31 of 75

INTERROGATORY 1:

Identify each person who assists in the preparation of the answers to these interrogatories.

ANSWER:

*James P. Ware—Counsel*
*Mark D. Kimball—Counsel*
*Marina Bondarenko—named Defendant*
*Volodymyr Pigida—named Defendant*

*Discovery is ongoing.   Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

INTERROGATORY 2:

Identify every trustee of defendant Lakeshore Enterprises Trust.

ANSWER:

*Volodymyr Pigida*
*Marina Bondarenko*

*Discovery is ongoing.   Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

**PLAINTIFF'S FIRST**
**INTERROGATORIES**
140725gInt     Page 4

**THE   RIGBY   LAW FIRM**
600 Stewart Street, Suite 1908
Seattle, WA 98101
(206) 441-0826

INTERROGATORY 3:

Describe your relationship with the debtor.     Specifically, state:

a)     whether or not you have ever been a principal, officer, owner, shareholder or insider of the debtor;

b)     the dates during which you held such relationship;

c)     your duties and responsibilities to the debtor with respect to such relationship; and

d)     your compensation for same.

ANSWER:

*From July 16, 2013 through March 2014, Marina Bondarenko held the title of Vice President.  As Vice President, Ms. Bondarenko's duties were to assist Volodimyr Pigida in meetings by translating for him and worked to secure advertising partners and met with influential people in the entertainment industry in hopes of securing access to a larger catalog of music.  Ms. Bondarenko assisted in coordinating the work load for the all projects TPS was developing at the time between developers, contractors, marketing department and Mr. Pigida, as well as, assisted in hiring additional help to maximize speed and quality of project development such as AVO AdMarket and AdMarket List, TS Music Catalog, IECC, MyeTrend, tVitlas, MyWuze Services, etc., to increase revenue growth for TSP.*

*Ms. Bondarenko also helped Mr. Pigida with the day to day operations of Trend Sound Promoter AMG, Corp.  However, did not have the authority to act without Mr. Pigida's authorization.*

*Annual Salary:  $37,500.00*

*Discovery is ongoing.  Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

**PLAINTIFF'S FIRST**
**INTERROGATORIES**
140725gInt     Page 5

THE   RIGBY   LAW
FIRM
600  Stewart  Street,
Suite 1908
Seattle, WA 98101
(206) 441-0826

INTERROGATORY 4:

Describe your relationship to Lakeshore Enterprises Trust.

ANSWER:

*I am a co-trustee and own 50 units in the trust.*

*Discovery is ongoing.   Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

**PLAINTIFF'S FIRST INTERROGATORIES**
140725gInt     Page 6

THE   RIGBY   LAW
FIRM
600 Stewart Street,
Suite 1908
Seattle, WA 98101
(206) 441-0826

Declaration of James Rigby-- Page 36

Case 14-01248-MLB    Doc 43-1    Filed 04/30/15    Ent. 04/30/15 10:20:38    Pg. 34 of 75

INTERROGATORY 5:

Describe all knowledge you hold regarding the allegation in paragraph 11 of the Complaint to Recover Fraudulent Conveyance, that on or about January 27, 2014, the debtor transferred by wire $1,454,448.11 to Ticor Title Company for the purchase of real property.

ANSWER:

*Trend Sound Promoter AMG, Corp. entered into a distribution agreement with Soundtrack Studio in 2012. The distribution agreement granted TSP the right to license music owned by Soundtrack Studio, LLC for resale. As part of that distribution agreement, TSP was to pay Soundtrack a quarterly licensing fee. The fee was calculated quarterly based upon a certain percentage of revenue TSP generated from the sale of licensing agreements. Additionally, the distribution agreement authorized SoundTrack Studios both to assign the license fee to whomever it chose and to delay payment of the quarterly fee if it chose to. The funds that were transferred were licensing fees owed to Soundtrack Studio, LLC from quarterly licensing fees that had accrued during 2013.*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

INTERROGATORY 6:

Identify each person who has knowledge concerning such transfer and the scope of their knowledge.

ANSWER:

**PLAINTIFF'S FIRST
INTERROGATORIES**
140725gInt   Page 7

THE RIGBY LAW
FIRM
600 Stewart Street,
Suite 1908
Seattle, WA 98101
(206) 441-0826

1  *Volodymyr Pigida—Has knowledge regarding the amount that TSP owed SoundTrack Studios in*
2  *Licensing fees.*

3  *Marina Bondarenko—Has general knowledge of the contractual relationship between TSP and*
   *SoundTrack Studios, LLC and the reason for the transfer of the funds.*
4

5  *Vated Duane—Bank of America Employee that facilitated in the wire transfer.*

6  *Agents at Ticor Title Company—Ticor handled the escrow.*

7  *Discovery is ongoing.   Defendant reserves the right to supplement the answer to this*
   *Interrogatory if new information becomes available.*
8

9

10        INTERROGATORY 7:

11        Describe your knowledge concerning paragraph 12 of the Complaint to Recover

12 Fraudulent Conveyance regarding the purchase of real property, and identify all persons who

13 have knowledge concerning that transaction.

14        ANSWER:

15

16

17 *I served as co-trustee in the purchase of the subject property by Lakeshore Enterprises Trust.*
   *Volodymyr Pigida selected the property.   He told me that he selected the property because it*
18 *could serve as a recording studio and a residence.   Furthermore, Volodymyr Pigida told me*
   *that he had the funds transferred to Lakeshore as the assignee from Soundtrack Studio, LLC.*
19

20 *Persons with knowledge*
   *Volodymyr Pigida*
21 *Marina Bondarenko*
   *Valentin Gaifouline—realtor*
22 *Agent at Ticor Title*
   *Agent at Escrow Services, Inc.*
23

24 *Discovery is ongoing.   Defendant reserves the right to supplement the answer to this*
   *Interrogatory if new information becomes available.*
25

**PLAINTIFF'S FIRST**
**INTERROGATORIES**
140725gInt     Page 8

THE  RIGBY  LAW
FIRM
600 Stewart Street,
Suite 1908
Seattle, WA 98101
(206) 441-0826

INTERROGATORY 8:

Identify the source of funds used to purchase the real property described in paragraph 12 of the Complaint to Recover Fraudulent Conveyance.

ANSWER:

*On or about January 20, 2014, Soundtrack Studio, LLC assigned $1,454,448.11 of licensing fees owed to Ticor Title. The purpose of the assignment was to purchase the subject property. The subject property is used as a studio, office, and residence. Soundtrack Studio, LLC uses the lower half of the residence as an office/recording studio. The upper portion is used as a personal residence by Volodimyr Pigida. This arrangement is agreed to by Pigida and Soundtrack Studio, LLC. Because Soundtrack Studio had delayed payment of some of its licensing fees that had accrued in 2013, the amount assigned to Ticor Title was due and owing at the time of the assignment.*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

INTERROGATORY 9:

Describe the reason for the transfer of funds from the debtor to Ticor Title Company as set forth in paragraph 11 of the Complaint to Recover Fraudulent Conveyance.

ANSWER:

*First, the funds were due and owing to Soundtrack Studio, LLC. Therefore, it had the absolute right to assign the funds to Ticor Title per the terms of the distribution agreement. Second, Soundtrack Studio, LLC and Volodimyr Pigida agreed to have the funds transferred in order for Lakeshore Enterprises Trust to purchase the property.*

**PLAINTIFF'S FIRST
INTERROGATORIES**
140725gInt    Page 9

THE RIGBY LAW FIRM
600 Stewart Street, Suite 1908
Seattle, WA 98101
(206) 441-0826

1   *Discovery is ongoing.    Defendant reserves the right to supplement the answer to this*
    *Interrogatory if new information becomes available.*
2

3

4

5
    The reason that the funds were transferred was because the funds were licensing fees due and
6
    owing to Sound Track Studio and were assigned by Sound Track Studio to Volodimyr Pigida.
7

8

9

10

11

12
            INTERROGATORY 10:
13
            Describe the consideration received by the debtor for the transfer described in paragraph
14
    11 of the Complaint to Recover Fraudulent Conveyance.
15
            ANSWER:
16

17

18  *Soundtrack Studio licensed music to Trend Sound Promoter AMG, Corp.    In exchange,*
    *Soundtrack Studio was to receive quarterly licensing fees that were based upon the revenue*
19  *generated by Trend Sound Promoters AMG, Corp.'s relicensing of Soundtrack Studio, LLC's*
    *music.*
20
21  *Discovery is ongoing.    Defendant reserves the right to supplement the answer to this*
    *Interrogatory if new information becomes available.*
22

23

24

25

**PLAINTIFF'S FIRST**
**INTERROGATORIES**
140725gInt    Page 10

THE   RIGBY   LAW
FIRM
600 Stewart Street,
Suite 1908
Seattle, WA 98101
(206) 441-0826

Declaration of James Rigby-- Page 40

Case 14-01248-MLB    Doc 43-1    Filed 04/30/15    Ent. 04/30/15 10:20:38    Pg. 38 of 75

INTERROGATORY 11:

Describe all knowledge you have regarding the debtor's solvency or insolvency on January 27, 2014, and identify every person who has any knowledge regarding the debtor's solvency or insolvency on that date.

ANSWER:

*At the time of the transfer of funds in January, 2014, I had no knowledge of the company's finances as it was not my responsibility.   However, since this litigation was initiated, I have learned the following information:*

*On January 27, 2014 Trend Sound Promoter had 2,447,566.18 in its bank accounts.   This closing balance was the balance after TSP paid Soundtrack Studio, LLC a portion of the licensing fees that were owed.   TSP's monthly revenue around this time was in excess of $2,500,000.00.*

*The parties who would have knowledge of Trend Sound Promoter AMG, Corp.'s solvency as of January 27, 2014 are the following:*
*Volodimyr Pigida*
*Vladimir Raskin, CPA*

*Discovery is ongoing.   Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

DATED this 25th day of July, 2014.

THE RIGBY LAW FIRM

/S/ James Rigby

**PLAINTIFF'S FIRST**
**INTERROGATORIES**
140725gInt    Page 11

THE   RIGBY   LAW
FIRM
600 Stewart Street,
Suite 1908
Seattle, WA 98101
(206) 441-0826

1       James Rigby, WSBA #9658
             Of Attorneys for Plaintiff/Trustee

2

3            **STATEMENT UNDER PENALTY OF PERJURY**

4         The undersigned certifies under the penalty of perjury that she is the defendant, that she

5 has read the foregoing, knows the contents thereof, and believes the same to be true.

6         DATED this 25th day of August, 2014.

7

8                      _____

9                      Marina Bondarenko

10

11         The undersigned has read the foregoing responses and objections to discovery requests

12 and certifies they are in compliance with Rule 26(g), Fed. R. Civ. P. and Bankruptcy Rule 7026.
        DATED this 26th day of August, 2014..

13                      MDK LAW

14

15                      Mark D. Kimball, WSBA #13146

16                      James P. Ware, WSBA #36799
                     Of Attorneys for Defendants

17

18

19

20

21

22

23

24

25

PLAINTIFF'S FIRST
INTERROGATORIES
140725gInt    Page 12

THE    RIGBY
LAW FIRM
600     Stewart
Street,    Suite
1908
Seattle,     WA
98101

Declaration of James Rigby-- Page 42

Case 14-01248-MLB    Doc 43-1    Filed 04/30/15    Ent. 04/30/15 10:20:38    Pg. 40 of 75

1                 James Rigby, WSBA #9658
                Of Attorneys for Plaintiff/Trustee

2

3           **STATEMENT UNDER PENALTY OF PERJURY**

4

5      The undersigned certifies under the penalty of perjury that she is the defendant, that she

has read the foregoing, knows the contents thereof, and believes the same to be true.

6      DATED this 25th day of August, 2014.

7

8                _____

9                Marina Bondarenko

10

11      The undersigned has read the foregoing responses and objections to discovery requests

and certifies they are in compliance with Rule 26(g), Fed. R. Civ. P. and Bankruptcy Rule 7026.

12      DATED this 25th day of August, 2014..

13                MDK LAW

14

15                _____
               Mark D. Kimball, WSBA #13146

16                James P. Ware, WSBA #36799
               Of Attorneys for Defendants

17

18

19

20

21

22

23

24

25

**PLAINTIFF'S FIRST**
**INTERROGATORIES**
140725gInt    Page 12

**THE    RIGBY**
**LAW FIRM**
600    Stewart
Street,    Suite
1908
Seattle,    WA

# EXHIBIT "E"

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Bankruptcy No. 14-13193 |
| TREND SOUND PROMOTER AMG CORP., | ) | |
| | ) | |
| Debtor(s). | ) | |
| | ) | |
| | ) | |
| BANKRUPTCY ESTATE OF TREND | ) | Adversary No.   14-01248 |
| SOUND PROMOTER AMG CORP., | ) | |
| by and through Nancy James, Bankruptcy | ) | |
| Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| VOLODIMYR PIGIDA and JANE DOE | ) | |
| PIGIDA, husband and wife, and the marital | ) | PLAINTIFF'S FIRST |
| community comprised thereof, individually | ) | INTERROGATORIES |
| and as trustee of the Lakeshore Enterprises | ) | *WITH ANSWERS AND* |
| Trust; and MARINA BONDARENKO and | ) | *OBJECTIONS THERETO* |
| JOHN DOE BONDARENKO, wife and | ) | |
| husband, and the marital community | ) | |
| comprised thereof, individually and as trustee | ) | |
| of the Lakeshore Enterprises Trust, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

TO:     Nancy James on behalf of Bankruptcy Estate of Trend Sound Promoter AMG, Corp.

AND TO:     James Rigby, her attorney.

Defendant states the following general objections to Plaintiff's First Set of Interrogatories. Any answers by Defendant to these First Set of Interrogatories are made subject to and without waiving any of the following general objections, which are incorporated into each and every answer and response.

In this matter, Defendant's investigation and discovery are continuing.   As investigation and discovery proceed, witnesses, facts, documents, and other evidence may be disclosed or

learned that are not set forth hereinafter, but which may have been responsive to a First Set of

Interrogatories propounded by Plaintiff if known at the time thereof.   Facts and other evidence,

although known, may be imperfectly understood and, accordingly, information may, in good faith,

not be included in the following responses (the "Responses," and each individually, a "Response").

Defendant reserves the right to supplement and amend its responses to these interrogatories.

Defendant reserves the right to refer to, conduct discovery with reference to or offer as

evidence hereafter, such information that may have, in good faith, not been included in response to

these interrogatories hereafter, despite their absence herein.

1.   Defendant objects to any instructions and definitions set forth in the preamble to these

interrogatories to the extent they seek information Defendant is not required to provide under the

applicable Bankruptcy procedural rules or the Federal Rules of Civil Procedure and/or the local rules

of the court in which this matter was filed.

2.   Defendant objects to any instructions and definitions contained in the preamble to these

interrogatories as overly broad, vague, confusing, burdensome and inconsistent with the under the

applicable Bankruptcy procedural rules or the Federal Rules of Civil Procedure and/or the local

rules of the court in which this matter was filed.   Defendant will respond to the interrogatories in

compliance with under the applicable Bankruptcy procedural rules or the Federal Rules of Civil

Procedure and/or the local rules of the court in which this matter was filed and do not intend to be

bound by any arbitrary instructions and definitions as stated in the preamble.

3.   Defendant objects to each and every interrogatory insofar as it seeks information and/or

identification of documents that is protected from disclosure by the attorney-client privilege and/or

the work product doctrine, and/or other applicable privileges or doctrines.   To the extent that

Defendant inadvertently provides information and/or identify a document that may arguably be

protected from disclosure by the attorney-client privilege and/or the work product doctrine, and/or

other applicable privileges or doctrines, such inadvertent production does not constitute a waiver of

any such privilege.

**PLAINTIFF'S FIRST**
**INTERROGATORIES**
140723gInt     Page 2

THE   RIGBY   LAW
FIRM
600 Stewart Street,
Suite 1908
Seattle, WA 98101
(206) 441-0826

4. Defendant objects to these interrogatories to the extent that they are overly broad, vague, ambiguous, unduly burdensome, oppressive and/or not reasonably calculated to lead to the discovery of admissible evidence.

5. Defendant objects to these interrogatories to the extent that they call for a "dress rehearsal" of trial and call for evidence upon which Defendants intend to rely to prove any fact or set of facts. *See Weber v. Biddle,* 72 Wn.2d 22, 29, 431 P.2d 705 (1967).

6. Defendant object to these interrogatories to the extent that they seek information and/or identification of documents which are already in Defendants' possession, custody, or control, or are by reasons of public filing or otherwise, readily accessible to Defendants.

7. Defendant objects to these interrogatories to the extent that they seek information and/or identification of documents provided in confidence to Defendant by third parties, which embody material that is private, business confidential, proprietary, and/or a trade secret, and which he has agreed not to disclose or disseminate, on the ground that such information and/or documents are privileged and/or private.

8. Certain information may be produced in a form which indicates that information has been redacted on the ground that the matter was (a) irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and/or (b) protected by an applicable privilege and/or the work product doctrine.

9. Nothing herein shall be construed as an admission or waiver by Defendant of Defendant's (a) rights respecting admissibility, competency, relevance, privilege, materiality, and/or authenticity of the information provided in the responses, documents identified in the responses, or the subject matter thereof; (b) objection due to vagueness, ambiguity, or undue burden; and (c) rights to object to the use of information provided in the Responses, documents identified in the Responses or the subject matter contained therein during a subsequent proceeding, including the trial of this or any other action.

Without waiving his objections, and subject to continuing investigation, Defendant responds as follows:

**PLAINTIFF'S FIRST INTERROGATORIES**
140723gInt    Page 3

THE RIGBY LAW FIRM
600 Stewart Street,
Suite 1908
Seattle, WA 98101
(206) 441-0826

1

<u>INTERROGATORY 1</u>:

2

Describe your relationship to Lakeshore Enterprises Trust.

3

<u>ANSWER</u>:

4

5

*I am one of the two trustees and own 50 units in the trust.*

6

7     *Discovery is ongoing.    Defendant reserves the right to supplement the answer to this*
      *Interrogatory if new information becomes available.*
8

9

10

11

<u>INTERROGATORY 2</u>:

12

Identify every trustee of Lakeshore Enterprises Trust.

13

<u>ANSWER</u>:

14

15

16    *Volodimyr Pigida*

17    *Marina Bondarenko*

18

*Discovery is ongoing.    Defendant reserves the right to supplement the answer to this*

19    *Interrogatory if new information becomes available.*

20

21

22

23

24

25

**PLAINTIFF'S FIRST**
**INTERROGATORIES**
140723gInt    Page 4

THE RIGBY LAW
FIRM
600 Stewart Street,
Suite 1908
Seattle, WA 98101
(206) 441-0826

INTERROGATORY 3:

Identify each document relating to the formation, governance and operation of Lakeshore Enterprises Trust.

ANSWER:

*1. Contract and Declaration of Trust for the formation of Lakeshore Enterprises Trust*
*2. All associated minutes and declarations.*
*3. Joint Property Purchase and Use Agreement between Volodimyr Pigida and Soundtrack Studio, LLC.*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

INTERROGATORY 4:

Describe Lakeshore Enterprises Trust's involvement in the transfer described in paragraph 11 of the Complaint to Recover Fraudulent Conveyance.

ANSWER:

*As noted above, Soundtrack Studio, LLC was entitled to receive quarterly licensing fees from Trend Sound Promoter AMG, Corp. pursuant to the distribution agreement the parties entered into. Soundtrack Studio assigned a portion of its fees to Ticor Trust in order to purchase the subject proeprty. Volodimyr Pigida arranged for the transfer of funds (which again were the licensing fees that accumulated throughout 2013) per Ticor Title Company's instructions.*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

**PLAINTIFF'S FIRST
INTERROGATORIES**
140723gInt    Page 5

THE  RIGBY  LAW
FIRM
600 Stewart Street,
Suite 1908
Seattle, WA 98101
(206) 441-0826

INTERROGATORY 5:

Describe Lakeshore Enterprises Trust's involvement in the purchase of the real estate described in paragraph 12 of the Complaint to Recover Fraudulent Conveyance.

ANSWER:

*As noted above, Soundtrack Studio, LLC was entitled to receive quarterly licensing fees from Trend Sound Promoter AMG, Corp. pursuant to the licensing agreement the parties entered into. Soundtrack Studio assigned some of its fees for 2013 to Ticor Trust so that Lakeshore Enterprises Trust could purchase the subject property. Volodimyr Pigida arranged for the transfer of funds (which again where the licensing fees that accumulated throughout 2013) per Ticor Title Company's instructions.*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

INTERROGATORY 6:

Describe the consideration transferred by Lakeshore Enterprises Trust or any beneficiary thereof to Trend Sound Promoter AMG Corp. in exchange for the transfer of funds referenced in paragraph 11 of the Complaint to Recover Fraudulent Conveyance.

ANSWER:

*As noted previously, Soundtrack Studio, LLC entered into a distribution agreement with Trend Sound Promoter AMG, Corp. whereby TSP had the right to relicense music owned by Soundtrack Studio, LLC. Pursuant to the terms of the parties' agreement, Soundtrack was to receive quarterly licensing fees from TSP. Therefore, the consideration was given by Soundtrack Studio, LLC to TSP. Additionally, pursuant to the terms of the agreement Soundtrack Studio could delay payment of the quarterly licensing fees and assign the right to receive the quarterly licensing fees to a third party. Here, payment of some of 2013 licensing*

**PLAINTIFF'S FIRST INTERROGATORIES**
140723gInt    Page 6

THE RIGBY LAW FIRM
600 Stewart Street,
Suite 1908
Seattle, WA 98101
(206) 441-0826

*fees were delayed by Soundtrack Studio and assigned to Ticor Title.   Accordingly, the transfer was for the use of Soundtrack Studio's catalog for the year 2013.*

*Discovery is ongoing.   Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

INTERROGATORY 7:

Describe why Lakeshore Enterprises Trust engaged in the purchase described in paragraph 12 of the Complaint to Recover Fraudulent Conveyance.

ANSWER:

*When the property was purchased, the parties agreed that Lakeshore Enterprises Trust would purchase the property in order to allow Soundtrack Studio, LLC to use the ground floor of the property as an office/recording studio with the upper portion of the property used as a residence by Volodimyr Pigida.   Soundtrack Studio and Pigida had decided in June of 2013 that the rental costs associated with renting a recording studio for Soundtrack to use were too high.   By entering into the agreement to have a property that can be used both as a recording studio and a residence, Pigida and Soundtrack Studio, LLC anticipated that their overall costs, i.e. costs of renting a residence and a recording studio, would decrease.   Lakeshore Enterprises Trust was merely the vehicle through which the property was purchased.*

*Discovery is ongoing.   Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

INTERROGATORY 8:

Identify each document relating to the complaint herein, particularly paragraphs 11 and 12 of the Complaint to Recover Fraudulent Conveyance and the answer thereto.

ANSWER:

*1.   Distribution Agreement between Soundtrack Studio, LLC and Trend Sound Promoters AMG, Corp.*

*2.   Assignments of the licensing fees for 2013 between Soundtrack Studios, LLC and Lakeshore Enterprises.   Invoice from Soundtrack Studio, LLC.*

**PLAINTIFF'S FIRST INTERROGATORIES**
140723gInt    Page 7

THE   RIGBY   LAW FIRM
600  Stewart  Street,
Suite 1908
Seattle, WA 98101

1    *3. Escrow documents for the purchase of the subject Property.*

2    *4. The PSA for the purchase of the subject property.*

3    *5. Documentation evidencing the wire transfer of the funds from the Bank of America Account.*

4
     *Discovery is ongoing.   Defendant reserves the right to supplement the answer to this*
5    *Interrogatory if new information becomes available.*

6

7            INTERROGATORY 9:

8            Identify each person who has knowledge of Lakeshore Enterprises Trust's formation,

9    governance or operations.

10           ANSWER:

11
     *Volodimyr Pigida*
12   *Marina Bondarenko*
     *Carol Werelius*
13   *Jay Werelius*

14
     *Discovery is ongoing.   Defendant reserves the right to supplement the answer to this*
15   *Interrogatory if new information becomes available.*

16
             DATED this 25^(th) day of July, 2014.
17
                                             THE RIGBY LAW FIRM
18

19                                              /S/ *James Rigby*

20                                           James Rigby, WSBA #9658
                                             Of Attorneys for Plaintiff/Trustee
21

22

23

24

25

**PLAINTIFF'S FIRST**                        THE  RIGBY  LAW
**INTERROGATORIES**                          FIRM
140723gInt    Page 8                         600 Stewart Street,
                                             Suite 1908
                                             Seattle, WA 98101
                                             (206) 441-0826

1

## STATEMENT UNDER PENALTY OF PERJURY

2

The undersigned certifies under the penalty of perjury that he is the defendant, a trustee

3

of Lakeshore Enterprises Trust, that he has read the foregoing, knows the contents thereof, and

4

believes the same to be true.

5

DATED this 25th day of August 2014.

6

7

8

_____
Volodimyr Pigida

9

The undersigned has read the foregoing responses and objections to discovery requests

10

and certifies they are in compliance with Rule 26(g), Fed. R. Civ. P. and Bankruptcy Rule 7026.

11

DATED this 25th day of August 2014.
26th

12

MDK LAW

13

14

15

_____
Mark D. Kimball, WSBA #13146
James P. Ware, WSBA #36799
Of Attorneys for Defendants

16

17

18

19

20

21

22

23

24

25

PLAINTIFF'S FIRST
INTERROGATORIES
140723gInt    Page 9

THE    RIGBY
LAW FIRM
600    Stewart
Street,    Suite
1908
Seattle,    WA
98101

# EXHIBIT "F"

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re:<br><br>TREND SOUND PROMOTER AMG CORP.,<br><br>    Debtor(s). | Chapter 7<br>Bankruptcy No. 14-13193 |
| BANKRUPTCY ESTATE OF TREND<br>SOUND PROMOTER AMG CORP.,<br>by and through Nancy James, Bankruptcy<br>Trustee,<br><br>    Plaintiff,<br><br>     v.<br><br>VOLODIMYR PIGIDA and JANE DOE<br>PIGIDA, husband and wife, and the marital<br>community comprised thereof, individually<br>and as trustee of the Lakeshore Enterprises<br>Trust; and MARINA BONDARENKO and<br>JOHN DOE BONDARENKO, wife and<br>husband, and the marital community<br>comprised thereof, individually and as trustee<br>of the Lakeshore Enterprises Trust,<br><br>    Defendants. | Adversary No.   14-01248<br><br><br><br><br><br><br>PLAINTIFF'S FIRST<br>INTERROGATORIES<br>*WITH ANSWERS AND*<br>  *OBJECTIONS THERETO* |

TO:   Nancy James on behalf of Bankruptcy Estate of Trend Sound Promoter AMG, Corp.

AND TO:   James Rigby, her attorney.

      Defendant states the following general objections to Plaintiff's First Set of Interrogatories. Any answers by Defendant to these First Set of Interrogatories are made subject to and without waiving any of the following general objections, which are incorporated into each and every answer and response.

      In this matter, Defendant's investigation and discovery are continuing.   As investigation and discovery proceed, witnesses, facts, documents, and other evidence may be disclosed or

learned that are not set forth hereinafter, but which may have been responsive to a First Set of Interrogatories propounded by Plaintiff if known at the time thereof. Facts and other evidence, although known, may be imperfectly understood and, accordingly, information may, in good faith, not be included in the following responses (the "Responses," and each individually, a "Response"). Defendant reserves the right to supplement and amend its responses to these interrogatories.

Defendant reserves the right to refer to, conduct discovery with reference to or offer as evidence hereafter, such information that may have, in good faith, not been included in response to these interrogatories hereafter, despite their absence herein.

1. Defendant objects to any instructions and definitions set forth in the preamble to these interrogatories to the extent they seek information Defendant is not required to provide under the applicable Bankruptcy procedural rules or the Federal Rules of Civil Procedure and/or the local rules of the court in which this matter was filed.

2. Defendant objects to any instructions and definitions contained in the preamble to these interrogatories as overly broad, vague, confusing, burdensome and inconsistent with the under the applicable Bankruptcy procedural rules or the Federal Rules of Civil Procedure and/or the local rules of the court in which this matter was filed. Defendant will respond to the interrogatories in compliance with under the applicable Bankruptcy procedural rules or the Federal Rules of Civil Procedure and/or the local rules of the court in which this matter was filed and do not intend to be bound by any arbitrary instructions and definitions as stated in the preamble.

3. Defendant objects to each and every interrogatory insofar as it seeks information and/or identification of documents that is protected from disclosure by the attorney-client privilege and/or the work product doctrine, and/or other applicable privileges or doctrines. To the extent that Defendant inadvertently provides information and/or identify a document that may arguably be protected from disclosure by the attorney-client privilege and/or the work product doctrine, and/or other applicable privileges or doctrines, such inadvertent production does not constitute a waiver of any such privilege.

**PLAINTIFF'S FIRST**
**INTERROGATORIES**
140723dInt    Page 2

THE   RIGBY   LAW
FIRM
600  Stewart  Street,
Suite 1908
Seattle, WA 98101
(206) 441-0826

4. Defendant objects to these interrogatories to the extent that they are overly broad, vague, ambiguous, unduly burdensome, oppressive and/or not reasonably calculated to lead to the discovery of admissible evidence.

5. Defendant objects to these interrogatories to the extent that they call for a "dress rehearsal" of trial and call for evidence upon which Defendants intend to rely to prove any fact or set of facts. *See Weber v. Biddle,* 72 Wn.2d 22, 29, 431 P.2d 705 (1967).

6. Defendant object to these interrogatories to the extent that they seek information and/or identification of documents which are already in Defendants' possession, custody, or control, or are by reasons of public filing or otherwise, readily accessible to Defendants.

7. Defendant objects to these interrogatories to the extent that they seek information and/or identification of documents provided in confidence to Defendant by third parties, which embody material that is private, business confidential, proprietary, and/or a trade secret, and which he has agreed not to disclose or disseminate, on the ground that such information and/or documents are privileged and/or private.

8. Certain information may be produced in a form which indicates that information has been redacted on the ground that the matter was (a) irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and/or (b) protected by an applicable privilege and/or the work product doctrine.

9. Nothing herein shall be construed as an admission or waiver by Defendant of Defendant's (a) rights respecting admissibility, competency, relevance, privilege, materiality, and/or authenticity of the information provided in the responses, documents identified in the responses, or the subject matter thereof; (b) objection due to vagueness, ambiguity, or undue burden; and (c) rights to object to the use of information provided in the Responses, documents identified in the Responses or the subject matter contained therein during a subsequent proceeding, including the trial of this or any other action.

Without waiving his objections, and subject to continuing investigation, Defendant responds as follows:

**PLAINTIFF'S FIRST INTERROGATORIES**
140723dInt    Page 3

THE RIGBY LAW FIRM
600 Stewart Street, Suite 1908
Seattle, WA 98101
(206) 441-0826

INTERROGATORY 1:

Identify each person who assists in the preparation of the answers to these interrogatories.

ANSWER:

*James P. Ware—Counsel*
*Mark D. Kimball—Counsel*
*Marina Bondarenko—named Defendant*
*Volodimyr Pigida—named Defendant*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

INTERROGATORY 2:

Identify every trustee of defendant Lakeshore Enterprises Trust.

ANSWER:

*Marina Bondarenko*
*Volodimyr Pigida*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

**PLAINTIFF'S FIRST INTERROGATORIES**
140723dInt     Page 4

THE RIGBY LAW FIRM
600 Stewart Street, Suite 1908
Seattle, WA 98101
(206) 441-0826

## INTERROGATORY 3:

Describe your relationship with the debtor.     Specifically, state:

a)   whether or not you have ever been a principal, officer, owner, shareholder or insider of the debtor;

b)   the dates during which you held such relationship;

c)   your duties and responsibilities to the debtor with respect to such relationship; and

d)   your compensation for same.

## ANSWER:

*Former President, CEO, and sole Shareholder.*
*Volodimyr Pigida formed Trend Sound Promoter AMG Corp. and served as its President/CEO until the Trustee transferred this bankruptcy into a Chapter 7.*

*Created the vision of the Trend Sound Promoter AMG Corp.   He performed oversight of all activities except for the payment of taxes.   TSP had a CPA who filed the taxes (federal and state) for TSP.   He oversaw the design and development of the projects for TSP.   He would be involved with any problems with the advertising partner.   His primary responsibility was to ensure the continuation and expansion of TSP.*
*His annual salary was $42,000.00*

*Discovery is ongoing.   Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

**PLAINTIFF'S FIRST**
**INTERROGATORIES**
140723dInt     Page 5

THE   RIGBY   LAW
FIRM
600 Stewart Street,
Suite 1908
Seattle, WA 98101
(206) 441-0826

INTERROGATORY 4:

Describe your relationship to Lakeshore Enterprises Trust.

ANSWER:

*Volodimyr Pigida is a trustee of Lakeshore Enterprises Trust and owns 50 units in the trust.*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

INTERROGATORY 5:

Describe all knowledge you hold regarding the allegation in paragraph 11 of the Complaint to Recover Fraudulent Conveyance, that on or about January 27, 2014, the debtor transferred by wire $1,454,448.11 to Ticor Title Company for the purchase of real property.

ANSWER:

*Trend Sound Promoter AMG, Corp. entered into a distribution agreement with Soundtrack Studio in 2012. The distribution agreement granted TSP the right to license music owned by Soundtrack Studio, LLC for resale. As part of that distribution agreement, TSP was to pay Soundtrack a quarterly licensing fee. The fee was calculated quarterly based upon a certain percentage of revenue TSP generated from the sale of licensing agreements. Additionally, the distribution agreement authorized SoundTrack Studio both to assign the licensing fee to whomever it chose and to delay payment of the quarterly fee if it chose to. The funds that were transferred were licensing fees owed to Soundtrack Studio, LLC from quarterly licensing fees that had accrued during 2013.*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

**PLAINTIFF'S FIRST
INTERROGATORIES**
140723dInt    Page 6

THE RIGBY LAW
FIRM
600 Stewart Street,
Suite 1908
Seattle, WA 98101
(206) 441-0826

1

2

3

4

5

6

7   <u>INTERROGATORY 6:</u>

8   Identify each person who has knowledge concerning such transfer and the scope of their
    knowledge.

9   <u>ANSWER</u>:

10

11  *Volodimyr Pigida—Has knowledge regarding the amount that TSP owed SoundTrack Studios in
    Licensing fees.*

12

13  *Marina Bondarenko—Has general knowledge of the contractual relationship between TSP and
    SoundTrack Studios, LLC and the reason for the transfer of the funds.*

14

    *Vated Duane—Bank of America Employee that facilitated in the wire transfer.*

15

16  *Agents at Ticor Title Company—Ticor handled the escrow.*

17  *Discovery is ongoing.   Defendant reserves the right to supplement the answer to this
    Interrogatory if new information becomes available.*

18

19

20

21

22

23

24

25

**PLAINTIFF'S FIRST
INTERROGATORIES**
140723dInt    Page 7

THE   RIGBY   LAW
FIRM
600  Stewart  Street,
Suite 1908
Seattle, WA 98101
(206) 441-0826

INTERROGATORY 7:

Describe your knowledge concerning paragraph 12 of the Complaint to Recover Fraudulent Conveyance regarding the purchase of real property, and identify all persons who have knowledge concerning that transaction.

ANSWER:

*I served as co-trustee in the purchase of the subject property by Lakeshore Enterprises Trust. I also selected the property because it could serve as a recording studio and a residence. Furthermore, I had the funds transferred to Lakeshore as the assignee from Soundtrack Studio, LLC.*

*Persons with knowledge*
*Volodimyr Pigida*
*Marina Bondarenko*
*Valentin Gaifouline—realtor*
*Agent at Ticor Title*
*Agent at Escrow Services, Inc.*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

INTERROGATORY 8:

Identify the source of funds used to purchase the real property described in paragraph 12 of the Complaint to Recover Fraudulent Conveyance.

ANSWER:

*On or about January 20, 2014, SoundTrack Studio, LLC assigned $1,454,448.11 of licensing fees owed to Ticor Title. The purpose of the assignment was to purchase the subject property. The subject property is used as a studio, office, and residence. Soundtrack Studio, LLC uses the*

**PLAINTIFF'S FIRST
INTERROGATORIES**
140723dInt    Page 8

THE  RIGBY  LAW
FIRM
600  Stewart  Street,
Suite 1908
Seattle, WA 98101
(206) 441-0826

*lower half of the property as an office/recording studio.   The upper portion is used as a personal residence by Volodimyr Pigida.   This arrangement was agreed to by Pigida and Soundtrack Studio, LLC.   Because Soundtrack Studios had delayed payment of some of its licensing fees that had accrued in 2013, the amount assigned to Ticor Title was due and owing at the time of the assignment.*

*Discovery is ongoing.   Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

INTERROGATORY 9:

Describe the reason for the transfer of funds from the debtor to Ticor Title Company as set forth in paragraph 11 of the Complaint to Recover Fraudulent Conveyance.

ANSWER:

*First, the funds were due and owing to Soundtrack Studio, LLC.   Therefore, it had the absolute right to assign the funds to Ticor Title per the terms of the distribution agreement.   Second, Soundtrack Studio, LLC and Volodimyr Pigida agreed to have the funds transferred in order for Lakeshore Enterprises Trust to purchase the property.*

*Discovery is ongoing.   Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

INTERROGATORY 10:

Describe the consideration received by the debtor for the transfer described in paragraph 11 of the Complaint to Recover Fraudulent Conveyance.

ANSWER:

*Soundtrack Studio licensed music to Trend Sound Promoter AMG, Corp.   In exchange, Soundtrack Studio was to receive quarterly licensing fees that were based upon the revenue generated by Trend Sound Promoters AMG, Corp.'s relicensing of Soundtrack Studio, LLC's music.*

**PLAINTIFF'S FIRST
INTERROGATORIES**
140723dInt    Page 9

THE  RIGBY  LAW
FIRM
600  Stewart  Street,
Suite 1908
Seattle, WA 98101
(206) 441-0826

1  *Discovery is ongoing.   Defendant reserves the right to supplement the answer to this*
2  *Interrogatory if new information becomes available.*

3

4

   INTERROGATORY 11:
5

6      Describe all knowledge you have regarding the debtor's solvency or insolvency on

7  January 27, 2014, and identify every person who has any knowledge regarding the debtor's

   solvency or insolvency on that date.
8

       ANSWER:
9

10  *On January 27, 2014 Trend Sound Promoter had 2,447,566.18 in its bank accounts.   This*
11  *closing balance was the balance __after__ TSP paid SoundTrack Studio, LLC a portion of the*
    *licensing fees that were owed.    TSP's monthly revenue around this time was well in*
12  *excess of $2,500,000.00.    In January 2014 revenue was over $6,000,000.00.*

13  *The parties who would have knowledge of Trend Sound Promoter AMG, Corp.'s solvency as of*
14  *January 27, 2014 are the following:*
    *Volodimyr Pigida*
15  *Vladimir Raskin, CPA*

16  *Discovery is ongoing.   Defendant reserves the right to supplement the answer to this*
17  *Interrogatory if new information becomes available.*

18

19

20

21      DATED this 25th day of July, 2014.

22                              THE RIGBY LAW FIRM

23

24                              /S/ James Rigby

25                              James Rigby, WSBA #9658
                                Of Attorneys for Plaintiff/Trustee

**PLAINTIFF'S FIRST**
**INTERROGATORIES**
140723dInt      Page 10

THE  RIGBY  LAW
FIRM
600  Stewart  Street,
Suite 1908
Seattle, WA 98101
(206) 441-0826

**STATEMENT UNDER PENALTY OF PERJURY**

The undersigned certifies under the penalty of perjury that he is the defendant, that he has read the foregoing, knows the contents thereof, and believes the same to be true.

DATED this 25th day of August, 2014.

_____
Volodimyr Pigida

The undersigned has read the foregoing responses and objections to discovery requests and certifies they are in compliance with Rule 26(g), Fed. R. Civ. P. and Bankruptcy Rule 7026.

DATED this 25th day of August, 2014..

MDK LAW

_____
Mark D. Kimball, WSBA #13146
James P. Ware, WSBA #36799
Of Attorneys for Defendants

**PLAINTIFF'S FIRST INTERROGATORIES**
140723dInt    Page 11

**THE    RIGBY LAW FIRM**
600      Stewart
Street,     Suite
1908
Seattle,     WA
98101

# EXHIBIT "G"

UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re:

TREND SOUND PROMOTER AMG CORP.,

Debtors.

_____

BANKRUPTCY ESTATE OF TREND SOUND
PROMOTER AMG CORP, by and through
Nancy James, Bankruptcy Trustee,

Plaintiff,

vs.

VOLODIMYR PIGIDA and JANE DOE PIGIDA,
husband and wife and the marital community
comprised thereof, individually and as trustee of
Villa Property Company Trust; and MARINA
BONDARENKO and JOHN DOE
BONDARENKO, wife and husband, and the
marital community comprised thereof,
individually and as trustee of the Lakeshore
Enterprises Trust,

Defendants.

CHAPTER 7
BANKRUPTCY NO. 14-13193

ADVERSARY NO. 14-01248

DEFENDANT VOLODIMYR
PIGIDA'S ANSWERS TO
PLAINTIFF'S SECOND SET OF
INTERROGATORIES

TO:     Nancy James on behalf of Bankruptcy Estate of Trend Sound Promoter AMG, Corp.

AND TO:     James Rigby, her attorney.

DEFENDANT'S ANSWER TO
PLAINTIFF'S SECOND SET OF
INTERROGATORIES - 1 -
14-01248
*James v. Lakeshore Enterprises Trust*

MDK | LAW
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Declaration of James Rigby-- Page 67

1        Defendant states the following general objections to Plaintiff's First Set of Interrogatories.

2  Any answers by Defendant to these First Set of Interrogatories are made subject to and without

3  waiving any of the following general objections, which are incorporated into each and every answer

4  and response.

5        In this matter, Defendant's investigation and discovery are continuing. As investigation and

6  discovery proceed, witnesses, facts, documents, and other evidence may be disclosed or learned that

7  are not set forth hereinafter, but which may have been responsive to a First Set of Interrogatories

8  propounded by Plaintiff if known at the time thereof. Facts and other evidence, although known, may

9  be imperfectly understood and, accordingly, information may, in good faith, not be included in the

10  following responses (the "Responses," and each individually, a "Response"). Defendant reserves the

right to supplement and amend its responses to these interrogatories.

11        Defendant reserves the right to refer to, conduct discovery with reference to or offer as evidence

12  hereafter, such information that may have, in good faith, not been included in response to these

13  interrogatories hereafter, despite their absence herein.

14    1. Defendant objects to any instructions and definitions set forth in the preamble to these

15  interrogatories to the extent they seek information Defendant is not required to provide under the

16  applicable Bankruptcy procedural rules or the Federal Rules of Civil Procedure and/or the local rules of

17  the court in which this matter was filed.

18    2. Defendant objects to any instructions and definitions contained in the preamble to these

19  interrogatories as overly broad, vague, confusing, burdensome and inconsistent with the under the

20  applicable Bankruptcy procedural rules or the Federal Rules of Civil Procedure and/or the local rules

of the court in which this matter was filed. Defendant will respond to the interrogatories in

21  compliance with under the applicable Bankruptcy procedural rules or the Federal Rules of Civil

22  Procedure and/or the local rules of the court in which this matter was filed and do not intend to be

23  bound by any arbitrary instructions and definitions as stated in the preamble.

24    3. Defendant objects to each and every interrogatory insofar as it seeks information and/or

25  identification of documents that is protected from disclosure by the attorney-client privilege and/or the

DEFENDANT'S ANSWER TO
PLAINTIFF'S SECOND SET OF
INTERROGATORIES - 2 -
14-01248
*James v. Lakeshore Enterprises Trust*

MDK | LAW
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Declaration of James Rigby-- Page 68

Case 14-01248-MLB     Doc 43-1     Filed 04/30/15     Ent. 04/30/15 10:20:38     Pg. 66 of 75

work product doctrine, and/or other applicable privileges or doctrines. To the extent that Defendant inadvertently provides information and/or identify a document that may arguably be protected from disclosure by the attorney-client privilege and/or the work product doctrine, and/or other applicable privileges or doctrines, such inadvertent production does not constitute a waiver of any such privilege.

4. Defendant objects to these interrogatories to the extent that they are overly broad, vague, ambiguous, unduly burdensome, oppressive and/or not reasonably calculated to lead to the discovery of admissible evidence.

5. Defendant objects to these interrogatories to the extent that they call for a "dress rehearsal" of trial and call for evidence upon which Defendants intend to rely to prove any fact or set of facts. *See Weber v. Biddle*, 72 Wn.2d 22, 29, 431 P.2d 705 (1967).

6. Defendant object to these interrogatories to the extent that they seek information and/or identification of documents which are already in Defendants' possession, custody, or control, or are by reasons of public filing or otherwise, readily accessible to Defendants.

7. Defendant objects to these interrogatories to the extent that they seek information and/or identification of documents provided in confidence to Defendant by third parties, which embody material that is private, business confidential, proprietary, and/or a trade secret, and which he has agreed not to disclose or disseminate, on the ground that such information and/or documents are privileged and/or private.

8. Certain information may be produced in a form which indicates that information has been redacted on the ground that the matter was (a) irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and/or (b) protected by an applicable privilege and/or the work product doctrine.

9. Nothing herein shall be construed as an admission or waiver by Defendant of Defendant's (a) rights respecting admissibility, competency, relevance, privilege, materiality, and/or authenticity of the information provided in the responses, documents identified in the responses, or the subject matter thereof; (b) objection due to vagueness, ambiguity, or undue burden; and (c) rights to object to the use

DEFENDANT'S ANSWER TO
PLAINTIFF'S SECOND SET OF
INTERROGATORIES - 3 -
14-01248
*James v. Lakeshore Enterprises Trust*

**MDK | LAW**
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Declaration of James Rigby-- Page 69

Case 14-01248-MLB    Doc 43-1    Filed 04/30/15    Ent. 04/30/15 10:20:38    Pg. 67 of 75

of information provided in the Responses, documents identified in the Responses or the subject matter contained therein during a subsequent proceeding, including the trial of this or any other action.

Without waiving his objections, and subject to continuing investigation, Defendant responds as follows:

INTERROGATORY 1:

ANSWER:

- *James P. Ware, counsel*
- *Mark D. Kimball, counsel*
- *Volodimyr Pigida c/o MDK Law*
- *Marina Bondarenko c/o MDK Law*
- *Vladimir Raskin, CPA.*

INTERROGATORY 2:

ANSWER:

*The Answer to this Interrogatory "may be determined by examining, auditing, compiling, abstracting, or summarizing" the business records of Soundtrack Studios, pursuant to Fed. R. Civ. P. 33(d), incorporated in this proceeding by Fed R. Bankr. P. 7033. See documents PIGIDA 2201-PIGIDA 2263, PIGIDA 2264-PIGIDA 2275. Mr. Pigida will supplement his answer to this interrogatory by producing additional records after the Court enters a stipulated protective order.*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

INTERROGATORY 3:

ANSWER:

*A list of Debtor's creditors can be found in Docket Entry 1 in 14-13193-MLB. Because the Trustee is now in possession of Trend Sound Promoter's records, including but not limited to, the database of independent promoters found on the servers leased by Trend Sound Promoter, Mr. Pigida is not in possession of the data that corroborates the list of creditors found in 14-13193-MLB.*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

DEFENDANT'S ANSWER TO
PLAINTIFF'S SECOND SET OF
INTERROGATORIES - 4 -
14-01248
*James v. Lakeshore Enterprises Trust*

MDK | LAW
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Declaration of James Rigby-- Page 70

Case 14-01248-MLB    Doc 43-1    Filed 04/30/15    Ent. 04/30/15 10:20:38    Pg. 68 of 75

INTERROGATORY 4:

ANSWER:

*Prior to the wire transfer of funds owed to Soundtrack Studio, the total balance of licensing fees as of January 27, 2014 was $2,672,347.00. After the transfer, the amount TSP owed Soundtrack Studio for licensing fees was $1,217,898.89. Please refer to Pigida 2243-Pigida 2256*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

INTERROGATORY 5:

ANSWER:

*Plaintiff is in possession of the data necessary to answer Interrogatory No. 5 as Plaintiff is in possession of the company's documents and records. Absent inspection of the corporate records Defendant cannot answer this Interrogatory. Critically, Defendants have requested a copy of the data stored on the servers leased by Trend Sound Promoter. After inspection of the corporate records, Defendant will supplement the answer to this interrogatory if necessary.*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

INTERROGATORY 6:

ANSWER:

*Yes, it is Defendant's position that Trend Sound Promoter was solvent on January 27, 2014 before the transfer of the subject funds and after the transfer of the subject funds. In December 2013 and January 2014, revenue from sources other than the sale of promoter packages was increasing substantially. From January 2014 through the beginning of March 2014, TSP generated approximately $1,000,000.00 in music sales. These sales were in addition to revenue from other sources such as advertisers, etc.*

DEFENDANT'S ANSWER TO
PLAINTIFF'S SECOND SET OF
INTERROGATORIES - 5 -
*14-01248*
*James v. Lakeshore Enterprises Trust*

**MDK | LAW**
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Declaration of James Rigby-- Page 71

Case 14-01248-MLB    Doc 43-1    Filed 04/30/15    Ent. 04/30/15 10:20:38    Pg. 69 of 75

*At the beginning of March 2014, however, the amount of traffic on the Internet that claimed Trend Sound Promoter was a hybrid pyramid/Ponzi scheme increased substantially. This was coupled with "anonymous" complaints to Trend Sound Promoter's advertising partners and to its financial institutions. Sometime in mid-March 2014, Bank of America froze Trend Sound's bank accounts and its merchant processing account. BoA stated that it froze the accounts because it received numerous calls/complaints that Trend Sound Promoter was a fraudulent business. In doing so, all revenue Trend Sound Promoter's was generating ceased. Critically, once TSP's merchant account was frozen, it could not conduct any sales. Music sales stopped, payments from advertising partners stopped, the ability to solicit new advertising partners, and to solicit new business partners stopped. In essence all revenue generating activities TSP oversaw stopped for three weeks. When BoA unfroze TSP's accounts in late March/early April 2014, it was apparent that Trend Sound Promoter simply could not revive its revenue sources. It was at that time it sought Chapter 11 protection.*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

INTERROGATORY 7:

ANSWER:

*Defendant objects to Interrogatory No. 7 to the extent is seeks a legal conclusion. Defendant prepared these documents with Marina Bondarenko and former corporate counsel for Trend Sound Promoter, Annette Mouton. Ms. Mouton was counsel for Trend Sound Promoter, not Defendant. Accordingly, the attorney-client privilege is Trend Sound Promoter's and now controlled by the Trustee. Defendant cannot answer this Interrogatory without consulting Ms. Mouton. Further, Defendant would need to refer to documents that are within the care, custody, and control of trustee. Critically, Defendants have requested a copy of the data stored on the servers leased by Trend Sound Promoter. After inspection of the corporate records, Defendant will supplement the answer to this interrogatory if necessary.*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

INTERROGATORY 8:

Identify each document relating to the complaint herein, particularly paragraphs 11 and 12 of the Complaint to Recover Fraudulent Conveyance and the answer thereto.

ANSWER:

DEFENDANT'S ANSWER TO
PLAINTIFF'S SECOND SET OF
INTERROGATORIES - 6 -
14-01248
*James v. Lakeshore Enterprises Trust*

**MDK | LAW**
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Declaration of James Rigby-- Page 72

Case 14-01248-MLB     Doc 43-1     Filed 04/30/15     Ent. 04/30/15 10:20:38     Pg. 70 of 75

*Defendant objects to Interrogatory No. 8 to the extent is seeks a legal conclusion. Defendant prepared these documents with Marina Bondarenko and former corporate counsel for Trend Sound Promoter, Annette Mouton. Ms. Mouton was counsel for Trend Sound Promoter, not Defendant. Accordingly, the attorney-client privilege is Trend Sound Promoter's and now controlled by the Trustee. Defendant cannot answer this Interrogatory without consulting Ms. Mouton. Further, Defendant would need to refer to documents that are within the care, custody, and control of trustee. Critically, Defendants have requested a copy of the data stored on the servers leased by Trend Sound Promoter. After inspection of the corporate records, Defendant will supplement the answer to this interrogatory if necessary.*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

INTERROGATORY 9:

     ANSWER:

*Yes, it is my contention that Trend Sound Promoter AMG, Corp was solvent on January 27, 2014 both before and after the transfer of the subject funds.*

*On a cash basis Trend Sound Promoter was solvent on January 27, 2014 both before and after the transfer.*

*Given historical trends, on an accrual basis Trend Sound Promoter was also solvent on January 27, 2014 both before and after the transfer of the subject funds.*

*Critically, in 2014 Trend Sound Promoter had one million dollars in sales for goods and services other than promoter packages. Further, Trend Sound Promoter was in the process of evaluating the performance of its independent promoters to determine whether to renew each contract once their 12 month contract expired. In doing so, Trend Sound Promoter was going to reduce its promoter costs because it intended to retain only those promoters who actually sought to generate additional revenue for TSP and not simply performing the minimum requirements. But for the events that transpired in March 2013, historical projections indicate that Trend Sound Promoter would have remained solvent and was in no danger of insolvency.*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

DEFENDANT'S ANSWER TO
PLAINTIFF'S SECOND SET OF
INTERROGATORIES - 7 -
14-01248
*James v. Lakeshore Enterprises Trust*

Declaration of James Rigby-- Page 73

**MDK | LAW**
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Case 14-01248-MLB    Doc 43-1    Filed 04/30/15    Ent. 04/30/15 10:20:38    Pg. 71 of 75

INTERROGATORY 10:

ANSWER:

*Yes. It is Defendant's contention that Trend Sound Promoter AMG, Corp.'s business model was not dependent on recruiting more independent promoters. Instead, Trend Sound Promoter's business model was dependent upon the retention of quality promoters and the expansion of its advertising partners and music partners. Beginning in late 2013/early 2014, Trend Sound Promoter saw a dramatic increase in revenue from advertising partners and from the sale of music. Critically, in early 2014 Trend Sound Promoter was contracting with numerous advertising partners and saw revenue of approximately $1,000,000.00 from its advertising partners and the sale of music.*

*The documents that support Defendant's position are within the care, custody, and control of Plaintiff. The data that supports Defendant's position can be found on Trend Sound Promoter's servers that show, among other things, the sales of music and the companies with which Trend Sound Promoter contracted as advertising partners.*
*Persons with knowledge are:*
- *Volodimyr Pigida*
- *Marina Bondarenko*
- *Vladimir Raskin, CPA.*
- *Anatoly Lukyanov*
- *Marina Avdaev*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

INTERROGATORY 11:

ANSWER:

*Defendant objects to Interrogatory No. 8 to the extent is seeks a legal conclusion. Defendant prepared these documents with Marina Bondarenko and former corporate counsel for Trend Sound Promoter, Annette Mouton. Ms. Mouton was counsel for Trend Sound Promoter, not Defendant. Accordingly, the attorney-client privilege is Trend Sound Promoter's and now controlled by the Trustee. Defendant cannot answer this Interrogatory without consulting Ms. Mouton. Further, Defendant would need to refer to documents that are within the care, custody, and control of trustee. Critically, Defendants have requested a copy of the data stored on the servers leased by Trend Sound Promoter. After inspection of the corporate records, Defendant will supplement the answer to this interrogatory if necessary.*

DEFENDANT'S ANSWER TO
PLAINTIFF'S SECOND SET OF
INTERROGATORIES - 8 -
14-01248
*James v. Lakeshore Enterprises Trust*

**MDK | LAW**
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Declaration of James Rigby-- Page 74

Case 14-01248-MLB    Doc 43-1    Filed 04/30/15    Ent. 04/30/15 10:20:38    Pg. 72 of 75

1  *Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if*
   *new information becomes available.*
2
3  <u>INTERROGATORY 12:</u>

4         <u>ANSWER:</u>

   *Defendant objects to Interrogatory No. 8 to the extent is seeks a legal conclusion. Defendant*
5  *prepared these documents with Marina Bondarenko and former corporate counsel for Trend Sound*
   *Promoter, Annette Mouton. Ms. Mouton was counsel for Trend Sound Promoter, not Defendant.*
6  *Accordingly, the attorney-client privilege is Trend Sound Promoter's and now controlled by the*
   *Trustee. Defendant cannot answer this Interrogatory without consulting Ms. Mouton. Further,*
7  *Defendant would need to refer to documents that are within the care, custody, and control of trustee.*
   *Critically, Defendants have requested a copy of the data stored on the servers leased by Trend Sound*
8  *Promoter. After inspection of the corporate records, Defendant will supplement the answer to this*
   *interrogatory if necessary.*
9

10 *Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if*
   *new information becomes available.*
11

12 <u>INTERROGATORY 13:</u>

13        <u>ANSWER:</u>

14

15 *The fair market value of the subject property is the purchasing price. Defendant Pigida utilizes*
   *approximately 50% of the property (the second floor) as a personal residence and Soundtrack Studio*
16 *utilizes the ground floor as a recording studio.*

17 *Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if*
   *new information becomes available.*
18

19 <u>INTERROGATORY 14:</u>

20        <u>ANSWER:</u>

21 *Yes it is Defendant's contention that Trend Sound Promoter had adequate capital on January 27,*
   *2014. Please see Answer to Interrogatory No. 6.*
22

23 *Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if*
   *new information becomes available.*
24

25 <u>INTERROGATORY 15:</u>

          <u>ANSWER:</u>

DEFENDANT'S ANSWER TO                                          **MDK | LAW**
PLAINTIFF'S SECOND SET OF                          777 108th Avenue Northeast, Suite 2170
INTERROGATORIES - 9 -                                      Bellevue, Washington 98004
*14-01248*                                                        (425) 455-9610
*James v. Lakeshore Enterprises Trust*
                                    Declaration of James Rigby-- Page 75
Case 14-01248-MLB    Doc 43-1    Filed 04/30/15    Ent. 04/30/15 10:20:38    Pg. 73 of 75

1

2  *Defendant is unaware of any documents within his care, custody or control that has not been produced.*

3

4  *Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

DEFENDANT'S ANSWER TO
PLAINTIFF'S SECOND SET OF
INTERROGATORIES - 10 -
*14-01248*
*James v. Lakeshore Enterprises Trust*

**MDK | LAW**
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Declaration of James Rigby-- Page 76

Case 14-01248-MLB    Doc 43-1    Filed 04/30/15    Ent. 04/30/15 10:20:38    Pg. 74 of 75

## STATEMENT UNDER PENALTY OF PERJURY

The undersigned certifies under the penalty of perjury that he is the defendant, a trustee of Lakeshore Enterprises Trust, that he has read the foregoing, knows the contents thereof, and believes the same to be true.

DATED this 8th day of December 2014.

_____
Volodimyr Pigida

The undersigned has read the foregoing responses and objections to discovery requests and certifies they are in compliance with Rule 26(g), Fed. R. Civ. P. and Bankruptcy Rule 7026.

DATED this 8th day of December 2014.

MDK LAW

_____
James P. Ware, WSBA # 36799
Of Attorneys for Defendants

DEFENDANTS' FIRST SET OF - 11 -
INTERROGATORIES TO PLAINTIFF
14-01248
James v. Lakeshore Enterprises Trust

MDK | LAW
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Declaration of James Rigby-- Page 77

Case 14-01248-MLB    Doc 43-1    Filed 04/30/15    Ent. 04/30/15 10:20:38    Pg. 75 of 75