# EXHIBIT "H"

**UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

In re:

**TREND SOUND PROMOTER AMG CORP.,**

               Debtors.

**CHAPTER 7
BANKRUPTCY NO. 14-13193**

**ADVERSARY NO. 14-01248**

**BANKRUPTCY ESTATE OF TREND SOUND
PROMOTER AMG CORP, by and through
Nancy James, Bankruptcy Trustee,**

                          **Plaintiff,**

vs.

**VOLODIMYR PIGIDA and JANE DOE PIGIDA,
husband and wife and the marital community
comprised thereof, individually and as trustee of
Villa Property Company Trust; and MARINA
BONDARENKO and JOHN DOE
BONDARENKO, wife and husband, and the
marital community comprised thereof,
individually and as trustee of the Lakeshore
Enterprises Trust,**

                        **Defendants.**

**DEFENDANT LAKESHORE
ENTERPRISES TRUST'S ANSWERS
TO PLAINTIFF'S SECOND SET OF
INTERROGATORIES**

TO:    Nancy James on behalf of Bankruptcy Estate of Trend Sound Promoter AMG, Corp.

AND TO:    James Rigby, her attorney.

DEFENDANTS' FIRST SET OF - 1 -
INTERROGATORIES TO PLAINTIFF
14-01248
*James v. Lakeshore Enterprises Trust*

**MDK | LAW**
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Declaration of James Rigby-- Page 79

Case 14-01248-MLB   Doc 43-2   Filed 04/30/15   Ent. 04/30/15 10:20:38   Pg. 2 of 119

Defendant states the following general objections to Plaintiff's First Set of Interrogatories. Any answers by Defendant to these First Set of Interrogatories are made subject to and without waiving any of the following general objections, which are incorporated into each and every answer and response.

In this matter, Defendant's investigation and discovery are continuing. As investigation and discovery proceed, witnesses, facts, documents, and other evidence may be disclosed or learned that are not set forth hereinafter, but which may have been responsive to a First Set of Interrogatories propounded by Plaintiff if known at the time thereof. Facts and other evidence, although known, may be imperfectly understood and, accordingly, information may, in good faith, not be included in the following responses (the "Responses," and each individually, a "Response"). Defendant reserves the right to supplement and amend its responses to these interrogatories.

Defendant reserves the right to refer to, conduct discovery with reference to or offer as evidence hereafter, such information that may have, in good faith, not been included in response to these interrogatories hereafter, despite their absence herein.

1. Defendant objects to any instructions and definitions set forth in the preamble to these interrogatories to the extent they seek information Defendant is not required to provide under the applicable Bankruptcy procedural rules or the Federal Rules of Civil Procedure and/or the local rules of the court in which this matter was filed.

2. Defendant objects to any instructions and definitions contained in the preamble to these interrogatories as overly broad, vague, confusing, burdensome and inconsistent with the under the applicable Bankruptcy procedural rules or the Federal Rules of Civil Procedure and/or the local rules of the court in which this matter was filed. Defendant will respond to the interrogatories in compliance with under the applicable Bankruptcy procedural rules or the Federal Rules of Civil Procedure and/or the local rules of the court in which this matter was filed and do not intend to be bound by any arbitrary instructions and definitions as stated in the preamble.

3. Defendant objects to each and every interrogatory insofar as it seeks information and/or identification of documents that is protected from disclosure by the attorney-client privilege and/or the

DEFENDANTS' FIRST SET OF - 2 -
INTERROGATORIES TO PLAINTIFF
14-01248
*James v. Lakeshore Enterprises Trust*

MDK | LAW
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Declaration of James Rigby-- Page 80

Case 14-01248-MLB    Doc 43-2    Filed 04/30/15    Ent. 04/30/15 10:20:38    Pg. 3 of 119

work product doctrine, and/or other applicable privileges or doctrines. To the extent that Defendant inadvertently provides information and/or identify a document that may arguably be protected from disclosure by the attorney-client privilege and/or the work product doctrine, and/or other applicable privileges or doctrines, such inadvertent production does not constitute a waiver of any such privilege.

4. Defendant objects to these interrogatories to the extent that they are overly broad, vague, ambiguous, unduly burdensome, oppressive and/or not reasonably calculated to lead to the discovery of admissible evidence.

5. Defendant objects to these interrogatories to the extent that they call for a "dress rehearsal" of trial and call for evidence upon which Defendants intend to rely to prove any fact or set of facts. *See Weber v. Biddle*, 72 Wn.2d 22, 29, 431 P.2d 705 (1967).

6. Defendant object to these interrogatories to the extent that they seek information and/or identification of documents which are already in Defendants' possession, custody, or control, or are by reasons of public filing or otherwise, readily accessible to Defendants.

7. Defendant objects to these interrogatories to the extent that they seek information and/or identification of documents provided in confidence to Defendant by third parties, which embody material that is private, business confidential, proprietary, and/or a trade secret, and which he has agreed not to disclose or disseminate, on the ground that such information and/or documents are privileged and/or private.

8. Certain information may be produced in a form which indicates that information has been redacted on the ground that the matter was (a) irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and/or (b) protected by an applicable privilege and/or the work product doctrine.

9. Nothing herein shall be construed as an admission or waiver by Defendant of Defendant's (a) rights respecting admissibility, competency, relevance, privilege, materiality, and/or authenticity of the information provided in the responses, documents identified in the responses, or the subject matter thereof; (b) objection due to vagueness, ambiguity, or undue burden; and (c) rights to object to the use

**MDK | LAW**
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

of information provided in the Responses, documents identified in the Responses or the subject matter contained therein during a subsequent proceeding, including the trial of this or any other action.

Without waiving his objections, and subject to continuing investigation, Defendant responds as follows:

INTERROGATORY 1:

ANSWER:

- *James P. Ware, counsel*
- *Mark D. Kimball, counsel*
- *Volodimyr Pigida c/o MDK Law*
- *Marina Bondarenko c/o MDK Law*
- *Vladimir Raskin, CPA.*

INTERROGATORY 2:

ANSWER:

*The Answer to this Interrogatory "may be determined by examining, auditing, compiling, abstracting, or summarizing" the business records of Soundtrack Studios, pursuant to Fed. R. Civ. P. 33(d), incorporated in this proceeding by Fed R. Bankr. P. 7033. See documents PIGIDA 2201-PIGIDA 2263, PIGIDA 2264-PIGIDA 2275. Mr. Pigida will supplement his answer to this interrogatory by producing additional records after the Court enters a stipulated protective order.*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

INTERROGATORY 3:

ANSWER:

*A list of Debtor's creditors can be found in Docket Entry 1 in 14-13193-MLB. Because the Trustee is now in possession of Trend Sound Promoter's records, including but not limited to, the database of independent promoters found on the servers leased by Trend Sound Promoter, Mr. Pigida is not in possession of the data that corroborates the list of creditors found in 14-13193-MLB.*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

DEFENDANTS' FIRST SET OF - 4 -
INTERROGATORIES TO PLAINTIFF
14-01248
*James v. Lakeshore Enterprises Trust*

MDK | LAW
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Declaration of James Rigby-- Page 82

Case 14-01248-MLB    Doc 43-2    Filed 04/30/15    Ent. 04/30/15 10:20:38    Pg. 5 of 119

INTERROGATORY 4:

ANSWER:

*Prior to the wire transfer of funds owed to Soundtrack Studio, the total balance of licensing fees as of January 27, 2014 was $2,672,347.00. After the transfer, the amount TSP owed Soundtrack Studio for licensing fees was $1,217,898.89. Please refer to Pigida 2243-Pigida 2256*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

INTERROGATORY 5:

ANSWER:

*Plaintiff is in possession of the data necessary to answer Interrogatory No. 5 as Plaintiff is in possession of the company's documents and records. Absent inspection of the corporate records Defendant cannot answer this Interrogatory. Critically, Defendants have requested a copy of the data stored on the servers leased by Trend Sound Promoter. After inspection of the corporate records, Defendant will supplement the answer to this interrogatory if necessary.*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

INTERROGATORY 6:

ANSWER:

*Yes, it is Defendant's position that Trend Sound Promoter was solvent on January 27, 2014 before the transfer of the subject funds and after the transfer of the subject funds. In December 2013 and January 2014, revenue from sources other than the sale of promoter packages was increasing substantially. From January 2014 through the beginning of March 2014, TSP generated approximately $1,000,000.00 in music sales. These sales were in addition to revenue from other sources such as advertisers, etc.*

*At the beginning of March 2014, however, the amount of traffic on the Internet that claimed Trend Sound Promoter was a hybrid pyramid/Ponzi scheme increased substantially. This was coupled with "anonymous" complaints to Trend Sound Promoter's advertising partners and to its financial institutions. Sometime in mid-March 2014, Bank of America froze Trend Sound's bank accounts <u>and</u> its merchant processing account. BoA stated that it froze the accounts because it received numerous*

DEFENDANTS' FIRST SET OF - 5 -
INTERROGATORIES TO PLAINTIFF
14-01248
*James v. Lakeshore Enterprises Trust*

**MDK | LAW**
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Declaration of James Rigby-- Page 83

Case 14-01248-MLB    Doc 43-2    Filed 04/30/15    Ent. 04/30/15 10:20:38    Pg. 6 of 119

*calls/complaints that Trend Sound Promoter was a fraudulent business. In doing so, all revenue Trend Sound Promoter's was generating ceased. Critically, once TSP's merchant account was frozen, it could not conduct any sales. Music sales stopped, payments from advertising partners stopped, the ability to solicit new advertising partners, and to solicit new business partners stopped. In essence all revenue generating activities TSP oversaw stopped for three weeks. When BoA unfroze TSP's accounts in late March/early April 2014, it was apparent that Trend Sound Promoter simply could not revive its revenue sources. It was at that time it sought Chapter 11 protection.*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

INTERROGATORY 7:

ANSWER:

*Defendant objects to Interrogatory No. 7 to the extent is seeks a legal conclusion. These documents were prepared by Marina Bondarenko, Volodimyr Pigida, and former corporate counsel for Trend Sound Promoter, Annette Mouton. Ms. Mouton was counsel for Trend Sound Promoter, not Defendant. Accordingly, the attorney-client privilege is Trend Sound Promoter's and now controlled by the Trustee. Defendant cannot answer this Interrogatory without consulting Ms. Mouton. Further, Defendant would need to refer to documents that are within the care, custody, and control of trustee. Critically, Defendants have requested a copy of the data stored on the servers leased by Trend Sound Promoter. After inspection of the corporate records, Defendant will supplement the answer to this interrogatory if necessary.*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

INTERROGATORY 8:

Identify each document relating to the complaint herein, particularly paragraphs 11 and 12 of the Complaint to Recover Fraudulent Conveyance and the answer thereto.

ANSWER:

*Defendant objects to Interrogatory No. 8 to the extent is seeks a legal conclusion. These documents were prepared by Marina Bondarenko, Volodimyr Pigida, and former corporate counsel for Trend*

DEFENDANTS' FIRST SET OF - 6 -
INTERROGATORIES TO PLAINTIFF
14-01248
*James v. Lakeshore Enterprises Trust*          Declaration of James Rigby-- Page 84

MDK | LAW
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

*Sound Promoter, Annette Mouton. Ms. Mouton was counsel for Trend Sound Promoter, not Defendants. Accordingly, the attorney-client privilege is Trend Sound Promoter's and now controlled by the Trustee. Defendant cannot answer this Interrogatory without consulting Ms. Mouton. Further, Defendant would need to refer to documents that are within the care, custody, and control of trustee. Critically, Defendants have requested a copy of the data stored on the servers leased by Trend Sound Promoter. After inspection of the corporate records, Defendant will supplement the answer to this interrogatory if necessary.*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

INTERROGATORY 9:

    ANSWER:

*Yes, it is my contention that Trend Sound Promoter AMG, Corp was solvent on January 27, 2014 both before and after the transfer of the subject funds.*

*On a cash basis Trend Sound Promoter was solvent on January 27, 2014 both before and after the transfer.*

*Given historical trends, on an accrual basis Trend Sound Promoter was also solvent on January 27, 2014 both before and after the transfer of the subject funds.*

*Critically, in 2014 Trend Sound Promoter had one million dollars in sales for goods and services other than promoter packages. Further, Trend Sound Promoter was in the process of evaluating the performance of its independent promoters to determine whether to renew each contract once their 12 month contract expired. In doing so, Trend Sound Promoter was going to reduce its promoter costs because it intended to retain only those promoters who actually sought to generate additional revenue for TSP and not simply performing the minimum requirements. But for the events that transpired in March 2013, historical projections indicate that Trend Sound Promoter would have remained solvent and was in no danger of insolvency.*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

INTERROGATORY 10:

    ANSWER:

DEFENDANTS' FIRST SET OF - 7 -
INTERROGATORIES TO PLAINTIFF
14-01248
*James v. Lakeshore Enterprises Trust*

Declaration of James Rigby-- Page 85

MDK | LAW
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Case 14-01248-MLB    Doc 43-2    Filed 04/30/15    Ent. 04/30/15 10:20:38    Pg. 8 of 119

*Yes. It is Defendant's contention that Trend Sound Promoter AMG, Corp.'s business model was not dependent on recruiting more independent promoters. Instead, Trend Sound Promoter's business model was dependent upon the retention of quality promoters and the expansion of its advertising partners and music partners. Beginning in late 2013/early 2014, Trend Sound Promoter saw a dramatic increase in revenue from advertising partners and from the sale of music. Critically, in early 2014 Trend Sound Promoter was contracting with numerous advertising partners and saw revenue of approximately $1,000,000.00 from its advertising partners and the sale of music.*

*The documents that support Defendant's position are within the care, custody, and control of Plaintiff. The data that supports Defendant's position can be found on Trend Sound Promoter's servers that show, among other things, the sales of music and the companies with which Trend Sound Promoter contracted as advertising partners.*
*Persons with knowledge are:*

- *Volodimyr Pigida*
- *Marina Bondarenko*
- *Vladimir Raskin, CPA.*
- *Anatoly Lukyanov*
- *Marina Avdaev*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

INTERROGATORY 11:

    ANSWER:

*Defendant objects to Interrogatory No. 8 to the extent is seeks a legal conclusion These documents were prepared by Marina Bondarenko, Volodimyr Pigida, and former corporate counsel for Trend Sound Promoter, Annette Mouton. Ms. Mouton was counsel for Trend Sound Promoter, not Defendant. Accordingly, the attorney-client privilege is Trend Sound Promoter's and now controlled by the Trustee. Defendant cannot answer this Interrogatory without consulting Ms. Mouton. Further, Defendant would need to refer to documents that are within the care, custody, and control of trustee. Critically, Defendants have requested a copy of the data stored on the servers leased by Trend Sound Promoter. After inspection of the corporate records, Defendant will supplement the answer to this interrogatory if necessary.*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

INTERROGATORY 12:

DEFENDANTS' FIRST SET OF - 8 -
INTERROGATORIES TO PLAINTIFF
14-01248
*James v. Lakeshore Enterprises Trust*          Declaration of James Rigby-- Page 86

**MDK | LAW**
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Case 14-01248-MLB    Doc 43-2    Filed 04/30/15    Ent. 04/30/15 10:20:38    Pg. 9 of 119

ANSWER:

*Defendant objects to Interrogatory No. 8 to the extent is seeks a legal conclusion. These documents were prepared by Marina Bondarenko, Volodimyr Pigida, and former corporate counsel for Trend Sound Promoter, Annette Mouton. Ms. Mouton was counsel for Trend Sound Promoter, not Defendant. Accordingly, the attorney-client privilege is Trend Sound Promoter's and now controlled by the Trustee. Defendant cannot answer this Interrogatory without consulting Ms. Mouton. Further, Defendant would need to refer to documents that are within the care, custody, and control of trustee. Critically, Defendants have requested a copy of the data stored on the servers leased by Trend Sound Promoter. After inspection of the corporate records, Defendant will supplement the answer to this interrogatory if necessary.*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

INTERROGATORY 13:

ANSWER:

*The fair market value of the subject property is the purchasing price. Defendant Pigida utilizes approximately 50% of the property (the second floor) as a personal residence and Soundtrack Studio utilizes the ground floor as a recording studio.*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

INTERROGATORY 14:

ANSWER:

*Yes it is Defendant's contention that Trend Sound Promoter had adequate capital on January 27, 2014. Please see Answer to Interrogatory No. 6.*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

INTERROGATORY 15:

ANSWER:

*Defendant is unaware of any documents within his care, custody or control that has not been produced.*

DEFENDANTS' FIRST SET OF - 9 -
INTERROGATORIES TO PLAINTIFF
14-01248
*James v. Lakeshore Enterprises Trust*

**MDK | LAW**
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Declaration of James Rigby-- Page 87

Case 14-01248-MLB    Doc 43-2    Filed 04/30/15    Ent. 04/30/15 10:20:38    Pg. 10 of 119

1 | *Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

DEFENDANTS' FIRST SET OF - 10 -
INTERROGATORIES TO PLAINTIFF
14-01248
*James v. Lakeshore Enterprises Trust*

**MDK | LAW**
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Declaration of James Rigby-- Page 88

Case 14-01248-MLB    Doc 43-2    Filed 04/30/15    Ent. 04/30/15 10:20:38    Pg. 11 of 119

## STATEMENT UNDER PENALTY OF PERJURY

The undersigned certifies under the penalty of perjury that he is the defendant, a trustee of Lakeshore Enterprises Trust, that he has read the foregoing, knows the contents thereof, and believes the same to be true.

DATED this 8th day of December 2014.

_____
Volodimyr Pigida, Trustee of Lakeshore
Enterprises Trust

The undersigned has read the foregoing responses and objections to discovery requests and certifies they are in compliance with Rule 26(g), Fed. R. Civ. P. and Bankruptcy Rule 7026.

DATED this 8th day of December 2014.

MDK LAW

_____
James P. Ware, WSBA # 36799
Attorneys for Defendants

DEFENDANTS' FIRST SET OF - 11 -
INTERROGATORIES TO PLAINTIFF
14-01248
*James v. Lakeshore Enterprises Trust*

MDK | LAW
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Declaration of James Rigby-- Page 89

Case 14-01248-MLB    Doc 43-2    Filed 04/30/15    Ent. 04/30/15 10:20:38    Pg. 12 of 119

# EXHIBIT "I"

**UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

In re:

**TREND SOUND PROMOTER AMG CORP.,**

              **Debtors.**

---

**BANKRUPTCY ESTATE OF TREND SOUND
PROMOTER AMG CORP, by and through
Nancy James, Bankruptcy Trustee,**

                          **Plaintiff,**

          **vs.**

**VOLODIMYR PIGIDA and JANE DOE PIGIDA,
husband and wife and the marital community
comprised thereof, individually and as trustee of
Villa Property Company Trust; and MARINA
BONDARENKO and JOHN DOE
BONDARENKO, wife and husband, and the
marital community comprised thereof,
individually and as trustee of the Lakeshore
Enterprises Trust,**

                    **Defendants.**

**CHAPTER 7
BANKRUPTCY NO. 14-13193**

**ADVERSARY NO. 14-01248**

**DEFENDANT MARINA
BONDARENKO'S (AS TRUSTEE OF
LAKESHORE ENTERPRISES
TRUST) ANSWERS TO PLAINTIFF'S
SECOND SET OF
INTERROGATORIES**

TO:    Nancy James on behalf of Bankruptcy Estate of Trend Sound Promoter AMG, Corp.

AND TO:     James Rigby, her attorney.

DEFENDANT'S ANSWER TO
PLAINTIFF'S SECOND SET OF
INTERROGATORIES - 1 -
*14-01248*
*James v. Lakeshore Enterprises Trust*

**MDK | LAW**
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Declaration of James Rigby-- Page 91

1   Defendant states the following general objections to Plaintiff's First Set of Interrogatories.

2   Any answers by Defendant to these First Set of Interrogatories are made subject to and without

3   waiving any of the following general objections, which are incorporated into each and every answer

4   and response.

5       In this matter, Defendant's investigation and discovery are continuing. As investigation and

6   discovery proceed, witnesses, facts, documents, and other evidence may be disclosed or learned that

7   are not set forth hereinafter, but which may have been responsive to a First Set of Interrogatories

    propounded by Plaintiff if known at the time thereof. Facts and other evidence, although known, may

8   be imperfectly understood and, accordingly, information may, in good faith, not be included in the

9   following responses (the "Responses," and each individually, a "Response"). Defendant reserves the

10  right to supplement and amend its responses to these interrogatories.

11      Defendant reserves the right to refer to, conduct discovery with reference to or offer as evidence

12  hereafter, such information that may have, in good faith, not been included in response to these

13  interrogatories hereafter, despite their absence herein.

14      1.  Defendant objects to any instructions and definitions set forth in the preamble to these

15  interrogatories to the extent they seek information Defendant is not required to provide under the

16  applicable Bankruptcy procedural rules or the Federal Rules of Civil Procedure and/or the local rules of

17  the court in which this matter was filed.

18      2.  Defendant objects to any instructions and definitions contained in the preamble to these

19  interrogatories as overly broad, vague, confusing, burdensome and inconsistent with the under the

20  applicable Bankruptcy procedural rules or the Federal Rules of Civil Procedure and/or the local rules

    of the court in which this matter was filed. Defendant will respond to the interrogatories in

21  compliance with under the applicable Bankruptcy procedural rules or the Federal Rules of Civil

22  Procedure and/or the local rules of the court in which this matter was filed and do not intend to be

23  bound by any arbitrary instructions and definitions as stated in the preamble.

24      3.  Defendant objects to each and every interrogatory insofar as it seeks information and/or

25  identification of documents that is protected from disclosure by the attorney-client privilege and/or the

DEFENDANT'S ANSWER TO
PLAINTIFF'S SECOND SET OF
INTERROGATORIES - 2 -
14-01248
*James v. Lakeshore Enterprises Trust*

**MDK | LAW**
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Declaration of James Rigby-- Page 92

Case 14-01248-MLB    Doc 43-2    Filed 04/30/15    Ent. 04/30/15 10:20:38    Pg. 15 of 119

work product doctrine, and/or other applicable privileges or doctrines. To the extent that Defendant inadvertently provides information and/or identify a document that may arguably be protected from disclosure by the attorney-client privilege and/or the work product doctrine, and/or other applicable privileges or doctrines, such inadvertent production does not constitute a waiver of any such privilege.

4. Defendant objects to these interrogatories to the extent that they are overly broad, vague, ambiguous, unduly burdensome, oppressive and/or not reasonably calculated to lead to the discovery of admissible evidence.

5. Defendant objects to these interrogatories to the extent that they call for a "dress rehearsal" of trial and call for evidence upon which Defendants intend to rely to prove any fact or set of facts. *See Weber v. Biddle*, 72 Wn.2d 22, 29, 431 P.2d 705 (1967).

6. Defendant object to these interrogatories to the extent that they seek information and/or identification of documents which are already in Defendants' possession, custody, or control, or are by reasons of public filing or otherwise, readily accessible to Defendants.

7. Defendant objects to these interrogatories to the extent that they seek information and/or identification of documents provided in confidence to Defendant by third parties, which embody material that is private, business confidential, proprietary, and/or a trade secret, and which he has agreed not to disclose or disseminate, on the ground that such information and/or documents are privileged and/or private.

8. Certain information may be produced in a form which indicates that information has been redacted on the ground that the matter was (a) irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and/or (b) protected by an applicable privilege and/or the work product doctrine.

9. Nothing herein shall be construed as an admission or waiver by Defendant of Defendant's (a) rights respecting admissibility, competency, relevance, privilege, materiality, and/or authenticity of the information provided in the responses, documents identified in the responses, or the subject matter thereof; (b) objection due to vagueness, ambiguity, or undue burden; and (c) rights to object to the use

DEFENDANT'S ANSWER TO
PLAINTIFF'S SECOND SET OF
INTERROGATORIES - 3 -
14-01248
*James v. Lakeshore Enterprises Trust*

**MDK | LAW**
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Declaration of James Rigby-- Page 93

Case 14-01248-MLB    Doc 43-2    Filed 04/30/15    Ent. 04/30/15 10:20:38    Pg. 16 of 119

of information provided in the Responses, documents identified in the Responses or the subject matter contained therein during a subsequent proceeding, including the trial of this or any other action.

Without waiving his objections, and subject to continuing investigation, Defendant responds as follows:

INTERROGATORY 1:

ANSWER:

- *James P. Ware, counsel*
- *Mark D. Kimball, counsel*
- *Volodimyr Pigida c/o MDK Law*
- *Marina Bondarenko c/o MDK Law*
- *Vladimir Raskin, CPA.*

INTERROGATORY 2:

ANSWER:

*The Answer to this Interrogatory "may be determined by examining, auditing, compiling, abstracting, or summarizing" the business records of Soundtrack Studios, pursuant to Fed. R. Civ. P. 33(d), incorporated in this proceeding by Fed R. Bankr. P. 7033. See documents PIGIDA 2201-PIGIDA 2263, PIGIDA 2264-PIGIDA 2275. Mr. Pigida will supplement his answer to this interrogatory by producing additional records after the Court enters a stipulated protective order.*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

INTERROGATORY 3:

ANSWER:

*A list of Debtor's creditors can be found in Docket Entry 1 in 14-13193-MLB. Because the Trustee is now in possession of Trend Sound Promoter's records, including but not limited to, the database of independent promoters found on the servers leased by Trend Sound Promoter, Mr. Pigida is not in possession of the data that corroborates the list of creditors found in 14-13193-MLB.*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

DEFENDANT'S ANSWER TO
PLAINTIFF'S SECOND SET OF
INTERROGATORIES - 4 -
14-01248
*James v. Lakeshore Enterprises Trust*

**MDK | LAW**
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Declaration of James Rigby-- Page 94

Case 14-01248-MLB    Doc 43-2    Filed 04/30/15    Ent. 04/30/15 10:20:38    Pg. 17 of 119

INTERROGATORY 4:

ANSWER:

*Prior to the wire transfer of funds owed to Soundtrack Studio, the total balance of licensing fees as of January 27, 2014 was $2,672,347.00. After the transfer, the amount TSP owed Soundtrack Studio for licensing fees was $1,217,898.89. Please refer to Pigida 2243-Pigida 2256*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

INTERROGATORY 5:

ANSWER:

*Plaintiff is in possession of the data necessary to answer Interrogatory No. 5 as Plaintiff is in possession of the company's documents and records. Absent inspection of the corporate records Defendant cannot answer this Interrogatory. Critically, Defendants have requested a copy of the data stored on the servers leased by Trend Sound Promoter. After inspection of the corporate records, Defendant will supplement the answer to this interrogatory if necessary.*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

INTERROGATORY 6:

ANSWER:

*Yes, it is Defendant's position that Trend Sound Promoter was solvent on January 27, 2014 before the transfer of the subject funds and after the transfer of the subject funds. In December 2013 and January 2014, revenue from sources other than the sale of promoter packages was increasing substantially. From January 2014 through the beginning of March 2014, TSP generated approximately $1,000,000.00 in music sales. These sales were in addition to revenue from other sources such as advertisers, etc.*

DEFENDANT'S ANSWER TO
PLAINTIFF'S SECOND SET OF
INTERROGATORIES - 5 -
14-01248
*James v. Lakeshore Enterprises Trust*

**MDK | LAW**
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Declaration of James Rigby-- Page 95

Case 14-01248-MLB    Doc 43-2    Filed 04/30/15    Ent. 04/30/15 10:20:38    Pg. 18 of 119

1    *At the beginning of March 2014, however, the amount of traffic on the Internet that claimed Trend*
*Sound Promoter was a hybrid pyramid/Ponzi scheme increased substantially. This was coupled with*

2    *"anonymous" complaints to Trend Sound Promoter's advertising partners and to its financial*
*institutions. Sometime in mid-March 2014, Bank of America froze Trend Sound's bank accounts <u>and</u>*

3    *its merchant processing account. BoA stated that it froze the accounts because it received numerous*
*calls/complaints that Trend Sound Promoter was a fraudulent business. In doing so, all revenue*

4    *Trend Sound Promoter's was generating ceased. Critically, once TSP's merchant account was*
*frozen, it could not conduct <u>any</u> sales. Music sales stopped, payments from advertising partners*

5    *stopped, the ability to solicit new advertising partners, and to solicit new business partners stopped.*
*In essence all revenue generating activities TSP oversaw stopped for three weeks. When BoA unfroze*

6    *TSP's accounts in late March/early April 2014, it was apparent that Trend Sound Promoter simply*

7    *could not revive its revenue sources. It was at that time it sought Chapter 11 protection.*

8    *Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if*
*new information becomes available.*

9

10

11    <u>INTERROGATORY 7:</u>

12    <u>ANSWER:</u>

13

14    *Defendant objects to Interrogatory No. 7 to the extent is seeks a legal conclusion. These documents*
*were prepared by Volodimyr Pigida, Marina Bondarenko, and former corporate counsel for Trend*

15    *Sound Promoter, Annette Mouton. Ms. Mouton was counsel for Trend Sound Promoter, not*
*Defendant. Accordingly, the attorney-client privilege is Trend Sound Promoter's and now controlled*

16    *by the Trustee. Defendant cannot answer this Interrogatory without consulting Ms. Mouton.*
*Further, Defendant would need to refer to documents that are within the care, custody, and control of*

17    *trustee. Critically, Defendants have requested a copy of the data stored on the servers leased by*
*Trend Sound Promoter. After inspection of the corporate records, Defendant will supplement the*

18    *answer to this interrogatory if necessary.*

19    *Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if*

20    *new information becomes available.*

21

22    <u>INTERROGATORY 8:</u>

23    Identify each document relating to the complaint herein, particularly paragraphs 11 and 12 of

24    the Complaint to Recover Fraudulent Conveyance and the answer thereto.

25    <u>ANSWER:</u>

DEFENDANT'S ANSWER TO
PLAINTIFF'S SECOND SET OF
INTERROGATORIES - 6 -
*14-01248*
*James v. Lakeshore Enterprises Trust*

**MDK | LAW**
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Declaration of James Rigby-- Page 96

Case 14-01248-MLB   Doc 43-2   Filed 04/30/15   Ent. 04/30/15 10:20:38   Pg. 19 of 119

Defendant objects to Interrogatory No. 8 to the extent is seeks a legal conclusion. These documents were prepared by Volodimyr Pigida, Marina Bondarenko, and former corporate counsel for Trend Sound Promoter, Annette Mouton. Ms. Mouton was counsel for Trend Sound Promoter, not Defendant. Accordingly, the attorney-client privilege is Trend Sound Promoter's and now controlled by the Trustee. Defendant cannot answer this Interrogatory without consulting Ms. Mouton. Further, Defendant would need to refer to documents that are within the care, custody, and control of trustee. Critically, Defendants have requested a copy of the data stored on the servers leased by Trend Sound Promoter. After inspection of the corporate records, Defendant will supplement the answer to this interrogatory if necessary.

Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.

INTERROGATORY 9:

 ANSWER:

Yes, it is my contention that Trend Sound Promoter AMG, Corp was solvent on January 27, 2014 both before and after the transfer of the subject funds.

On a cash basis Trend Sound Promoter was solvent on January 27, 2014 both before and after the transfer.

Given historical trends, on an accrual basis Trend Sound Promoter was also solvent on January 27, 2014 both before and after the transfer of the subject funds.

Critically, in 2014 Trend Sound Promoter had one million dollars in sales for goods and services other than promoter packages. Further, Trend Sound Promoter was in the process of evaluating the performance of its independent promoters to determine whether to renew each contract once their 12 month contract expired. In doing so, Trend Sound Promoter was going to reduce its promoter costs because it intended to retain only those promoters who actually sought to generate additional revenue for TSP and not simply performing the minimum requirements. But for the events that transpired in March 2013, historical projections indicate that Trend Sound Promoter would have remained solvent and was in no danger of insolvency.

Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.

DEFENDANT'S ANSWER TO
PLAINTIFF'S SECOND SET OF
INTERROGATORIES - 7 -
14-01248
James v. Lakeshore Enterprises Trust

Declaration of James Rigby-- Page 97

MDK|LAW
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Case 14-01248-MLB    Doc 43-2    Filed 04/30/15    Ent. 04/30/15 10:20:38    Pg. 20 of 119

**INTERROGATORY 10:**

    **ANSWER:**

*Yes. It is Defendant's contention that Trend Sound Promoter AMG, Corp.'s business model was not dependent on recruiting more independent promoters. Instead, Trend Sound Promoter's business model was dependent upon the retention of quality promoters and the expansion of its advertising partners and music partners. Beginning in late 2013/early 2014, Trend Sound Promoter saw a dramatic increase in revenue from advertising partners and from the sale of music. Critically, in early 2014 Trend Sound Promoter was contracting with numerous advertising partners and saw revenue of approximately $1,000,000.00 from its advertising partners and the sale of music.*

*The documents that support Defendant's position are within the care, custody, and control of Plaintiff. The data that supports Defendant's position can be found on Trend Sound Promoter's servers that show, among other things, the sales of music and the companies with which Trend Sound Promoter contracted as advertising partners.*
*Persons with knowledge are:*
- *Volodimyr Pigida*
- *Marina Bondarenko*
- *Vladimir Raskin, CPA.*
- *Anatoly Lukyanov*
- *Marina Avdaev*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

**INTERROGATORY 11:**

    **ANSWER:**

*Defendant objects to Interrogatory No. 8 to the extent is seeks a legal conclusion. These documents were prepared by Volodimyr Pigida, Marina Bondarenko, and former corporate counsel for Trend Sound Promoter, Annette Mouton. Ms. Mouton was counsel for Trend Sound Promoter, not Defendant. Accordingly, the attorney-client privilege is Trend Sound Promoter's and now controlled by the Trustee. Defendant cannot answer this Interrogatory without consulting Ms. Mouton. Further, Defendant would need to refer to documents that are within the care, custody, and control of trustee. Critically, Defendants have requested a copy of the data stored on the servers leased by Trend Sound Promoter. After inspection of the corporate records, Defendant will supplement the answer to this interrogatory if necessary.*

DEFENDANT'S ANSWER TO
PLAINTIFF'S SECOND SET OF
INTERROGATORIES - 8 -
14-01248
James v. Lakeshore Enterprises Trust

**MDK | LAW**
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Declaration of James Rigby-- Page 98

Case 14-01248-MLB    Doc 43-2    Filed 04/30/15    Ent. 04/30/15 10:20:38    Pg. 21 of 119

1  *Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if*
2  *new information becomes available.*

3  INTERROGATORY 12:

4      ANSWER:

5  *Defendant objects to Interrogatory No. 8 to the extent is seeks a legal conclusion. These documents*
   *were prepared by Volodimyr Pigida, Marina Bondarenko, and former corporate counsel for Trend*
6  *Sound Promoter, Annette Mouton. Ms. Mouton was counsel for Trend Sound Promoter, not*
   *Defendant. Accordingly, the attorney-client privilege is Trend Sound Promoter's and now controlled*
7  *by the Trustee. Defendant cannot answer this Interrogatory without consulting Ms. Mouton.*
   *Further, Defendant would need to refer to documents that are within the care, custody, and control of*
8  *trustee. Critically, Defendants have requested a copy of the data stored on the servers leased by*
   *Trend Sound Promoter. After inspection of the corporate records, Defendant will supplement the*
9  *answer to this interrogatory if necessary.*

10 *Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if*
   *new information becomes available.*
11

12 INTERROGATORY 13:

13     ANSWER:

14

15 *The fair market value of the subject property is the purchasing price. Defendant Pigida utilizes*
   *approximately 50% of the property (the second floor) as a personal residence and Soundtrack Studio*
16 *utilizes the ground floor as a recording studio.*

17 *Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if*
   *new information becomes available.*
18

19 INTERROGATORY 14:

20     ANSWER:

21 *Yes it is Defendant's contention that Trend Sound Promoter had adequate capital on January 27,*
   *2014. Please see Answer to Interrogatory No. 6.*
22

23 *Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if*
   *new information becomes available.*
24

25 INTERROGATORY 15:

       ANSWER:

DEFENDANT'S ANSWER TO
PLAINTIFF'S SECOND SET OF
INTERROGATORIES - 9 -
14-01248
*James v. Lakeshore Enterprises Trust*

**MDK | LAW**
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Declaration of James Rigby-- Page 99

Case 14-01248-MLB    Doc 43-2    Filed 04/30/15    Ent. 04/30/15 10:20:38    Pg. 22 of 119

1

2   *Defendant is unaware of any documents within his care, custody or control that has not been produced.*

3

4   *Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

DEFENDANT'S ANSWER TO
PLAINTIFF'S SECOND SET OF
INTERROGATORIES - 10 -
*14-01248*
*James v. Lakeshore Enterprises Trust*

**MDK | LAW**
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Declaration of James Rigby-- Page 100

Case 14-01248-MLB    Doc 43-2    Filed 04/30/15    Ent. 04/30/15 10:20:38    Pg. 23 of 119

## STATEMENT UNDER PENALTY OF PERJURY

The undersigned certifies under the penalty of perjury that he is the defendant, a trustee of Lakeshore Enterprises Trust, that he has read the foregoing, knows the contents thereof, and believes the same to be true.

DATED this 8th day of December 2014.

_____
Marina Bondarenko

The undersigned has read the foregoing responses and objections to discovery requests and certifies they are in compliance with Rule 26(g), Fed. R. Civ. P. and Bankruptcy Rule 7026.

DATED this 8th day of December 2014.

MDK LAW

_____
James P. Ware, WSBA # 36799
Of Attorneys for Defendants

DEFENDANT'S ANSWER TO
PLAINTIFF'S SECOND SET OF
INTERROGATORIES - 11 -
14-01248
*James v. Lakeshore Enterprises Trust*

MDK | LAW
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Declaration of James Rigby-- Page 101

Case 14-01248-MLB    Doc 43-2    Filed 04/30/15    Ent. 04/30/15 10:20:38    Pg. 24 of 119

# EXHIBIT "J"

1

2

3

4

5

6

7

8

**UNITED STATES BANKRUPTCY COURT FOR THE**
**WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

In re:

9

**TREND SOUND PROMOTER AMG CORP.,**

10

Debtors.

11

12

**BANKRUPTCY ESTATE OF TREND SOUND**
**PROMOTER AMG CORP, by and through**
**Nancy James, Bankruptcy Trustee,**

13

14

Plaintiff,

15

vs.

16

**VOLODIMYR PIGIDA and JANE DOE PIGIDA,**
**husband and wife and the marital community**
**comprised thereof, individually and as trustee of**
**Villa Property Company Trust; and MARINA**
**BONDARENKO and JOHN DOE**
**BONDARENKO, wife and husband, and the**
**marital community comprised thereof,**
**individually and as trustee of the Lakeshore**
**Enterprises Trust,**

17

18

19

20

21

Defendants.

**CHAPTER 7**
**BANKRUPTCY NO. 14-13193**

**ADVERSARY NO. 14-01248**

**DEFENDANT MARINA**
**BONDARENKO'S ANSWERS TO**
**PLAINTIFF'S SECOND SET OF**
**INTERROGATORIES**

22

23

TO:     Nancy James on behalf of Bankruptcy Estate of Trend Sound Promoter AMG, Corp.

24

AND TO:     James Rigby, her attorney.

25

DEFENDANT'S ANSWER TO
PLAINTIFF'S SECOND SET OF
INTERROGATORIES - 1 -
*14-01248*
*James v. Lakeshore Enterprises Trust*

Declaration of James Rigby-- Page 103

**MDK | LAW**
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Defendant states the following general objections to Plaintiff's First Set of Interrogatories. Any answers by Defendant to these First Set of Interrogatories are made subject to and without waiving any of the following general objections, which are incorporated into each and every answer and response.

In this matter, Defendant's investigation and discovery are continuing. As investigation and discovery proceed, witnesses, facts, documents, and other evidence may be disclosed or learned that are not set forth hereinafter, but which may have been responsive to a First Set of Interrogatories propounded by Plaintiff if known at the time thereof. Facts and other evidence, although known, may be imperfectly understood and, accordingly, information may, in good faith, not be included in the following responses (the "Responses," and each individually, a "Response"). Defendant reserves the right to supplement and amend its responses to these interrogatories.

Defendant reserves the right to refer to, conduct discovery with reference to or offer as evidence hereafter, such information that may have, in good faith, not been included in response to these interrogatories hereafter, despite their absence herein.

1. Defendant objects to any instructions and definitions set forth in the preamble to these interrogatories to the extent they seek information Defendant is not required to provide under the applicable Bankruptcy procedural rules or the Federal Rules of Civil Procedure and/or the local rules of the court in which this matter was filed.

2. Defendant objects to any instructions and definitions contained in the preamble to these interrogatories as overly broad, vague, confusing, burdensome and inconsistent with the under the applicable Bankruptcy procedural rules or the Federal Rules of Civil Procedure and/or the local rules of the court in which this matter was filed. Defendant will respond to the interrogatories in compliance with under the applicable Bankruptcy procedural rules or the Federal Rules of Civil Procedure and/or the local rules of the court in which this matter was filed and do not intend to be bound by any arbitrary instructions and definitions as stated in the preamble.

3. Defendant objects to each and every interrogatory insofar as it seeks information and/or identification of documents that is protected from disclosure by the attorney-client privilege and/or the

DEFENDANT'S ANSWER TO
PLAINTIFF'S SECOND SET OF
INTERROGATORIES - 2 -
14-01248
*James v. Lakeshore Enterprises Trust*          Declaration of James Rigby-- Page 104

**MDK | LAW**
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Case 14-01248-MLB    Doc 43-2    Filed 04/30/15    Ent. 04/30/15 10:20:38    Pg. 27 of 119

work product doctrine, and/or other applicable privileges or doctrines. To the extent that Defendant inadvertently provides information and/or identify a document that may arguably be protected from disclosure by the attorney-client privilege and/or the work product doctrine, and/or other applicable privileges or doctrines, such inadvertent production does not constitute a waiver of any such privilege.

4. Defendant objects to these interrogatories to the extent that they are overly broad, vague, ambiguous, unduly burdensome, oppressive and/or not reasonably calculated to lead to the discovery of admissible evidence.

5. Defendant objects to these interrogatories to the extent that they call for a "dress rehearsal" of trial and call for evidence upon which Defendants intend to rely to prove any fact or set of facts. *See Weber v. Biddle*, 72 Wn.2d 22, 29, 431 P.2d 705 (1967).

6. Defendant object to these interrogatories to the extent that they seek information and/or identification of documents which are already in Defendants' possession, custody, or control, or are by reasons of public filing or otherwise, readily accessible to Defendants.

7. Defendant objects to these interrogatories to the extent that they seek information and/or identification of documents provided in confidence to Defendant by third parties, which embody material that is private, business confidential, proprietary, and/or a trade secret, and which he has agreed not to disclose or disseminate, on the ground that such information and/or documents are privileged and/or private.

8. Certain information may be produced in a form which indicates that information has been redacted on the ground that the matter was (a) irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and/or (b) protected by an applicable privilege and/or the work product doctrine.

9. Nothing herein shall be construed as an admission or waiver by Defendant of Defendant's (a) rights respecting admissibility, competency, relevance, privilege, materiality, and/or authenticity of the information provided in the responses, documents identified in the responses, or the subject matter thereof; (b) objection due to vagueness, ambiguity, or undue burden; and (c) rights to object to the use

DEFENDANT'S ANSWER TO
PLAINTIFF'S SECOND SET OF
INTERROGATORIES - 3 -
*14-01248*
*James v. Lakeshore Enterprises Trust*

**MDK | LAW**
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Declaration of James Rigby-- Page 105

Case 14-01248-MLB    Doc 43-2    Filed 04/30/15    Ent. 04/30/15 10:20:38    Pg. 28 of 119

1    of information provided in the Responses, documents identified in the Responses or the subject matter

2    contained therein during a subsequent proceeding, including the trial of this or any other action.

3    Without waiving his objections, and subject to continuing investigation, Defendant responds as

4    follows:

5    INTERROGATORY 1:

6    ANSWER:

7

8    • *James P. Ware, counsel*
     • *Mark D. Kimball, counsel*
9    • *Volodimyr Pigida c/o MDK Law*
10   • *Marina Bondarenko c/o MDK Law*
     • *Vladimir Raskin, CPA.*
11

12   INTERROGATORY 2:

13   ANSWER:

14

15   *The Answer to this Interrogatory "may be determined by examining, auditing, compiling, abstracting, or summarizing" the business records of Soundtrack Studios, pursuant to Fed. R. Civ. P. 33(d),*
16   *incorporated in this proceeding by Fed R. Bankr. P. 7033. See documents PIGIDA 2201-PIGIDA 2263, PIGIDA 2264-PIGIDA 2275. Mr. Pigida will supplement his answer to this interrogatory by*
17   *producing additional records after the Court enters a stipulated protective order.*

18   *Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*
19

20   INTERROGATORY 3:

21   ANSWER:

22   *A list of Debtor's creditors can be found in Docket Entry 1 in 14-13193-MLB. Because the Trustee is now in possession of Trend Sound Promoter's records, including but not limited to, the database of*
23   *independent promoters found on the servers leased by Trend Sound Promoter, Mr. Pigida is not in possession of the data that corroborates the list of creditors found in 14-13193-MLB.*
24

25   *Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

DEFENDANT'S ANSWER TO
PLAINTIFF'S SECOND SET OF
INTERROGATORIES - 4 -
*14-01248*
*James v. Lakeshore Enterprises Trust*
Declaration of James Rigby-- Page 106

**MDK | LAW**
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Case 14-01248-MLB    Doc 43-2    Filed 04/30/15    Ent. 04/30/15 10:20:38    Pg. 29 of 119

INTERROGATORY 4:

ANSWER:

*Prior to the wire transfer of funds owed to Soundtrack Studio, the total balance of licensing fees as of January 27, 2014 was $2,672,347.00. After the transfer, the amount TSP owed Soundtrack Studio for licensing fees was $1,217,898.89. Please refer to Pigida 2243-Pigida 2256*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

INTERROGATORY 5:

ANSWER:

*Plaintiff is in possession of the data necessary to answer Interrogatory No. 5 as Plaintiff is in possession of the company's documents and records. Absent inspection of the corporate records Defendant cannot answer this Interrogatory. Critically, Defendants have requested a copy of the data stored on the servers leased by Trend Sound Promoter. After inspection of the corporate records, Defendant will supplement the answer to this interrogatory if necessary.*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

INTERROGATORY 6:

ANSWER:

*Yes, it is Defendant's position that Trend Sound Promoter was solvent on January 27, 2014 before the transfer of the subject funds and after the transfer of the subject funds. In December 2013 and January 2014, revenue from sources other than the sale of promoter packages was increasing substantially. From January 2014 through the beginning of March 2014, TSP generated approximately $1,000,000.00 in music sales. These sales were in addition to revenue from other sources such as advertisers, etc.*

DEFENDANT'S ANSWER TO
PLAINTIFF'S SECOND SET OF
INTERROGATORIES - 5 -
14-01248
*James v. Lakeshore Enterprises Trust*

**MDK | LAW**
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Declaration of James Rigby-- Page 107

Case 14-01248-MLB    Doc 43-2    Filed 04/30/15    Ent. 04/30/15 10:20:38    Pg. 30 of 119

*At the beginning of March 2014, however, the amount of traffic on the Internet that claimed Trend Sound Promoter was a hybrid pyramid/Ponzi scheme increased substantially. This was coupled with "anonymous" complaints to Trend Sound Promoter's advertising partners and to its financial institutions. Sometime in mid-March 2014, Bank of America froze Trend Sound's bank accounts and its merchant processing account. BoA stated that it froze the accounts because it received numerous calls/complaints that Trend Sound Promoter was a fraudulent business. In doing so, all revenue Trend Sound Promoter's was generating ceased. Critically, once TSP's merchant account was frozen, it could not conduct any sales. Music sales stopped, payments from advertising partners stopped, the ability to solicit new advertising partners, and to solicit new business partners stopped. In essence all revenue generating activities TSP oversaw stopped for three weeks. When BoA unfroze TSP's accounts in late March/early April 2014, it was apparent that Trend Sound Promoter simply could not revive its revenue sources. It was at that time it sought Chapter 11 protection.*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

INTERROGATORY 7:

ANSWER:

*Defendant objects to Interrogatory No. 7 to the extent is seeks a legal conclusion. These documents were prepared by Volodimyr Pigida, Marina Bondarenko, and former corporate counsel for Trend Sound Promoter, Annette Mouton. Ms. Mouton was counsel for Trend Sound Promoter, not Defendant. Accordingly, the attorney-client privilege is Trend Sound Promoter's and now controlled by the Trustee. Defendant cannot answer this Interrogatory without consulting Ms. Mouton. Further, Defendant would need to refer to documents that are within the care, custody, and control of trustee. Critically, Defendants have requested a copy of the data stored on the servers leased by Trend Sound Promoter. After inspection of the corporate records, Defendant will supplement the answer to this interrogatory if necessary.*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

INTERROGATORY 8:

Identify each document relating to the complaint herein, particularly paragraphs 11 and 12 of the Complaint to Recover Fraudulent Conveyance and the answer thereto.

ANSWER:

DEFENDANT'S ANSWER TO
PLAINTIFF'S SECOND SET OF
INTERROGATORIES - 6 -
14-01248
*James v. Lakeshore Enterprises Trust*

MDK | LAW
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Declaration of James Rigby-- Page 108

Case 14-01248-MLB    Doc 43-2    Filed 04/30/15    Ent. 04/30/15 10:20:38    Pg. 31 of 119

Defendant objects to Interrogatory No. 8 to the extent is seeks a legal conclusion. These documents were prepared by Volodymyr Pigida, Marina Bondarenko, and former corporate counsel for Trend Sound Promoter, Annette Mouton. Ms. Mouton was counsel for Trend Sound Promoter, not Defendant. Accordingly, the attorney-client privilege is Trend Sound Promoter's and now controlled by the Trustee. Defendant cannot answer this Interrogatory without consulting Ms. Mouton. Further, Defendant would need to refer to documents that are within the care, custody, and control of trustee. Critically, Defendants have requested a copy of the data stored on the servers leased by Trend Sound Promoter. After inspection of the corporate records, Defendant will supplement the answer to this interrogatory if necessary.

Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.

INTERROGATORY 9:

ANSWER:

Yes, it is my contention that Trend Sound Promoter AMG, Corp was solvent on January 27, 2014 both before and after the transfer of the subject funds.

On a cash basis Trend Sound Promoter was solvent on January 27, 2014 both before and after the transfer.

Given historical trends, on an accrual basis Trend Sound Promoter was also solvent on January 27, 2014 both before and after the transfer of the subject funds.

Critically, in 2014 Trend Sound Promoter had one million dollars in sales for goods and services other than promoter packages. Further, Trend Sound Promoter was in the process of evaluating the performance of its independent promoters to determine whether to renew each contract once their 12 month contract expired. In doing so, Trend Sound Promoter was going to reduce its promoter costs because it intended to retain only those promoters who actually sought to generate additional revenue for TSP and not simply performing the minimum requirements. But for the events that transpired in March 2013, historical projections indicate that Trend Sound Promoter would have remained solvent and was in no danger of insolvency.

Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.

DEFENDANT'S ANSWER TO
PLAINTIFF'S SECOND SET OF
INTERROGATORIES - 7 -
14-01248
James v. Lakeshore Enterprises Trust

MDK | LAW
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Declaration of James Rigby-- Page 109

Case 14-01248-MLB    Doc 43-2    Filed 04/30/15    Ent. 04/30/15 10:20:38    Pg. 32 of 119

INTERROGATORY 10:

    ANSWER:

*Yes. It is Defendant's contention that Trend Sound Promoter AMG, Corp.'s business model was not dependent on recruiting more independent promoters. Instead, Trend Sound Promoter's business model was dependent upon the retention of quality promoters and the expansion of its advertising partners and music partners. Beginning in late 2013/early 2014, Trend Sound Promoter saw a dramatic increase in revenue from advertising partners and from the sale of music. Critically, in early 2014 Trend Sound Promoter was contracting with numerous advertising partners and saw revenue of approximately $1,000,000.00 from its advertising partners and the sale of music.*

*The documents that support Defendant's position are within the care, custody, and control of Plaintiff. The data that supports Defendant's position can be found on Trend Sound Promoter's servers that show, among other things, the sales of music and the companies with which Trend Sound Promoter contracted as advertising partners.*
*Persons with knowledge are:*

- *Volodimyr Pigida*
- *Marina Bondarenko*
- *Vladimir Raskin, CPA.*
- *Anatoly Lukyanov*
- *Marina Avdaev*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

INTERROGATORY 11:

    ANSWER:

*Defendant objects to Interrogatory No. 8 to the extent is seeks a legal conclusion. These documents were prepared by Volodimyr Pigida, Marina Bondarenko, and former corporate counsel for Trend Sound Promoter, Annette Mouton. Ms. Mouton was counsel for Trend Sound Promoter, not Defendant. Accordingly, the attorney-client privilege is Trend Sound Promoter's and now controlled by the Trustee. Defendant cannot answer this Interrogatory without consulting Ms. Mouton. Further, Defendant would need to refer to documents that are within the care, custody, and control of trustee. Critically, Defendants have requested a copy of the data stored on the servers leased by Trend Sound Promoter. After inspection of the corporate records, Defendant will supplement the answer to this interrogatory if necessary.*

DEFENDANT'S ANSWER TO
PLAINTIFF'S SECOND SET OF
INTERROGATORIES - 8 -
*14-01248*
*James v. Lakeshore Enterprises Trust*

**MDK | LAW**
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Declaration of James Rigby-- Page 110

Case 14-01248-MLB   Doc 43-2   Filed 04/30/15   Ent. 04/30/15 10:20:38   Pg. 33 of 119

1 *Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if*
2 *new information becomes available.*

3 INTERROGATORY 12:

4     ANSWER:

5 *Defendant objects to Interrogatory No. 8 to the extent is seeks a legal conclusion. These documents*
*were prepared by Volodimyr Pigida, Marina Bondarenko, and former corporate counsel for Trend*
6 *Sound Promoter, Annette Mouton. Ms. Mouton was counsel for Trend Sound Promoter, not*
*Defendant. Accordingly, the attorney-client privilege is Trend Sound Promoter's and now controlled*
7 *by the Trustee. Defendant cannot answer this Interrogatory without consulting Ms. Mouton.*
*Further, Defendant would need to refer to documents that are within the care, custody, and control of*
8 *trustee. Critically, Defendants have requested a copy of the data stored on the servers leased by*
*Trend Sound Promoter. After inspection of the corporate records, Defendant will supplement the*
9 *answer to this interrogatory if necessary.*

10 *Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if*
*new information becomes available.*
11

12 INTERROGATORY 13:

13     ANSWER:

14

15 *The fair market value of the subject property is the purchasing price. Defendant Pigida utilizes*
*approximately 50% of the property (the second floor) as a personal residence and Soundtrack Studio*
16 *utilizes the ground floor as a recording studio.*

17 *Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if*
*new information becomes available.*
18

19 INTERROGATORY 14:

20     ANSWER:

21 *Yes it is Defendant's contention that Trend Sound Promoter had adequate capital on January 27,*
*2014. Please see Answer to Interrogatory No. 6.*
22

23 *Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if*
*new information becomes available.*
24

25 INTERROGATORY 15:

    ANSWER:

DEFENDANT'S ANSWER TO
PLAINTIFF'S SECOND SET OF
INTERROGATORIES - 9 -
14-01248
*James v. Lakeshore Enterprises Trust*

**MDK | LAW**
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Declaration of James Rigby-- Page 111

Case 14-01248-MLB   Doc 43-2   Filed 04/30/15   Ent. 04/30/15 10:20:38   Pg. 34 of 119

1

2   *Defendant is unaware of any documents within his care, custody or control that has not been produced.*

3

4   *Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

DEFENDANT'S ANSWER TO
PLAINTIFF'S SECOND SET OF
INTERROGATORIES - 10 -
*14-01248*
*James v. Lakeshore Enterprises Trust*

**MDK | LAW**
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Declaration of James Rigby-- Page 112

**STATEMENT UNDER PENALTY OF PERJURY**

The undersigned certifies under the penalty of perjury that he is the defendant, a trustee of Lakeshore Enterprises Trust, that he has read the foregoing, knows the contents thereof, and believes the same to be true.

DATED this 8th day of December 2014.

_____
Marina Bondarenko

The undersigned has read the foregoing responses and objections to discovery requests and certifies they are in compliance with Rule 26(g), Fed. R. Civ. P. and Bankruptcy Rule 7026.

DATED this 8th day of December 2014.

MDK LAW

_____
James P. Ware, WSBA # 36799
Of Attorneys for Defendants

DEFENDANT'S ANSWER TO
PLAINTIFF'S SECOND SET OF
INTERROGATORIES - 11 -
14-01248
James v. Lakeshore Enterprises Trust

MDK | LAW
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Declaration of James Rigby-- Page 113

Case 14-01248-MLB    Doc 43-2    Filed 04/30/15    Ent. 04/30/15 10:20:38    Pg. 36 of 119

# EXHIBIT "K"

RECEIVED

DEC 0 9 2014

THE RIGBY LAW FIRM

UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re:

TREND SOUND PROMOTER AMG CORP.,

        Debtors.

CHAPTER 7
BANKRUPTCY NO. 14-13193

ADVERSARY NO. 14-01248

BANKRUPTCY ESTATE OF TREND SOUND
PROMOTER AMG CORP, by and through
Nancy James, Bankruptcy Trustee,

                         Plaintiff,

          vs.

VOLODIMYR PIGIDA and JANE DOE PIGIDA,
husband and wife and the marital community
comprised thereof, individually and as trustee of
Villa Property Company Trust; and MARINA
BONDARENKO and JOHN DOE
BONDARENKO, wife and husband, and the
marital community comprised thereof,
individually and as trustee of the Lakeshore
Enterprises Trust,

                      Defendants.

DEFENDANT VOLODIMYR
PIGIDA'S (AS TRUSTEE FOR
LAKESHORE ENTERPRISES
TRUST) ANSWERS TO PLAINTIFF'S
SECOND SET OF
INTERROGATORIES

TO:    Nancy James on behalf of Bankruptcy Estate of Trend Sound Promoter AMG, Corp.

AND TO:    James Rigby, her attorney.

DEFENDANTS' FIRST SET OF - 1 -
INTERROGATORIES TO PLAINTIFF
14-01248
*James v. Lakeshore Enterprises Trust*

MDK | LAW
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Declaration of James Rigby-- Page 115

Defendant states the following general objections to Plaintiff's First Set of Interrogatories. Any answers by Defendant to these First Set of Interrogatories are made subject to and without waiving any of the following general objections, which are incorporated into each and every answer and response.

In this matter, Defendant's investigation and discovery are continuing. As investigation and discovery proceed, witnesses, facts, documents, and other evidence may be disclosed or learned that are not set forth hereinafter, but which may have been responsive to a First Set of Interrogatories propounded by Plaintiff if known at the time thereof. Facts and other evidence, although known, may be imperfectly understood and, accordingly, information may, in good faith, not be included in the following responses (the "Responses," and each individually, a "Response"). Defendant reserves the right to supplement and amend its responses to these interrogatories.

Defendant reserves the right to refer to, conduct discovery with reference to or offer as evidence hereafter, such information that may have, in good faith, not been included in response to these interrogatories hereafter, despite their absence herein.

1. Defendant objects to any instructions and definitions set forth in the preamble to these interrogatories to the extent they seek information Defendant is not required to provide under the applicable Bankruptcy procedural rules or the Federal Rules of Civil Procedure and/or the local rules of the court in which this matter was filed.

2. Defendant objects to any instructions and definitions contained in the preamble to these interrogatories as overly broad, vague, confusing, burdensome and inconsistent with the under the applicable Bankruptcy procedural rules or the Federal Rules of Civil Procedure and/or the local rules of the court in which this matter was filed. Defendant will respond to the interrogatories in compliance with under the applicable Bankruptcy procedural rules or the Federal Rules of Civil Procedure and/or the local rules of the court in which this matter was filed and do not intend to be bound by any arbitrary instructions and definitions as stated in the preamble.

3. Defendant objects to each and every interrogatory insofar as it seeks information and/or identification of documents that is protected from disclosure by the attorney-client privilege and/or the

DEFENDANTS' FIRST SET OF - 2 -
INTERROGATORIES TO PLAINTIFF
14-01248
*James v. Lakeshore Enterprises Trust*

MDK | LAW
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Declaration of James Rigby-- Page 116

Case 14-01248-MLB    Doc 43-2    Filed 04/30/15    Ent. 04/30/15 10:20:38    Pg. 39 of 119

work product doctrine, and/or other applicable privileges or doctrines. To the extent that Defendant inadvertently provides information and/or identify a document that may arguably be protected from disclosure by the attorney-client privilege and/or the work product doctrine, and/or other applicable privileges or doctrines, such inadvertent production does not constitute a waiver of any such privilege.

4. Defendant objects to these interrogatories to the extent that they are overly broad, vague, ambiguous, unduly burdensome, oppressive and/or not reasonably calculated to lead to the discovery of admissible evidence.

5. Defendant objects to these interrogatories to the extent that they call for a "dress rehearsal" of trial and call for evidence upon which Defendants intend to rely to prove any fact or set of facts. *See Weber v. Biddle,* 72 Wn.2d 22, 29, 431 P.2d 705 (1967).

6. Defendant object to these interrogatories to the extent that they seek information and/or identification of documents which are already in Defendants' possession, custody, or control, or are by reasons of public filing or otherwise, readily accessible to Defendants.

7. Defendant objects to these interrogatories to the extent that they seek information and/or identification of documents provided in confidence to Defendant by third parties, which embody material that is private, business confidential, proprietary, and/or a trade secret, and which he has agreed not to disclose or disseminate, on the ground that such information and/or documents are privileged and/or private.

8. Certain information may be produced in a form which indicates that information has been redacted on the ground that the matter was (a) irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and/or (b) protected by an applicable privilege and/or the work product doctrine.

9. Nothing herein shall be construed as an admission or waiver by Defendant of Defendant's (a) rights respecting admissibility, competency, relevance, privilege, materiality, and/or authenticity of the information provided in the responses, documents identified in the responses, or the subject matter thereof; (b) objection due to vagueness, ambiguity, or undue burden; and (c) rights to object to the use

DEFENDANTS' FIRST SET OF - 3 -
INTERROGATORIES TO PLAINTIFF
14-01248
*James v. Lakeshore Enterprises Trust*

**MDK | LAW**
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Declaration of James Rigby-- Page 117

Case 14-01248-MLB    Doc 43-2    Filed 04/30/15    Ent. 04/30/15 10:20:38    Pg. 40 of 119

of information provided in the Responses, documents identified in the Responses or the subject matter contained therein during a subsequent proceeding, including the trial of this or any other action.

Without waiving his objections, and subject to continuing investigation, Defendant responds as follows:

INTERROGATORY 1:

ANSWER:

- *James P. Ware, counsel*
- *Mark D. Kimball, counsel*
- *Volodimyr Pigida c/o MDK Law*
- *Marina Bondarenko c/o MDK Law*
- *Vladimir Raskin, CPA.*

INTERROGATORY 2:

ANSWER:

*The Answer to this Interrogatory "may be determined by examining, auditing, compiling, abstracting, or summarizing" the business records of Soundtrack Studios, pursuant to Fed. R. Civ. P. 33(d), incorporated in this proceeding by Fed R. Bankr. P. 7033. See documents PIGIDA 2201-PIGIDA 2263, PIGIDA 2264-PIGIDA 2275. Mr. Pigida will supplement his answer to this interrogatory by producing additional records after the Court enters a stipulated protective order.*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

INTERROGATORY 3:

ANSWER:

*A list of Debtor's creditors can be found in Docket Entry 1 in 14-13193-MLB. Because the Trustee is now in possession of Trend Sound Promoter's records, including but not limited to, the database of independent promoters found on the servers leased by Trend Sound Promoter, Mr. Pigida is not in possession of the data that corroborates the list of creditors found in 14-13193-MLB.*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

**MDK | LAW**
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

DEFENDANTS' FIRST SET OF - 4 -
INTERROGATORIES TO PLAINTIFF
14-01248
*James v. Lakeshore Enterprises Trust*

Declaration of James Rigby-- Page 118

Case 14-01248-MLB    Doc 43-2    Filed 04/30/15    Ent. 04/30/15 10:20:38    Pg. 41 of 119

INTERROGATORY 4:

ANSWER:

*Prior to the wire transfer of funds owed to Soundtrack Studio, the total balance of licensing fees as of January 27, 2014 was $2,672,347.00. After the transfer, the amount TSP owed Soundtrack Studio for licensing fees was $1,217,898.89. Please refer to Pigida 2243-Pigida 2256*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

INTERROGATORY 5:

ANSWER:

*Plaintiff is in possession of the data necessary to answer Interrogatory No. 5 as Plaintiff is in possession of the company's documents and records. Absent inspection of the corporate records Defendant cannot answer this Interrogatory. Critically, Defendants have requested a copy of the data stored on the servers leased by Trend Sound Promoter. After inspection of the corporate records, Defendant will supplement the answer to this interrogatory if necessary.*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

INTERROGATORY 6:

ANSWER:

*Yes, it is Defendant's position that Trend Sound Promoter was solvent on January 27, 2014 before the transfer of the subject funds and after the transfer of the subject funds. In December 2013 and January 2014, revenue from sources other than the sale of promoter packages was increasing substantially. From January 2014 through the beginning of March 2014, TSP generated approximately $1,000,000.00 in music sales. These sales were in addition to revenue from other sources such as advertisers, etc.*

*At the beginning of March 2014, however, the amount of traffic on the Internet that claimed Trend Sound Promoter was a hybrid pyramid/Ponzi scheme increased substantially. This was coupled with "anonymous" complaints to Trend Sound Promoter's advertising partners and to its financial*

DEFENDANTS' FIRST SET OF - 5 -
INTERROGATORIES TO PLAINTIFF
14-01248
*James v. Lakeshore Enterprises Trust*

MDK | LAW
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Declaration of James Rigby-- Page 119

Case 14-01248-MLB    Doc 43-2    Filed 04/30/15    Ent. 04/30/15 10:20:38    Pg. 42 of 119

*institutions. Sometime in mid-March 2014, Bank of America froze Trend Sound's bank accounts <u>and</u> its merchant processing account. BoA stated that it froze the accounts because it received numerous calls/complaints that Trend Sound Promoter was a fraudulent business. In doing so, all revenue Trend Sound Promoter's was generating ceased. Critically, once TSP's merchant account was frozen, it could not conduct <u>any</u> sales. Music sales stopped, payments from advertising partners stopped, the ability to solicit new advertising partners, and to solicit new business partners stopped. In essence all revenue generating activities TSP oversaw stopped for three weeks. When BoA unfroze TSP's accounts in late March/early April 2014, it was apparent that Trend Sound Promoter simply could not revive its revenue sources. It was at that time it sought Chapter 11 protection.*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

INTERROGATORY 7:

ANSWER:

*Defendant objects to Interrogatory No. 7 to the extent is seeks a legal conclusion. Defendant prepared these documents with Marina Bondarenko and former corporate counsel for Trend Sound Promoter, Annette Mouton. Ms. Mouton was counsel for Trend Sound Promoter, not Defendant. Accordingly, the attorney-client privilege is Trend Sound Promoter's and now controlled by the Trustee. Defendant cannot answer this Interrogatory without consulting Ms. Mouton. Further, Defendant would need to refer to documents that are within the care, custody, and control of trustee. Critically, Defendants have requested a copy of the data stored on the servers leased by Trend Sound Promoter. After inspection of the corporate records, Defendant will supplement the answer to this interrogatory if necessary.*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

INTERROGATORY 8:

Identify each document relating to the complaint herein, particularly paragraphs 11 and 12 of the Complaint to Recover Fraudulent Conveyance and the answer thereto.

ANSWER:

DEFENDANTS' FIRST SET OF - 6 -
INTERROGATORIES TO PLAINTIFF
14-01248
*James v. Lakeshore Enterprises Trust*

Declaration of James Rigby-- Page 120

**MDK | LAW**
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Case 14-01248-MLB    Doc 43-2    Filed 04/30/15    Ent. 04/30/15 10:20:38    Pg. 43 of 119

*Defendant objects to Interrogatory No. 8 to the extent is seeks a legal conclusion. Defendant prepared these documents with Marina Bondarenko and former corporate counsel for Trend Sound Promoter, Annette Mouton. Ms. Mouton was counsel for Trend Sound Promoter, not Defendant. Accordingly, the attorney-client privilege is Trend Sound Promoter's and now controlled by the Trustee. Defendant cannot answer this Interrogatory without consulting Ms. Mouton. Further, Defendant would need to refer to documents that are within the care, custody, and control of trustee. Critically, Defendants have requested a copy of the data stored on the servers leased by Trend Sound Promoter. After inspection of the corporate records, Defendant will supplement the answer to this interrogatory if necessary.*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

INTERROGATORY 9:

    ANSWER:

*Yes, it is my contention that Trend Sound Promoter AMG, Corp was solvent on January 27, 2014 both before and after the transfer of the subject funds.*

*On a cash basis Trend Sound Promoter was solvent on January 27, 2014 both before and after the transfer.*

*Given historical trends, on an accrual basis Trend Sound Promoter was also solvent on January 27, 2014 both before and after the transfer of the subject funds.*

*Critically, in 2014 Trend Sound Promoter had one million dollars in sales for goods and services other than promoter packages. Further, Trend Sound Promoter was in the process of evaluating the performance of its independent promoters to determine whether to renew each contract once their 12 month contract expired. In doing so, Trend Sound Promoter was going to reduce its promoter costs because it intended to retain only those promoters who actually sought to generate additional revenue for TSP and not simply performing the minimum requirements. But for the events that transpired in March 2013, historical projections indicate that Trend Sound Promoter would have remained solvent and was in no danger of insolvency.*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

INTERROGATORY 10:

DEFENDANTS' FIRST SET OF - 7 -
INTERROGATORIES TO PLAINTIFF
14-01248
*James v. Lakeshore Enterprises Trust*

**MDK | LAW**
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Declaration of James Rigby-- Page 121

Case 14-01248-MLB    Doc 43-2    Filed 04/30/15    Ent. 04/30/15 10:20:38    Pg. 44 of 119

ANSWER:

*Yes. It is Defendant's contention that Trend Sound Promoter AMG, Corp.'s business model was not dependent on recruiting more independent promoters. Instead, Trend Sound Promoter's business model was dependent upon the retention of quality promoters and the expansion of its advertising partners and music partners. Beginning in late 2013/early 2014, Trend Sound Promoter saw a dramatic increase in revenue from advertising partners and from the sale of music. Critically, in early 2014 Trend Sound Promoter was contracting with numerous advertising partners and saw revenue of approximately $1,000,000.00 from its advertising partners and the sale of music.*

*The documents that support Defendant's position are within the care, custody, and control of Plaintiff. The data that supports Defendant's position can be found on Trend Sound Promoter's servers that show, among other things, the sales of music and the companies with which Trend Sound Promoter contracted as advertising partners.*
*Persons with knowledge are:*
- *Volodimyr Pigida*
- *Marina Bondarenko*
- *Vladimir Raskin, CPA.*
- *Anatoly Lukyanov*
- *Marina Avdaev*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

INTERROGATORY 11:

ANSWER:

*Defendant objects to Interrogatory No. 8 to the extent is seeks a legal conclusion. Defendant prepared these documents with Marina Bondarenko and former corporate counsel for Trend Sound Promoter, Annette Mouton. Ms. Mouton was counsel for Trend Sound Promoter, not Defendant. Accordingly, the attorney-client privilege is Trend Sound Promoter's and now controlled by the Trustee. Defendant cannot answer this Interrogatory without consulting Ms. Mouton. Further, Defendant would need to refer to documents that are within the care, custody, and control of trustee. Critically, Defendants have requested a copy of the data stored on the servers leased by Trend Sound Promoter. After inspection of the corporate records, Defendant will supplement the answer to this interrogatory if necessary.*

*Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if new information becomes available.*

DEFENDANTS' FIRST SET OF - 8 -
INTERROGATORIES TO PLAINTIFF
14-01248
*James v. Lakeshore Enterprises Trust*

**MDK | LAW**
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Declaration of James Rigby-- Page 122

Case 14-01248-MLB    Doc 43-2    Filed 04/30/15    Ent. 04/30/15 10:20:38    Pg. 45 of 119

1 | INTERROGATORY 12:

2 |    ANSWER:

3 | *Defendant objects to Interrogatory No. 8 to the extent is seeks a legal conclusion. Defendant*
*prepared these documents with Marina Bondarenko and former corporate counsel for Trend Sound*
4 | *Promoter, Annette Mouton. Ms. Mouton was counsel for Trend Sound Promoter, not Defendant.*
*Accordingly, the attorney-client privilege is Trend Sound Promoter's and now controlled by the*
5 | *Trustee. Defendant cannot answer this Interrogatory without consulting Ms. Mouton. Further,*
*Defendant would need to refer to documents that are within the care, custody, and control of trustee.*
6 | *Critically, Defendants have requested a copy of the data stored on the servers leased by Trend Sound*
*Promoter. After inspection of the corporate records, Defendant will supplement the answer to this*
7 | *interrogatory if necessary.*

8 | *Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if*
9 | *new information becomes available.*

10 | INTERROGATORY 13:

11 |    ANSWER:

12 |

13 | *The fair market value of the subject property is the purchasing price. Defendant Pigida utilizes*
*approximately 50% of the property (the second floor) as a personal residence and Soundtrack Studio*
14 | *utilizes the ground floor as a recording studio.*

15 | *Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if*
*new information becomes available.*
16 |

17 | INTERROGATORY 14:

18 |    ANSWER:

19 | *Yes it is Defendant's contention that Trend Sound Promoter had adequate capital on January 27,*
*2014. Please see Answer to Interrogatory No. 6.*
20 |

21 | *Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if*
*new information becomes available.*
22 |

23 | INTERROGATORY 15:

24 |    ANSWER:

25 |

**MDK | LAW**
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

DEFENDANTS' FIRST SET OF - 9 -
INTERROGATORIES TO PLAINTIFF
*14-01248*
*James v. Lakeshore Enterprises Trust*

Declaration of James Rigby-- Page 123

Case 14-01248-MLB    Doc 43-2    Filed 04/30/15    Ent. 04/30/15 10:20:38    Pg. 46 of 119

1  *Defendant is unaware of any documents within his care, custody or control that has not been*
   *produced.*
2
   *Discovery is ongoing. Defendant reserves the right to supplement the answer to this Interrogatory if*
3  *new information becomes available.*
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
              **STATEMENT UNDER PENALTY OF PERJURY**
24       The undersigned certifies under the penalty of perjury that he is the defendant, a trustee of
   Lakeshore Enterprises Trust, that he has read the foregoing, knows the contents thereof, and believes
25  the same to be true.

                                                        **MDK | LAW**
                                              777 108th Avenue Northeast, Suite 2170
                                                     Bellevue, Washington 98004
   DEFENDANTS' FIRST SET OF - 10 -                           (425) 455-9610
   INTERROGATORIES TO PLAINTIFF
   *14-01248*
   *James v. Lakeshore Enterprises Trust*        Declaration of James Rigby-- Page 124

**STATEMENT UNDER PENALTY OF PERJURY**

The undersigned certifies under the penalty of perjury that he is the defendant, a trustee of Lakeshore Enterprises Trust, that he has read the foregoing, knows the contents thereof, and believes the same to be true.

DATED this 8th day of December 2014.



Volodimyr Pigida

The undersigned has read the foregoing responses and objections to discovery requests and certifies they are in compliance with Rule 26(g), Fed. R. Civ. P. and Bankruptcy Rule 7026.

DATED this 8th day of December 2014.

MDK LAW



James P. Ware, WSBA # 36799
Of Attorneys for Defendants

DEFENDANT'S ANSWER TO
PLAINTIFF'S SECOND SET OF
INTERROGATORIES - 11 -
14-01248
*James v. Lakeshore Enterprises Trust*

MDK | LAW
777 108th Avenue Northeast, Suite 2170
Bellevue, Washington 98004
(425) 455-9610

Declaration of James Rigby-- Page 125

Case 14-01248-MLB    Doc 43-2    Filed 04/30/15    Ent. 04/30/15 10:20:38    Pg. 48 of 119

# EXHIBIT "L"

# LICENSE AGREEMENT

THIS AGREEMENT (the "Agreement"), made and entered into on December 5, 2012 ("Effective Date"), is by and between Soundtrack Studio LLC, a Washington limited liability company ("Soundtrack"), and Trend Sound Promoter AMG Corp. a Washington corporation ("Licensee").

WHEREAS Soundtrack has rights to a library of audio recordings, to which they may grant licenses to both master recordings and the underlying musical compositions to third parties, and is engaged in the business of providing the limited, non-exclusive right to use their catalog of recorded music for a variety of purposes as set forth below, and

WHEREAS Licensee is an independent contractor who desires to access the catalog of music in order to use said recordings and underlying musical compositions for as desired by Licensee, including but not limited to such possible usages as inclusion in Licensee's films, videos, television programs, audio programs, commercial ads, videogames, websites and other audio and/or audio visual uses, subject to the terms, conditions, and restrictions of this Agreement, as set forth below.

In consideration of the mutual covenants and conditions contained in this Agreement, the parties agree as follows:

**1. Licensed Works.** The musical compositions (the "Compositions"), the master recordings ("Masters") and the cover artwork ("Artwork") covered by this Agreement are all those listed on Schedule A, incorporated by this reference. The particular Masters and Compositions which are the subject of this license shall be referred to collectively as the "Licensed Works".

**2. Term.** Soundtrack grants the rights in this Agreement to Licensee for a period of two years the Licensed Works included on Schedule A (the "License Term"). The License Term, and payment, is based on a monthly, quarterly, semiannual, or an annual basis, as the parties may mutually agree. The License Term begins on the date below and automatically renews unless and until Licensee notifies Soundtrack in writing that Licensee elects to terminate this Agreement. Licensee must provide notice to Soundtrack not less than ten (10) days prior to the expiration of the then-current contract period.

**3. Territory.** The territory covered by this license shall be the world (the "Territory").

**4. License Fee.** Licensee shall pay Soundtrack 20% of all revenue Licensee collects for the sale of its ad-promoting packages that include sub-licenses for Licensee's independent promoter distributor's use of the Licensed Works (the "License Fee"). Soundtrack is responsible for forwarding royalties to all artists, publishing companies or collection agencies from the License Fee. Licensee shall pay Soundtrack on a quarterly basis or other terms that parties agree to. Soundtrack may assign any part or all of any Licensee fee to any third party Soundtrack designates in writing ten days before such payment is due. Licensee's use of the License Work without paying the License Fee constitutes a material breach of this Agreement, entitling Soundtrack to all available remedies under Washington law. In the event that Licensee publicly exploits any Licensed Works the public exploitation is permitted only if the Licensee is a paid member in good standing of Soundtrack on the day that the Licensee's work was first made available to the public. Licensee shall pay and be responsible for all taxes and levies connected to the use of the Compositions according to the conditions of this agreement.

### 5. Purpose.

(a) Soundtrack is engaged in the business of providing rights to its licensees to use any and all of Soundtrack's catalog of audio recordings and musical compositions, for the following purposes: (i) record, dub, synchronize and fix in synchronization or timed relation with visual images, including but not limited to motion pictures, television, video; (ii) remix, edit, and alter same; (iii) add or modify lyrics; (iv) duplicate and make copies; (v) couple with other audio recordings; (vi) "sample" same, and combine with other recordings: (vii) use as background music, incidental music in television, radio, slide shows, power point displays, and other productions; (viii) use in theatrical productions; (i) use on websites, and as streaming audio and downloadable digital files on the internet; and (ix) embed (solely in its altered form) on compact discs, pre-recorded tapes, vinyl phonograph records, dvds, and other formats and configurations.

(b) Notwithstanding the foregoing, Licensee shall use the Licensed Works for any and all of the purposes set forth in Paragraph 5(a) above, subject to the Agreements terms and conditions. Notwithstanding the foregoing, Licensee shall have no right to resell, publicly perform, transfer or hypothecate the unaltered version of the Licensed Work.

**6. Grant of Rights.** Soundtrack grants to Licensee a non-exclusive, worldwide license to sub-license to its independent promoters distributors the right to use the Licensed Works in synchronization or timed relation with other audio and/or audio/visual productions ("Projects") for broadcast and/or non-broadcast purposes during the License Term for the permitted purposes set forth in Paragraph 5, subject to the Agreements terms, conditions and restrictions.

(a)     Licensee shall attribute and credit the Licensed Works in all exhibition and exploitation of the Licensed Works.

(b) Licensee is be permitted to edit and/or remix the Licensed Works, or any part thereof, as required for its intended usage, subject to the Agreement terms and conditions. Any alteration or modification by Licensee of the Licensed Work, including but not limited to Licensee's remix, addition or change of any lyrics, shall be at Licensee's sole risk, and Soundtrack shall have no responsibility regarding any such alteration or modification.

(c) Licensee has the right throughout the Territory to fix and record the Licensed Work in synchronization or timed relation with the IPD Network and to make copies thereof, in respect of the exhibition and exploitation in all media now known or hereafter devised, including, without limitation, theatrical and non-theatrical exhibition and broadcast on all forms of television, including network, non-network, local or syndicated broadcasts, "pay television", "cable television", "subscription television", "CATV", closed circuit television and to import and export film copies of the Project embodying the Licensed Works.

(d) Licensee acknowledges and agrees that all rights in and to the Licensed Works, whether now known or hereafter in existence, that are not granted to Licensee hereunder are specifically reserved by Soundtrack.

### 7. Warranties and Representations.

(a) Licensee warrants and represents that: (i) it has the right to enter into this Agreement and has not entered into any other agreement that would interfere with your grant of rights in this Agreement; (ii) not under any disability, restriction or prohibition, whether contractual or otherwise, with respect to its right to execute this Agreement; (iii) all information Licensee

provides during the Term is accurate, complete and not misleading in any material respect; (iv) it shall only use the Masters and Compositions for the purposes set forth in Paragraph 5 above, as determined by Licensee, in accordance with the terms of this Agreement; (v) Licensee will not encourage or be associated with illegal or illicit activities.

(b) Soundtrack warrants and represents that: (i) it has the right to enter into this Agreement and has not entered into any other agreement that would interfere with your grant of rights in the Agreement; (ii) is under no disability, restriction or prohibition, whether contractual or otherwise, with respect to its right to grant the rights granted and execute this Agreement; (iii) it has obtained from the owner and publisher of the original Compositions (and has obtained rights to arrangements of public domain compositions), and Masters identified in Exhibit A sufficient to grant the rights to Licensee; and (iv) no Composition or Master nor any other selections, ideas or other properties contained in the Licensed Works violate or infringe upon any common law or statutory right of any person, firm or corporation, including, without limitation, contractual rights, copyrights, trademarks and rights of privacy.

## 8. Indemnity.

(a) Soundtrack shall indemnify, save and hold Licensee harmless from any and all damages, liabilities, costs, losses and expenses (including reasonable attorneys fees) directly related to any claim, demand or action which is inconsistent with the warranties, representations or covenants made by Soundtrack, which such claim results in a final, non-appealable judgment in a court of competent jurisdiction or which is settled with Soundtrack's consent. Notwithstanding the foregoing, Licensee shall notify Soundtrack within five (5) days of any such claim, demand, or action against Licensee. Licensee shall have the right, at its sole expense, to participate in the defense with counsel of its choice, provided, however, Soundtrack shall have the right at all times, in its sole discretion, to retain and resume control of such action and proceedings.

(b) Licensee shall indemnify, save and hold Soundtrack, its licensees, successors, assigns, employees, officers, directors and representatives harmless from any and all damages, liabilities, costs, losses and expenses (including costs and reasonable attorney's fees) arising out of or connected with any claim, demand or action which is inconsistent with any of the warranties, representations or covenants made by Licensee hereunder. Soundtrack shall have the right to participate in the defense of any claim, demand, or action with counsel of its choice, at its sole cost and expense.

**9. Limitation on Liability.** Notwithstanding the foregoing, Soundtrack shall not be liable for any indirect, special or consequential damages including but not limited to loss of anticipated profits, in connection with or arising from this Agreement and shall not be liable for any loss, damage, claim or liability arising from or related to any software program, data errors, digital transmission errors, failures, interruptions or delays, regardless of cause. In no event shall Soundtrack 's total liability exceed the License Fee paid by Licensee hereunder.

**10. Notices.** Any and all notices that the parties are required or desire to be sent shall be in writing and sent to the addresses first indicated above or at such other addresses as the parties may indicate by depositing same, registered or certified mail, return receipt requested, postage prepaid, in an official depository under the exclusive care and control of the United States Postal Service. Notices shall be deemed given when sent except for notice of change of address, which shall only be effective from the date of receipt thereof.

**11. Assignment.** Soundtrack shall have the right to assign this Agreement to any party with whom they shall merge, consolidate, or which acquires a substantial, interest in the assets of

TSPA 000082

Soundtrack's business. Licensee shall have the limited right to assign this Agreement to any party with whom they shall merge, consolidate, or which acquires a substantial, interest in the assets of Licensee's business, provided such person or form shall continue to pay the License Fee for the subscription service hereunder, or a flat fee ("buyout') for the right to use any specific Licensed Work for a particular purpose.

**12. Arbitration.** Any controversy, claim or dispute arising out of or relating to this Agreement, shall be settled solely and exclusively by binding arbitration in Seattle, Washington. Such arbitration shall be conducted in accordance with the then prevailing commercial arbitration rules of the American Arbitration Association. Each party shall bear its own attorneys fees and expenses. The parties agree to abide by all decisions and awards rendered in such proceedings. Such decisions and awards rendered by the arbitrator shall be final and conclusive. All such controversies, claims or disputes shall be settled in this manner in lieu of any action at law or equity; provided however, that nothing in this subsection shall be construed as precluding the bringing of an action for injunctive relief or other equitable relief.

**13. Miscellaneous.** This agreement is parties the final expression of their agreement and a complete and exclusive statement of its terms, and that no extrinsic evidence whatsoever may be introduced in any judicial, administrative, or other legal proceeding involving this Agreement. This license is binding upon and shall inure to the benefit of the respective successors or assigns of the parties. This Agreement may not be modified, amended, or terminated except by an instrument in writing, signed by the parties. Soundtrack shall not be deemed to be in breach of any of the obligations hereunder unless and until they shall have been given specific written notice from Licensee by certified or registered mail, return receipt requested, of the nature of such breach and shall thereafter fail to commence the cure of such breach within thirty (30) days after receipt of such written notice. If any provision of this Agreement, or the application thereof to any person, place, or circumstance, shall be held by a court of competent jurisdiction to be invalid, unenforceable, or void, the remainder of this agreement and such provisions as applied to other persons, places, and circumstances shall remain in full force and effect. The validity, interpretation, enforceability, and performance of this Agreement shall be governed by and construed in accordance with the law of the State of Washington.

NO SIGNATURE - LICENSE NOT VALID

Authorized signature: Marina Bondarenko, Member of Soundtrack Studio LLC

# EXHIBIT "M"

## SOUNDT STUDIOS LLC

| | |
|---|---|
| UBI Number | 603241958 |
| Category | LLC |
| Active/Inactive | Active |
| State Of Incorporation | WA |
| WA Filing Date | 09/28/2012 |
| Expiration Date | 09/30/2015 |
| Inactive Date | |
| Duration | Perpetual |
| Registered Agent Information | |
| Agent Name | RESET LEGAL SERVICES PLLC |
| Address | 14205 SE 36TH ST #100 |
| City | BELLEVUE |
| State | WA |
| ZIP | 98006 |
| Special Address Information | |
| Address | PO BOX 50262 |
| City | BELLEVUE |
| State | WA |
| Zip | 98015 |

### Governing Persons

| Title | Name | Address |
|---|---|---|
| Member | PIGIDA , VOLODIMYR | 227 BELLEVUE WAY NE # 82<br>BELLEVUE , WA 98004 |
| Member | BONDARENKO , MARINA | 227 BELLEVUE WAY NE # 82<br>BELLEVUE , WA 98004 |

# EXHIBIT "N"

# Letter of Assignment

Soundtrack Studio LLC
989 112th Ave NE Unit 1805
Bellevue, WA 98004

Trend Sound Promoter AMG. Corp.
601 108th Ave. NE
Suite 1900
Bellevue, WA 98004

Dear Trend Sound Promoter,

This letter authorizes you to assign a portion of the fees due to Soundtrack Studio LLC under the License Agreement dated December 5, 2012 between Trend Sound Promoter and Soundtrack Studio. On February 10, 2013 please forward the amount of twelve thousand dollars ($12,000.00) to RIDA. Soundtrack Studio certifies that Trend Sound Promoter's assignment of funds to RIDA satisfies Trend Sound Promoters obligation under paragraph 4 of the License Agreement for the first quarter of 2014

Sincerely,

Soundtrack Studio LLC management

Sound T Studio LLC
989 112TH AVE NE # 908
Bellevue, WA 98004
soundtrackstudiovp@gmail.com



**SoundT**
STUDIO

**Invoice: 1284**

Date: February 10, 2013

Billed To:
**TREND SOUND PROMOTER AMG CORP**
**1020 108th Ave NE Apt 908**
**Bellevue WA 98004**
**USA**

# ORDER INVOICE

**Description: PAYMENT FOR LICENSE FEE**

| 1 | LICENSE FEE | $12,000.00 |
|---|---|---|
| 2 | | $ |
| 3 | | $ |
| 4 | | $ |
| 5 | | $ |
| 6 | | $ |
| 7 | | $ |
| 8 | | $ |

**TOTAL DUE: $12,000.00**

**The payment is due upon receipt of this invoice.**

At SoundT Studio we take an individual approach for each artist to highlight their uniqueness and their own style. We also give free professional advice to your work, to harmonize style, genre and melody. You will be able to record your song in the studio that has all the necessary facilities and equipment.

# Letter of Assignment

Soundtrack Studio LLC
989 112th Ave NE Unit 1805
Bellevue, WA 98004

Trend Sound Promoter AMG. Corp.
601 108th Ave. NE
Suite 1900
Bellevue, WA 98004

Dear Trend Sound Promoter,

This letter authorizes you to assign a portion of the fees due to Soundtrack Studio LLC under the License Agreement dated December 5, 2012 between Trend Sound Promoter and Soundtrack Studio. On March 20, 2013 please forward the amount of Five thousand one hundred dollars ($5,100.00) to GSVP LLC. Soundtrack Studio certifies that Trend Sound Promoter's assignment of funds to GSVP LLC satisfies Trend Sound Promoters obligation under paragraph 4 of the License Agreement for the first quarter of 2014

Sincerely,

Soundtrack Studio LLC management

Sound T Studio LLC
989 112ᵀᴴ AVE NE # 908
Bellevue, WA 98004
soundtrackstudiovp@gmail.com

Date: March 20, 2013



**Invoice: 1294**

Billed To:
**TREND SOUND PROMOTER AMG CORP**
**1020 108th Ave NE Apt 908**
**Bellevue WA 98004**
**USA**

# ORDER INVOICE

**Description: PAYMENT FOR LICENSE FEE**

| 1 | LICENSE FEE | |
|---|---|---|
| 2 | | $5,100.00 |
| 3 | | $ |
| 4 | | $ |
| 5 | | $ |
| 6 | | $ |
| 7 | | $ |
| 8 | | $ |
| | | $ |

TOTAL DUE: $5,100.00

**The payment is due upon receipt of this invoice.**

At SoundT Studio we take an individual approach for each artist to highlight their uniqueness and their own style. We also give free professional advice to your work, to harmonize style, genre and melody. You will be able to record your song in the studio that has all the necessary facilities and equipment.

Sound T Studio LLC
989 112TH AVE NE # 908
Bellevue, WA 98004
soundtrackstudiovp@gmail.com

Date: MARCH 30, 2013



**Invoice: 001**

Billed To:
**TREND SOUND PROMOTER AMG CORP**
**601 108th Ave NE Apt 1900**
**Bellevue WA 98004**
**USA**

# ORDER INVOICE

Description: PAYMENTS FOR 1RD QUARTER

| 1 |  |  |
|---|---|---|
| 2 | LICENSE FEE |  |
| 3 |  | $64,280,00 |
| 4 |  | $ |
| 5 |  | $ |
| 6 |  | $ |
| 7 |  | $ |
| 8 |  | $ |
|  |  | $ |
|  |  | $ |

3/30/2013 MUSIC LICENS SALES SUMMARY FOR 1RD QUARTER
TSP QUARTER INCOME BALANCE $321,400.00
20% LICENSE FEE DUE $64,280.00
Balance for Previously $64, 280, 00

REMAINING LICENSE FEES PAYMENT $64,280.00

**The payment is due upon receipt of this invoice.**

At SoundT Studio we take an individual approach for each artist to highlight their uniqueness and their own style. We also give free professional advice to your work, to harmonize style, genre and melody. You will be able to record your song in the studio that has all the necessary facilities and equipment.

Declaration of James Rigby-- Page 138

Sound T Studio LLC
989 112TH AVE NE # 908
Bellevue, WA 98004
soundtrackstudiovp@gmail.com



**SoundT**
STUDIO

**Date: April 5, 2013**

**Invoice: 12464**

Billed To:
**TREND SOUND PROMOTER AMG CORP**
**1020 108th Ave NE Apt 908**
**Bellevue WA 98004**
**USA**

# ORDER INVOICE

**Description: PAYMENT FOR LICENSE FEE**

| | | |
|---|---|---|
| 1 | LICENSE FEE | $8,550.00 |
| 2 | | $ |
| 3 | | $ |
| 4 | | $ |
| 5 | | $ |
| 6 | | $ |
| 7 | | $ |
| 8 | | $ |

**TOTAL DUE: $8,550.00**

**The payment is due upon receipt of this invoice.**

At SoundT Studio we take an individual approach for each artist to highlight their uniqueness and their own style. We also give free professional advice to your work, to harmonize style, genre and melody. You will be able to record your song in the studio that has all the necessary facilities and equipment.

Sound T Studio LLC
989 112ᵀᴴ AVE NE # 908
Bellevue, WA 98004
soundtrackstudiovp@gmail.com

Date: April 20, 2013



**SoundT**
STUDIO

Invoice: 12474

Billed To:
**TREND SOUND PROMOTER AMG CORP**
**1020 108ᵗʰ Ave NE Apt 908**
**Bellevue WA 98004**
**USA**

# ORDER INVOICE

**Description: PAYMENT FOR LICENSE FEE**

| 1 | LICENSE FEE | $20,908.00 |
|---|---|---|
| 2 | | $ |
| 3 | | $ |
| 4 | | $ |
| 5 | | $ |
| 6 | | $ |
| 7 | | $ |
| 8 | | $ |

**TOTAL DUE: $20,908.00**

**The payment is due upon receipt of this invoice.**

At SoundT Studio we take an individual approach for each artist to highlight their uniqueness and their own style. We also give free professional advice to your work, to harmonize style, genre and melody. You will be able to record your song in the studio that has all the necessary facilities and equipment.

Sound T Studio LLC
989 112ᵀᴴ AVE NE # 908
Bellevue, WA 98004
soundtrackstudiovp@gmail.com



**SoundT**
STUDIO

**Invoice: 12484**

Date: April 25, 2013

Billed To:
**TREND SOUND PROMOTER AMG CORP**
1020 108ᵗʰ Ave NE Apt 908
Bellevue WA 98004
USA

# ORDER INVOICE

**Description: PAYMENT FOR LICENSE FEE**

| 1 | LICENSE FEE | |
|---|---|---|
| 2 | | $4,800.00 |
| 3 | | $ |
| 4 | | $ |
| 5 | | $ |
| 6 | | $ |
| 7 | | $ |
| 8 | | $ |
| | | $ |

**TOTAL DUE: $4,800.00**

The payment is due upon receipt of this invoice.

At SoundT Studio we take an individual approach for each artist to highlight their uniqueness and their own style. We also give free professional advice to your work, to harmonize style, genre and melody. You will be able to record your song in the studio that has all the necessary facilities and equipment.

Sound T Studio LLC
989 112TH AVE NE # 908
Bellevue, WA 98004
soundtrackstudiovp@gmail.com

Date: May 20, 2013



**SoundT**
STUDIO

**Invoice: 12494**

Billed To:
**TREND SOUND PROMOTER AMG CORP**
**1020 108th Ave NE Apt 908**
**Bellevue WA 98004**
**USA**

# ORDER INVOICE

**Description: PAYMENT FOR LICENSE FEE**

| 1 | LICENSE FEE | |
|---|---|---|
| 2 | | $3,000.00 |
| 3 | | $ |
| 4 | | $ |
| 5 | | $ |
| 6 | | $ |
| 7 | | $ |
| 8 | | $ |
| | | $ |

**TOTAL DUE: $3,000.00**

**The payment is due upon receipt of this invoice.**

At SoundT Studio we take an individual approach for each artist to highlight their uniqueness and their own style. We also give free professional advice to your work, to harmonize style, genre and melody. You will be able to record your song in the studio that has all the necessary facilities and equipment.

Sound T Studio LLC
989 112TH AVE NE # 908
Bellevue, WA 98004
soundtrackstudiovp@gmail.com



**SoundT**
STUDIO

Date: July 2, 2013

**Invoice: 12594**

Billed To:
**TREND SOUND PROMOTER AMG CORP**
**1020 108th Ave NE Apt 908**
**Bellevue WA 98004**
**USA**

# ORDER INVOICE

Description: PAYMENT FOR LICENSE FEE

| 1 | LICENSE FEE | |
|---|---|---|
| 2 | | $8,000.00 |
| 3 | | $ |
| 4 | | $ |
| 5 | | $ |
| 6 | | $ |
| 7 | | $ |
| 8 | | $ |
| | | $ |

**TOTAL DUE: $8,000.00**

The payment is due upon receipt of this invoice.

At SoundT Studio we take an individual approach for each artist to highlight their uniqueness and their own style. We also give free professional advice to your work, to harmonize style, genre and melody. You will be able to record your song in the studio that has all the necessary facilities and equipment.

SoundT Studio LLC

Sound T Studio LLC
989 112TH AVE NE # 908
Bellevue, WA 98004
soundtrackstudiovp@gmail.com



**SoundT**
STUDIO

**Invoice: 002**

Date: June 30, 2013

Billed To:
**TREND SOUND PROMOTER AMG CORP**
**601 108th Ave NE Apt 1900**
**Bellevue WA 98004**
**USA**

# ORDER INVOICE

**Description:** PAYMENT FOR 2nd QUARTER

| 1 | LICENSE FEE | $410,989,00 |
|---|---|---|
| 2 | | $ |
| 3 | | $ |
| 4 | | $ |
| 5 | | $ |
| 6 | | $ |
| 7 | | $ |
| 8 | | $ |

6/30/2013 F MUSIC LICENS SALES SUMMARY FOR 2nd QUARTER
TSP QUARTER INCOME BALANCE $2, 005, 335, 00
20% LICENSE FEE DUE $401,067.00
Previously balance for 03/30/2013 $64, 280, 00
02/28/2013 PAID $12,000.00
02/28/2013 PAID $5,100.00
04/14/2013 PAID $8,550, 00
05/01/2013 PAID $20,908.00
05/06/2013 PAID $4,800, 00
05/30/2013 PAID $3,000, 00

**REMAINING LICENSE FEES PAYMENT $410, 989, 00**

**The payment is due upon receipt of this invoice.**

At Sound T Studio we take an individual approach for each artist to highlight their uniqueness and their own style. We also give free professional advice to your work, to harmonize style, genre and melody. You will be able to record your song

Declaration of James Rigby-- Page 144

Case 14-01248-MLB    Doc 43-2    Filed 04/30/15    Ent. 04/30/15 10:20:38    Pg. 67 of 119    Pigida 2211

## Letter of Assignment

Soundtrack Studio LLC
989 112th Ave NE Unit 1805
Bellevue, WA 98004

Trend Sound Promoter AMG. Corp.
601 108th Ave. NE
Suite 1900
Bellevue, WA 98004

Dear Trend Sound Promoter,

This letter authorizes you to assign a portion of the fees due to Soundtrack Studio LLC under the License Agreement dated December 5, 2012 between Trend Sound Promoter and Soundtrack Studio. On July 20, 2013 please forward the amount of six thousand dollars ($6000) to Volodimyr Pigida. Soundtrack Studio certifies that Trend Sound Promoter's assignment of funds to Volodimyr Pigida satisfies Trend Sound Promoters obligation under paragraph 4 of the License Agreement for the 2nd quarter of 2013

Sincerely,

Soundtrack Studio LLC management

Sound T Studio LLC
989 112ᵀᴴ AVE NE # 908
Bellevue, WA 98004
soundtrackstudiovp@gmail.com

Date: July 20, 2013



**SoundT**
STUDIO

Invoice: 1244

Billed To:
**TREND SOUND PROMOTER AMG CORP**
**1020 108ᵗʰ Ave NE Apt 908**
**Bellevue WA 98004**
**USA**

# ORDER INVOICE

Description: PAYMENT FOR LICENSE FEE

| 1 | LICENSE FEE | |
|---|---|---|
| 2 | | $6,000.00 |
| 3 | | $ |
| 4 | | $ |
| 5 | | $ |
| 6 | | $ |
| 7 | | $ |
| 8 | | $ |
| | | $ |

TOTAL DUE: $6,000.00

The payment is due upon receipt of this invoice.

At SoundT Studio we take an individual approach for each artist to highlight their uniqueness and their own style. We also give free professional advice to your work, to harmonize style, genre and melody. You will be able to record your song in the studio that has all the necessary facilities and equipment.

# Letter of Assignment

Soundtrack Studio LLC
989 112th Ave NE Unit 1805
Bellevue, WA 98004

Trend Sound Promoter AMG. Corp.
601 108th Ave. NE
Suite 1900
Bellevue, WA 98004

Dear Trend Sound Promoter,

This letter authorizes you to assign a portion of the fees due to Soundtrack Studio LLC under the License Agreement dated December 5, 2012 between Trend Sound Promoter and Soundtrack Studio. On July 22, 2013 please forward the amount of five thousand dollars ($5000) to Volodimyr Pigida. Soundtrack Studio certifies that Trend Sound Promoter's assignment of funds to Volodimyr Pigida satisfies Trend Sound Promoters obligation under paragraph 4 of the License Agreement for the 2nd quarter of 2013

Sincerely,

Soundtrack Studio LLC management

Sound T Studio LLC
989 112ᵀᴴ AVE NE # 908
Bellevue, WA 98004
soundtrackstudiovp@gmail.com

Date: July 22, 2013



**Invoice: 1324**

Billed To:
**TREND SOUND PROMOTER AMG CORP**
**1020 108ᵗʰ Ave NE Apt 908**
**Bellevue WA 98004**
**USA**

# ORDER INVOICE

Description: PAYMENT FOR LICENSE FEE

| | | |
|---|---|---|
| 1 | LICENSE FEE | |
| 2 | | |
| 3 | | $5,000.00 |
| 4 | | $ |
| 5 | | $ |
| 6 | | $ |
| 7 | | $ |
| 8 | | $ |
| | | $ |

**TOTAL DUE: $5,000.00**

The payment is due upon receipt of this invoice.

At SoundT Studio we take an individual approach for each artist to highlight their uniqueness and their own style. We also give free professional advice to your work, to harmonize style, genre and melody. You will be able to record your song in the studio that has all the necessary facilities and equipment.

SoundT Studio LLC

# Letter of Assignment

Soundtrack Studio LLC
989 112th Ave NE Unit 1805
Bellevue, WA 98004

Trend Sound Promoter AMG. Corp.
601 108th Ave. NE
Suite 1900
Bellevue, WA 98004

Dear Trend Sound Promoter,

This letter authorizes you to assign a portion of the fees due to Soundtrack Studio LLC under the License Agreement dated December 5, 2012 between Trend Sound Promoter and Soundtrack Studio. On August 20, 2013 please forward the amount of five hundred fifty dollars ($550.00) to Eastside Marine. Soundtrack Studio certifies that Trend Sound Promoter's assignment of funds to Eastside Marine satisfies Trend Sound Promoters obligation under paragraph 4 of the License Agreement for the 3rd quarter of 2013

Sincerely,

Soundtrack Studio LLC management

Sound T Studio LLC
989 112ᵀᴴ AVE NE # 908
Bellevue, WA 98004
soundtrackstudiovp@gmail.com

Date: August 20, 2013



**Invoice: 1314**

Billed To:
TREND SOUND PROMOTER AMG CORP
1020 108th Ave NE Apt 908
Bellevue WA 98004
USA

# ORDER INVOICE

Description: PAYMENT FOR LICENSE FEE

| 1 | LICENSE FEE | |
|---|---|---|
| 2 | | $550.00 |
| 3 | | $ |
| 4 | | $ |
| 5 | | $ |
| 6 | | $ |
| 7 | | $ |
| 8 | | $ |
| | | $ |

TOTAL DUE: $550.00

The payment is due upon receipt of this invoice.

At SoundT Studio we take an individual approach for each artist to highlight their uniqueness and their own style. We also give free professional advice to your work, to harmonize style, genre and melody. You will be able to record your song in the studio that has all the necessary facilities and equipment.

# Letter of Assignment

Soundtrack Studio LLC
989 112th Ave NE Unit 1805
Bellevue, WA 98004

Trend Sound Promoter AMG. Corp.
601 108th Ave. NE
Suite 1900
Bellevue, WA 98004

Dear Trend Sound Promoter,

This letter authorizes you to assign a portion of the fees due to
Soundtrack Studio LLC under the License Agreement dated December
5, 2012 between Trend Sound Promoter and Soundtrack Studio. On
August 20, 2013 please forward the amount of five hundred fifty
dollars ($3300.00) to UDR. Soundtrack Studio certifies that Trend
Sound Promoter's assignment of funds to UDR satisfies Trend Sound
Promoters obligation under paragraph 4 of the License Agreement for
the 3rd quarter of 2013

Sincerely,

Soundtrack Studio LLC management

Sound T Studio LLC
989 112ᵀᴴ AVE NE # 908
Bellevue, WA 98004
soundtrackstudiovp@gmail.com

Date: August 20, 2013



Invoice: 1234

Billed To:
**TREND SOUND PROMOTER AMG CORP**
1020 108ᵗʰ Ave NE Apt 908
Bellevue WA 98004
USA

# ORDER INVOICE

**Description: PAYMENT FOR LICENSE FEE**

| 1 | LICENSE FEE | $3,300.00 |
|---|---|---|
| 2 | | $ |
| 3 | | $ |
| 4 | | $ |
| 5 | | $ |
| 6 | | $ |
| 7 | | $ |
| 8 | | $ |

**TOTAL DUE: $3,300.00**

**The payment is due upon receipt of this invoice.**

At SoundT Studio we take an individual approach for each artist to highlight their uniqueness and their own style. We also give free professional advice to your work, to harmonize style, genre and melody. You will be able to record your song in the studio that has all the necessary facilities and equipment.

# Letter of Assignment

Soundtrack Studio LLC
989 112th Ave NE Unit 1805
Bellevue, WA 98004

Trend Sound Promoter AMG. Corp.
601 108th Ave. NE
Suite 1900
Bellevue, WA 98004

Dear Trend Sound Promoter,

This letter authorizes you to assign a portion of the fees due to Soundtrack Studio LLC under the License Agreement dated December 5, 2012 between Trend Sound Promoter and Soundtrack Studio. On September 10, 2013 please forward the amount of Eighty Five thousand dollars ($85.000) to Vladimir Pigida. Soundtrack Studio certifies that Trend Sound Promoter's assignment of funds to Vladimir Pigida satisfies Trend Sound Promoters obligation under paragraph 4 of the License Agreement for the 3rd quarter of 2013

Sincerely

Soundtrack Studio LLC management

Sound T Studio LLC
989 112ᵀᴴ AVE NE # 908
Bellevue, WA 98004
soundtrackstudiovp@gmail.com



Date: September 10, 2013

Invoice: 1264

Billed To:
**TREND SOUND PROMOTER AMG CORP**
**1020 108th Ave NE Apt 908**
**Bellevue WA 98004**
**USA**

# ORDER INVOICE

**Description: PAYMENT FOR LICENSE FEE**

| | | |
|---|---|---|
| 1 | **LICENSE FEE** | **$85,000.00** |
| 2 | | $ |
| 3 | | $ |
| 4 | | $ |
| 5 | | $ |
| 6 | | $ |
| 7 | | $ |
| 8 | | $ |

**TOTAL DUE: $85,000.00**

**The payment is due upon receipt of this invoice.**

At SoundT Studio we take an individual approach for each artist to highlight their uniqueness and their own style. We also give free professional advice to your work, to harmonize style, genre and melody. You will be able to record your song in the studio that has all the necessary facilities and equipment.

# Letter of Assignment

Soundtrack Studio LLC
989 112th Ave NE Unit 1805
Bellevue, WA 98004

Trend Sound Promoter AMG. Corp.
601 108th Ave. NE
Suite 1900
Bellevue, WA 98004

Dear Trend Sound Promoter,

This letter authorizes you to assign a portion of the fees due to Soundtrack Studio LLC under the License Agreement dated December 5, 2012 between Trend Sound Promoter and Soundtrack Studio. On December 20, 2013 please forward the amount of Five thousand nine hundred dollars ($5,900.00) to GSVP LLC. Soundtrack Studio certifies that Trend Sound Promoter's assignment of funds to GSVP LLC satisfies Trend Sound Promoters obligation under paragraph 4 of the License Agreement for the fourth quarter of 2013

Sincerely,

Soundtrack Studio LLC management

Sound T Studio LLC
989 112TH AVE NE # 908
Bellevue, WA 98004
soundtrackstudiovp@gmail.com

Date: September 10, 2013



**SoundT**
STUDIO
**Invoice: 1274**

Billed To:
**TREND SOUND PROMOTER AMG CORP**
**1020 108th Ave NE Apt 908**
**Bellevue WA 98004**
**USA**

# ORDER INVOICE

**Description: PAYMENT FOR LICENSE FEE**

| 1 | LICENSE FEE | |
|---|---|---|
| 2 | | $5,900.00 |
| 3 | | $ |
| 4 | | $ |
| 5 | | $ |
| 6 | | $ |
| 7 | | $ |
| 8 | | $ |
| | | $ |

**TOTAL DUE: $5,900.00**

**The payment is due upon receipt of this invoice.**

At SoundT Studio we take an individual approach for each artist to highlight their uniqueness and their own style. We also give free professional advice to your work, to harmonize style, genre and melody. You will be able to record your song in the studio that has all the necessary facilities and equipment.

Sound T Studio LLC
989 112TH AVE NE # 908
Bellevue, WA 98004
soundtrackstudiovp@gmail.com

Date: September 30, 2013



**Invoice: 003**

Billed To:
**TREND SOUND PROMOTER AMG CORP
601 108th Ave NE Apt 1900
Bellevue WA 98004
USA**

# ORDER INVOICE

**Description:** PAYMENTS FOR 3rd QUARTER

| # | | |
|---|---|---|
| 1 | LICENSE FEE | |
| 2 | | $1,173,203.00 |
| 3 | | $ |
| 4 | | $ |
| 5 | | $ |
| 6 | | $ |
| 7 | | $ |
| 8 | | $ |
| 9 | | $ |

9/30/2013 MUSIC LICENS SALES SUMMARY FOR 3rd QUARTER
TSP QUARTER INCOME BALANCE $4, 350, 320, 00
20% LICENSE FEE DUE $870, 064, 00
Previously balance for 06/30/2013 $410, 989, 00
08/08/2013 PAID $8,000, 00
08/08/2013 PAID $6,000, 00
08/20/2013 PAID $3,300.00
08/08/2013 PAID $5,000, 00
09/01/2013 PAID $550, 00
09/24/2013 PAID $85, 000, 00

REMAINING LICENSE FEES PAYMENT $1,173,203.00

The payment is due upon receipt of this invoice.

At SoundT Studio we take an individual approach for each artist to highlight their uniqueness and their own style. We also give free professional advice to your work, to harmonize style, genre and melody. You will be able to record your song in the studio that has all the necessary facilities and equipment.

**Letter of Assignment**

Soundtrack Studio LLC
989 112th Ave NE Unit 1805
Bellevue, WA 98004

Trend Sound Promoter AMG. Corp.
601 108th Ave. NE
Suite 1900
Bellevue, WA 98004

Dear Trend Sound Promoter,

This letter authorizes you to assign a portion of the fees due to
Soundtrack Studio LLC under the License Agreement dated December
5, 2012 between Trend Sound Promoter and Soundtrack Studio. On
November 10, 2013 please forward the amount of Four thousand
dollars ($4,000.00) to INTERWAY LLC. Soundtrack Studio certifies that
Trend Sound Promoter's assignment of funds to INTERWAY LLC
satisfies Trend Sound Promoters obligation under paragraph 4 of the
License Agreement for the third quarter of 2013

Sincerely,

Soundtrack Studio LLC management

Sound T Studio LLC
989 112ᵀᴴ AVE NE # 908
Bellevue, WA 98004
soundtrackstudiovp@gmail.com

**Date: November 10, 2013**



**Invoice: 1344**

Billed To:
**TREND SOUND PROMOTER AMG CORP**
**1020 108ᵗʰ Ave NE Apt 908**
**Bellevue WA 98004**
**USA**

# ORDER INVOICE

**Description: PAYMENT FOR LICENSE FEE**

| 1 | LICENSE FEE | $4,000.00 |
|---|---|---|
| 2 | | $ |
| 3 | | $ |
| 4 | | $ |
| 5 | | $ |
| 6 | | $ |
| 7 | | $ |
| 8 | | $ |

**TOTAL DUE: $4,000.00**

**The payment is due upon receipt of this invoice.**

At SoundT Studio we take an individual approach for each artist to highlight their
uniqueness and their own style. We also give free professional advice to your
work, to harmonize style, genre and melody. You will be able to record your song
in the studio that has all the necessary facilities and equipment.

# Letter of Assignment

Soundtrack Studio LLC
989 112th Ave NE Unit 1805
Bellevue, WA 98004

Trend Sound Promoter AMG. Corp.
601 108th Ave. NE
Suite 1900
Bellevue, WA 98004

Dear Trend Sound Promoter,

This letter authorizes you to assign a portion of the fees due to Soundtrack Studio LLC under the License Agreement dated December 5, 2012 between Trend Sound Promoter and Soundtrack Studio. On October 5, 2013 please forward the amount of forty two thousand dollars and seven hundred fifty nine dollars ($42,759) to Vladimir Pigida. Soundtrack Studio certifies that Trend Sound Promoter's assignment of funds to Vladimir Pigida satisfies Trend Sound Promoters obligation under paragraph 4 of the License Agreement for the 2nd quarter of 2013

Sincerely,

Soundtrack Studio LLC management

Sound T Studio LLC
989 112ᵀᴴ AVE NE # 908
Bellevue, WA 98004
soundtrackstudiovp@gmail.com

Date: October 05, 2013



**Invoice: 1254**

Billed To:
**TREND SOUND PROMOTER AMG CORP**
**1020 108th Ave NE Apt 908**
**Bellevue WA 98004**
**USA**

# ORDER INVOICE

Description: **PAYMENT FOR LICENSE FEE**

| 1 | LICENSE FEE | $42,759.00 |
|---|---|---|
| 2 | | $ |
| 3 | | $ |
| 4 | | $ |
| 5 | | $ |
| 6 | | $ |
| 7 | | $ |
| 8 | | $ |

**TOTAL DUE: $42,759.00**

**The payment is due upon receipt of this invoice.**

At SoundT Studio we take an individual approach for each artist to highlight their uniqueness and their own style. We also give free professional advice to your work, to harmonize style, genre and melody. You will be able to record your song in the studio that has all the necessary facilities and equipment.

Sound T Studio LLC
989 112TH AVE NE # 908
Bellevue, WA 98004
soundtrackstudiovp@gmail.com

Date: October 20, 2013



**Invoice: 11474**

Billed To:
**TREND SOUND PROMOTER AMG CORP**
**1020 108th Ave NE Apt 908**
**Bellevue WA 98004**
**USA**

# ORDER INVOICE

**Description: PAYMENT FOR LICENSE FEE**

| 1 | LICENSE FEE | $35,000.00 |
|---|---|---|
| 2 | | $ |
| 3 | | $ |
| 4 | | $ |
| 5 | | $ |
| 6 | | $ |
| 7 | | $ |
| 8 | | $ |

**TOTAL DUE: $35,000.00**

**The payment is due upon receipt of this invoice.**

At SoundT Studio we take an individual approach for each artist to highlight their uniqueness and their own style. We also give free professional advice to your work, to harmonize style, genre and melody. You will be able to record your song in the studio that has all the necessary facilities and equipment.

# Letter of Assignment

Soundtrack Studio LLC
989 112th Ave NE Unit 1805
Bellevue, WA 98004

Trend Sound Promoter AMG. Corp.
601 108th Ave. NE
Suite 1900
Bellevue, WA 98004

Dear Trend Sound Promoter,

This letter authorizes you to assign a portion of the fees due to Soundtrack Studio LLC under the License Agreement dated December 5, 2012 between Trend Sound Promoter and Soundtrack Studio. On November 10, 2013 please forward the amount of Five thousand dollars ($5,000.00) to GSVP LLC. Soundtrack Studio certifies that Trend Sound Promoter's assignment of funds to GSVP LLC satisfies Trend Sound Promoters obligation under paragraph 4 of the License Agreement for the third quarter of 2013

Sincerely,

Soundtrack Studio LLC management

Sound T Studio LLC
989 112ᵀᴴ AVE NE # 908
Bellevue, WA 98004
soundtrackstudiovp@gmail.com



**SoundT**
STUDIO

**Invoice: 1374**

**Date: November 10, 2013**

Billed To:
**TREND SOUND PROMOTER AMG CORP**
**1020 108ᵗʰ Ave NE Apt 908**
**Bellevue WA 98004**
**USA**

# ORDER INVOICE

**Description: PAYMENT FOR LICENSE FEE**

| 1 | LICENSE FEE | $5,000.00 |
|---|---|---|
| 2 | | $ |
| 3 | | $ |
| 4 | | $ |
| 5 | | $ |
| 6 | | $ |
| 7 | | $ |
| 8 | | $ |

**TOTAL DUE: $5,000.00**

**The payment is due upon receipt of this invoice.**

At SoundT Studio we take an individual approach for each artist to highlight their uniqueness and their own style. We also give free professional advice to your work, to harmonize style, genre and melody. You will be able to record your song in the studio that has all the necessary facilities and equipment.

# Letter of Assignment

Soundtrack Studio LLC
989 112th Ave NE Unit 1805
Bellevue, WA 98004

Trend Sound Promoter AMG. Corp.
601 108th Ave. NE
Suite 1900
Bellevue, WA 98004

Dear Trend Sound Promoter,

This letter authorizes you to assign a portion of the fees due to Soundtrack Studio LLC under the License Agreement dated December 5, 2012 between Trend Sound Promoter and Soundtrack Studio. On November 20, 2013 please forward the amount of Thirty thousand dollars ($30,000.00) to Advertisement Promoters Marketing LLC. Soundtrack Studio certifies that Trend Sound Promoter's assignment of funds to Advertisement Promoters Marketing LLC satisfies Trend Sound Promoters obligation under paragraph 4 of the License Agreement for the 4th quarter of 2013

Sincerely,

Soundtrack Studio LLC management

Sound T Studio LLC
989 112ᵀᴴ AVE NE # 908
Bellevue, WA 98004
soundtrackstudiovp@gmail.com

**Date: November 20, 2013**



**Invoice: 1384**

Billed To:
**TREND SOUND PROMOTER AMG CORP**
**1020 108th Ave NE Apt 908**
**Bellevue WA 98004**
**USA**

# ORDER INVOICE

**Description: PAYMENT FOR LICENSE FEE**

| 1 | LICENSE FEE | $30,000.00 |
|---|---|---|
| 2 | | $ |
| 3 | | $ |
| 4 | | $ |
| 5 | | $ |
| 6 | | $ |
| 7 | | $ |
| 8 | | $ |

**TOTAL DUE: $30,000.00**

**The payment is due upon receipt of this invoice.**

At SoundT Studio we take an individual approach for each artist to highlight their uniqueness and their own style. We also give free professional advice to your work, to harmonize style, genre and melody. You will be able to record your song in the studio that has all the necessary facilities and equipment.

Sound T Studio LLC
989 112TH AVE NE # 908
Bellevue, WA 98004
soundtrackstudiovp@gmail.com

**Date: November 25, 2013**



**SoundT**
STUDIO

**Invoice: 12424**

Billed To:
**TREND SOUND PROMOTER AMG CORP**
**1020 108th Ave NE Apt 908**
**Bellevue WA 98004**
**USA**

# ORDER INVOICE

Description: PAYMENT FOR LICENSE FEE

| 1 | LICENSE FEE | $20,000.00 |
|---|---|---|
| 2 | | $ |
| 3 | | $ |
| 4 | | $ |
| 5 | | $ |
| 6 | | $ |
| 7 | | $ |
| 8 | | $ |

**TOTAL DUE: $20,000.00**

**The payment is due upon receipt of this invoice.**

At SoundT Studio we take an individual approach for each artist to highlight their uniqueness and their own style. We also give free professional advice to your work, to harmonize style, genre and melody. You will be able to record your song in the studio that has all the necessary facilities and equipment.

# Letter of Assignment

Soundtrack Studio LLC
989 112th Ave NE Unit 1805
Bellevue, WA 98004

Trend Sound Promoter AMG. Corp.
601 108th Ave. NE
Suite 1900
Bellevue, WA 98004

Dear Trend Sound Promoter,

This letter authorizes you to assign a portion of the fees due to Soundtrack Studio LLC under the License Agreement dated December 5, 2012 between Trend Sound Promoter and Soundtrack Studio. On December 5, 2013 please forward the amount of five thousand dollars ($5000) to Alyona Pigida. Soundtrack Studio certifies that Trend Sound Promoter's assignment of funds to Volodimyr Pigida satisfies Trend Sound Promoters obligation under paragraph 4 of the License Agreement for the 4th quarter of 2013

Sincerely,


Soundtrack Studio LLC management

Sound T Studio LLC
989 112TH AVE NE # 908
Bellevue, WA 98004
soundtrackstudiovp@gmail.com

Date: December 5, 2013



**Invoice: 1354**

Billed To:
**TREND SOUND PROMOTER AMG CORP**
**1020 108th Ave NE Apt 908**
**Bellevue WA 98004**
**USA**

# ORDER INVOICE

Description: PAYMENT FOR LICENSE FEE

| 1 | LICENSE FEE | $5,000.00 |
|---|---|---|
| 2 | | $ |
| 3 | | $ |
| 4 | | $ |
| 5 | | $ |
| 6 | | $ |
| 7 | | $ |
| 8 | | $ |

TOTAL DUE: $5,000.00

**The payment is due upon receipt of this invoice.**

At SoundT Studio we take an individual approach for each artist to highlight their uniqueness and their own style. We also give free professional advice to your work, to harmonize style, genre and melody. You will be able to record your song in the studio that has all the necessary facilities and equipment.

# Letter of Assignment

Soundtrack Studio LLC
989 112th Ave NE Unit 1805
Bellevue, WA 98004

Trend Sound Promoter AMG. Corp.
601 108th Ave. NE
Suite 1900
Bellevue, WA 98004

Dear Trend Sound Promoter,

This letter authorizes you to assign a portion of the fees due to Soundtrack Studio LLC under the License Agreement dated December 5, 2012 between Trend Sound Promoter and Soundtrack Studio. On December 10, 2013 please forward the amount of sixty eight thousand dollars ($68,000.00) to Advertisement Promoters Marketing LLC. Soundtrack Studio certifies that Trend Sound Promoter's assignment of funds to Advertisement Promoters Marketing LLC satisfies Trend Sound Promoters obligation under paragraph 4 of the License Agreement for the 4th quarter of 2013

Sincerely,

Soundtrack Studio LLC management

Sound T Studio LLC
989 112ᵀᴴ AVE NE # 908
Bellevue, WA 98004
soundtrackstudiovp@gmail.com

Date: December 10, 2013



**Invoice: 1394**

Billed To:
**TREND SOUND PROMOTER AMG CORP**
**1020 108ᵗʰ Ave NE Apt 908**
**Bellevue WA 98004**
**USA**

# ORDER INVOICE

**Description: PAYMENT FOR LICENSE FEE**

| | | |
|---|---|---|
| 1 | LICENSE FEE | $68,000.00 |
| 2 | | $ |
| 3 | | $ |
| 4 | | $ |
| 5 | | $ |
| 6 | | $ |
| 7 | | $ |
| 8 | | $ |

TOTAL DUE: $68,000.00

**The payment is due upon receipt of this invoice.**

At SoundT Studio we take an individual approach for each artist to highlight their uniqueness and their own style. We also give free professional advice to your work, to harmonize style, genre and melody. You will be able to record your song in the studio that has all the necessary facilities and equipment.

# Letter of Assignment

Soundtrack Studio LLC
989 112th Ave NE Unit 1805
Bellevue, WA 98004

Trend Sound Promoter AMG. Corp.
601 108th Ave. NE
Suite 1900
Bellevue, WA 98004

Dear Trend Sound Promoter,

This letter authorizes you to assign a portion of the fees due to Soundtrack Studio LLC under the License Agreement dated December 5, 2012 between Trend Sound Promoter and Soundtrack Studio. On December 10, 2013 please forward the amount of Fifty thousand dollars ($50,000.00) to INTERWAY LLC. Soundtrack Studio certifies that Trend Sound Promoter's assignment of funds to INTERWAY LLC satisfies Trend Sound Promoters obligation under paragraph 4 of the License Agreement for the fourth quarter of 2013

Sincerely,

Soundtrack Studio LLC management

Sound T Studio LLC
989 112TH AVE NE # 908
Bellevue, WA 98004
soundtrackstudiovp@gmail.com

Date: December 20, 2013



**SoundT**
STUDIO

Invoice: 12444

Billed To:
TREND SOUND PROMOTER AMG CORP
1020 108th Ave NE Apt 908
Bellevue WA 98004
USA

# ORDER INVOICE

Description: PAYMENT FOR LICENSE FEE

| | | $50,000.00 |
|---|---|---|
| 1 | LICENSE FEE | $ |
| 2 | | $ |
| 3 | | $ |
| 4 | | $ |
| 5 | | $ |
| 6 | | $ |
| 7 | | $ |
| 8 | | $ |

TOTAL DUE: $50,000.00

**The payment is due upon receipt of this invoice.**

At SoundT Studio we take an individual approach for each artist to highlight their uniqueness and their own style. We also give free professional advice to your work, to harmonize style, genre and melody. You will be able to record your song in the studio that has all the necessary facilities and equipment.

## Letter of Assignment

Soundtrack Studio LLC
989 112th Ave NE Unit 1805
Bellevue, WA 98004

Trend Sound Promoter AMG. Corp.
601 108th Ave. NE
Suite 1900
Bellevue, WA 98004

Dear Trend Sound Promoter,

This letter authorizes you to assign a portion of the fees due to Soundtrack Studio LLC under the License Agreement dated December 5, 2012 between Trend Sound Promoter and Soundtrack Studio. On December 25, 2013 please forward the amount of Forty five thousand dollars ($45,000.00) to TICOR TITLE. Soundtrack Studio certifies that Trend Sound Promoter's assignment of funds to TICOR TITLE satisfies Trend Sound Promoters obligation under paragraph 4 of the License Agreement for the 4th quarter of 2013

Sincerely,

Soundtrack Studio LLC management

Sound T Studio LLC
989 112ᵀᴴ AVE NE # 908
Bellevue, WA 98004
soundtrackstudiovp@gmail.com

**Date: December 25, 2013**



**SoundT**
STUDIO

Invoice: 1354

Billed To:
**TREND SOUND PROMOTER AMG CORP**
**1020 108ᵗʰ Ave NE Apt 908**
**Bellevue WA 98004**
**USA**

# ORDER INVOICE

Description: PAYMENT FOR LICENSE FEE

| 1 | LICENSE FEE | $45,000.00 |
|---|---|---|
| 2 | | $ |
| 3 | | $ |
| 4 | | $ |
| 5 | | $ |
| 6 | | $ |
| 7 | | $ |
| 8 | | $ |

**TOTAL DUE: $45,000.00**

**The payment is due upon receipt of this invoice.**

At SoundT Studio we take an individual approach for each artist to highlight their uniqueness and their own style. We also give free professional advice to your work, to harmonize style, genre and melody. You will be able to record your song in the studio that has all the necessary facilities and equipment.

Sound T Studio LLC
989 112TH AVE NE # 908
Bellevue, WA 98004
soundtrackstudiovp@gmail.com

Date: December 31, 2013



SoundT
STUDIO

Invoice: 004

Billed To:
TREND SOUND PROMOTER AMG CORP
601 108th Ave NE Apt 1900
Bellevue WA 98004
USA

# ORDER INVOICE

**Description:** PAYMENTS FOR 4nd QUARTER

| | LICENSE FEE | |
|---|---|---|
| 1 | | |
| 2 | | $2,804,397,00 |
| 3 | | $ |
| 4 | | $ |
| 5 | | $ |
| 6 | | $ |
| 7 | | $ |
| 8 | | $ |

12/31/2013 MUSIC LICENS SALES SUMMARY FOR 4nd QUARTER
TSP QUARTER INCOME BALANCE $9,679,265, 00
20% LICENSE FEE DUE $1,935,853, 00
Previously balance for 09/30/2013 $1, 173, 203, 00

10/28/2013 PAID $35,000, 00
10/24/2013 PAID $42, 759, 00

11/27/2013 PAID $5,000, 00
11/27/2013 PAID $4,000, 00
12/04/2013 PAID $30, 000, 00
12/04/2013 PAID $20, 000, 00
12/25/2013 PAID $5,000.00
12/26/2013 PAID $5,900.00
12/26/2013 PAID $68,000.00
12/26/2013 PAID $39, 000.00
12/30/2013 PAID $50, 000, 00

REMAINING LICENSE FEES PAYMENT $2, 804, 397, 00

The payment is due upon receipt of this invoice.

# Letter of Assignment

Soundtrack Studio LLC
989 112th Ave NE Unit 1805
Bellevue, WA 98004

Trend Sound Promoter AMG. Corp.
601 108th Ave. NE
Suite 1900
Bellevue, WA 98004

Dear Trend Sound Promoter,

This letter authorizes you to assign a portion of the fees due to Soundtrack Studio LLC under the License Agreement dated December 5, 2012 between Trend Sound Promoter and Soundtrack Studio. On January 2, 2013 please forward the amount of five hundred fifty dollars ($550.00) to Boat Center. Soundtrack Studio certifies that Trend Sound Promoter's assignment of funds to Boat Center satisfies Trend Sound Promoters obligation under paragraph 4 of the License Agreement for the 4th quarter of 2013

Sincerely,

Soundtrack Studio LLC management

Sound T Studio LLC
989 112TH AVE NE # 908
Bellevue, WA 98004
soundtrackstudiovp@gmail.com

Date: January 2, 2013

**SoundT**
STUDIO

Invoice: 1214

Billed To:
**TREND SOUND PROMOTER AMG CORP**
**1020 108th Ave NE Apt 908**
**Bellevue WA 98004**
**USA**

# ORDER INVOICE

Description: PAYMENT FOR LICENSE FEE

| 1 | LICENSE FEE | |
|---|---|---|
| 2 | | $550.00 |
| 3 | | $ |
| 4 | | $ |
| 5 | | $ |
| 6 | | $ |
| 7 | | $ |
| 8 | | $ |

TOTAL DUE: $550.00

**The payment is due upon receipt of this invoice.**

At SoundT Studio we take an individual approach for each artist to highlight their uniqueness and their own style. We also give free professional advice to your work, to harmonize style, genre and melody. You will be able to record your song in the studio that has all the necessary facilities and equipment.

# Letter of Assignment

Soundtrack Studio LLC
989 112th Ave NE Unit 1805
Bellevue, WA 98004

Trend Sound Promoter AMG. Corp.
601 108th Ave. NE
Suite 1900
Bellevue, WA 98004

Dear Trend Sound Promoter,

This letter authorizes you to assign a portion of the fees due to Soundtrack Studio LLC under the License Agreement dated December 5, 2012 between Trend Sound Promoter and Soundtrack Studio. On December 10, 2013 please forward the amount of Fifty thousand dollars ($39,000.00) to INTERWAY LLC. Soundtrack Studio certifies that Trend Sound Promoter's assignment of funds to INTERWAY LLC satisfies Trend Sound Promoters obligation under paragraph 4 of the License Agreement for the fourth quarter of 2013

Sincerely,

Soundtrack Studio LLC management

Sound T Studio LLC
989 112TH AVE NE # 908
Bellevue, WA 98004
soundtrackstudiovp@gmail.com

Date: January 2, 2018



**Invoice: 1224**

Billed To:
**TREND SOUND PROMOTER AMG CORP**
**1020 108th Ave NE Apt 908**
**Bellevue WA 98004**
**USA**

# ORDER INVOICE

Description: PAYMENT FOR LICENSE FEE

| | | |
|---|---|---|
| 1 | LICENSE FEE | $39,000.00 |
| 2 | | $ |
| 3 | | $ |
| 4 | | $ |
| 5 | | $ |
| 6 | | $ |
| 7 | | $ |
| 8 | | $ |

TOTAL DUE: $39,000.00

**The payment is due upon receipt of this invoice.**

At SoundT Studio we take an individual approach for each artist to highlight their uniqueness and their own style. We also give free professional advice to your work, to harmonize style, genre and melody. You will be able to record your song in the studio that has all the necessary facilities and equipment.

Sound T Studio LLC
989 112TH AVE NE # 908
Bellevue, WA 98004
soundtrackstudiovp@gmail.com



**Date: January 03, 2014**

Invoice: 10274

Billed To:
**TREND SOUND PROMOTER AMG CORP**
**1020 108th Ave NE Apt 908**
**Bellevue WA 98004**
**USA**

# ORDER INVOICE

**Description: PAYMENT FOR LICENSE FEE**

| 1 | LICENSE FEE | $65,000.00 |
|---|---|---|
| 2 | | $ |
| 3 | | $ |
| 4 | | $ |
| 5 | | $ |
| 6 | | $ |
| 7 | | $ |
| 8 | | $ |

**TOTAL DUE: $65,000.00**

**The payment is due upon receipt of this invoice.**

At SoundT Studio we take an individual approach for each artist to highlight their uniqueness and their own style. We also give free professional advice to your work, to harmonize style, genre and melody. You will be able to record your song in the studio that has all the necessary facilities and equipment.

Sound T Studio LLC
989 112TH AVE NE # 908
Bellevue, WA 98004
soundtrackstudiovp@gmail.com

Date: January 10, 2014



**SoundT**
STUDIO

**Invoice: 10374**

Billed To:
**TREND SOUND PROMOTER AMG CORP**
**1020 108th Ave NE Apt 908**
**Bellevue WA 98004**
**USA**

# ORDER INVOICE

Description: PAYMENT FOR LICENSE FEE

| # | | |
|---|---|---|
| 1 | LICENSE FEE | $7,000.00 |
| 2 | | $ |
| 3 | | $ |
| 4 | | $ |
| 5 | | $ |
| 6 | | $ |
| 7 | | $ |
| 8 | | $ |

**TOTAL DUE: $7,000.00**

**The payment is due upon receipt of this invoice.**

At SoundT Studio we take an individual approach for each artist to highlight their uniqueness and their own style. We also give free professional advice to your work, to harmonize style, genre and melody. You will be able to record your song in the studio that has all the necessary facilities and equipment.

Sound T Studio LLC
989 112TH AVE NE # 908
Bellevue, WA 98004
soundtrackstudiovp@gmail.com

Date: January 10, 2014



**SoundT**
STUDIO

Invoice: 02342

Billed To:
TREND SOUND PROMOTER AMG CORP
1020 108th Ave NE Apt 908
Bellevue WA 98004
USA

# ORDER INVOICE

Description: PAYMENT FOR LICENSE FEE

| | | $4,000,00 |
|---|---|---|
| 1 | LICENSE FEE | $ |
| 2 | | $ |
| 3 | | $ |
| 4 | | $ |
| 5 | | $ |
| 6 | | $ |
| 7 | | $ |
| 8 | | |

TOTAL: $4,000.00

**The payment is due upon receipt of this invoice.**

At SoundT Studio we take an individual approach for each artist to highlight their uniqueness and their own style. We also give free professional advice to your work, to harmonize style, genre and melody. You will be able to record your song in the studio that has all the necessary facilities and equipment.

# Letter of Assignment

Soundtrack Studio LLC
989 112th Ave NE Unit 1805
Bellevue, WA 98004

Trend Sound Promoter AMG. Corp.
601 108th Ave. NE
Suite 1900
Bellevue, WA 98004

Dear Trend Sound Promoter,

This letter authorizes you to assign a portion of the fees due to
Soundtrack Studio LLC under the License Agreement dated December
5, 2012 between Trend Sound Promoter and Soundtrack Studio. On
January 10, 2014 please forward the amount of six thousand five
hundred dollars ($6,500.00) to Trend Sound Publishing Company LLC.
Soundtrack Studio certifies that Trend Sound Promoter's assignment of
funds to Trend Sound Publishing Company LLC satisfies Trend Sound
Promoters obligation under paragraph 4 of the License Agreement for
the first quarter of 2014

Sincerely,

Soundtrack Studio LLC management

Sound T Studio LLC
989 112TH AVE NE # 908
Bellevue, WA 98004
soundtrackstudiovp@gmail.com

**Date: January 10, 2014**



**Invoice: 1264**

Billed To:
**TREND SOUND PROMOTER AMG CORP**
**1020 108th Ave NE Apt 908**
**Bellevue WA 98004**
**USA**

# ORDER INVOICE

**Description: PAYMENT FOR LICENSE FEE**

| 1 | LICENSE FEE | $6,500.00 |
|---|---|---|
| 2 | | $ |
| 3 | | $ |
| 4 | | $ |
| 5 | | $ |
| 6 | | $ |
| 7 | | $ |
| 8 | | $ |

**TOTAL DUE: $6,500.00**

The payment is due upon receipt of this invoice.

At SoundT Studio we take an individual approach for each artist to highlight their uniqueness and their own style. We also give free professional advice to your work, to harmonize style, genre and melody. You will be able to record your song in the studio that has all the necessary facilities and equipment.

# Letter of Assignment

Soundtrack Studio LLC
989 112th Ave NE Unit 1805
Bellevue, WA 98004

Trend Sound Promoter AMG. Corp.
601 108th Ave. NE
Suite 1900
Bellevue, WA 98004

Dear Trend Sound Promoter,

This letter authorizes you to assign a portion of the fees due to Soundtrack Studio LLC under the License Agreement dated December 5, 2012 between Trend Sound Promoter and Soundtrack Studio. On January 20, 2014 please forward the amount Ten thousand dollars ($10,000.00) to TICOR TITLE. Soundtrack Studio certifies that Trend Sound Promoter's assignment of funds to TICOR TITLE satisfies Trend Sound Promoters obligation under paragraph 4 of the License Agreement for the first quarter of 2014

Sincerely,

Soundtrack Studio LLC management

Sound T Studio LLC
989 112ᵀᴴ AVE NE # 908
Bellevue, WA 98004
soundtrackstudiovp@gmail.com

Date: January 20, 2014



**Invoice: 1274**

Billed To:
**TREND SOUND PROMOTER AMG CORP**
**1020 108ᵗʰ Ave NE Apt 908**
**Bellevue WA 98004**
**USA**

# ORDER INVOICE

**Description: PAYMENT FOR LICENSE FEE**

| 1 | LICENSE FEE | $10,000.00 |
|---|---|---|
| 2 | | $ |
| 3 | | $ |
| 4 | | $ |
| 5 | | $ |
| 6 | | $ |
| 7 | | $ |
| 8 | | $ |

**TOTAL DUE: $10,000.00**

**The payment is due upon receipt of this invoice.**

At SoundT Studio we take an individual approach for each artist to highlight their uniqueness and their own style. We also give free professional advice to your work, to harmonize style, genre and melody. You will be able to record your song in the studio that has all the necessary facilities and equipment.

# Letter of Assignment

Soundtrack Studio LLC
989 112th Ave NE Unit 1805
Bellevue, WA 98004

Trend Sound Promoter AMG. Corp.
601 108th Ave. NE
Suite 1900
Bellevue, WA 98004

Dear Trend Sound Promoter,

This letter authorizes you to assign a portion of the fees due to Soundtrack Studio LLC under the License Agreement dated December 5, 2012 between Trend Sound Promoter and Soundtrack Studio. On JANUARY 20, 2014 please forward the amount of one million four hundred fifty four thousand and four hundred forty eight dollars and eleven cents ($1,454,448.11) to TICOR TITLE. Soundtrack Studio certifies that Trend Sound Promoter's assignment of funds to TICOR TITLE satisfies Trend Sound Promoters obligation under paragraph 4 of the License Agreement for the fourth quarter of 2013

Sincerely,

Soundtrack Studio LLC management

Sound T Studio LLC
989 112ᵀᴴ AVE NE # 908
Bellevue, WA 98004
soundtrackstudiovp@gmail.com

**Date: January 20, 2014**



**SoundT**
STUDIO

**Invoice: 1254**

Billed To:
**TREND SOUND PROMOTER AMG CORP**
**1020 108ᵗʰ Ave NE Apt 908**
**Bellevue WA 98004**
**USA**

# ORDER INVOICE

**Description: PAYMENT FOR LICENSE FEE**

| 1 | LICENSE FEE | $1,454,448.11 |
|---|---|---|
| 2 | | $ |
| 3 | | $ |
| 4 | | $ |
| 5 | | $ |
| 6 | | $ |
| 7 | | $ |
| 8 | | $ |

**TOTAL DUE: $1,454,448.11**

**The payment is due upon receipt of this invoice.**

At SoundT Studio we take an individual approach for each artist to highlight their uniqueness and their own style. We also give free professional advice to your work, to harmonize style, genre and melody. You will be able to record your song in the studio that has all the necessary facilities and equipment.

# Letter of Assignment

Soundtrack Studio LLC
989 112th Ave NE Unit 1805
Bellevue, WA 98004

Trend Sound Promoter AMG. Corp.
601 108th Ave. NE
Suite 1900
Bellevue, WA 98004

Dear Trend Sound Promoter,

This letter authorizes you to assign a portion of the fees due to Soundtrack Studio LLC under the License Agreement dated December 5, 2012 between Trend Sound Promoter and Soundtrack Studio. On February 10, 2014 please forward the amount of one hundred twenty eight thousand and seven hundred seventy eight dollars, and sixty seven cents ($128,778.67) to TICOR TITLE. Soundtrack Studio certifies that Trend Sound Promoter's assignment of funds to TICOR TITLE satisfies Trend Sound Promoters obligation under paragraph 4 of the License Agreement for the first quarter of 2014

Sincerely,

Soundtrack Studio LLC management

Sound T Studio LLC
989 112ᵀᴴ AVE NE # 908
Bellevue, WA 98004
soundtrackstudiovp@gmail.com



**Date: February 10, 2014**

**Invoice: 1244**

Billed To:
**TREND SOUND PROMOTER AMG CORP**
**1020 108ᵗʰ Ave NE Apt 908**
**Bellevue WA 98004**
**USA**

# ORDER INVOICE

**Description: PAYMENT FOR LICENSE FEE**

| 1 | LICENSE FEE | $128,778.00 |
|---|---|---|
| 2 | | $ |
| 3 | | $ |
| 4 | | $ |
| 5 | | $ |
| 6 | | $ |
| 7 | | $ |
| 8 | | $ |

**TOTAL DUE: $128,778.00**

**The payment is due upon receipt of this invoice.**

At SoundT Studio we take an individual approach for each artist to highlight their uniqueness and their own style. We also give free professional advice to your work, to harmonize style, genre and melody. You will be able to record your song in the studio that has all the necessary facilities and equipment.

## Letter of Assignment

Soundtrack Studio LLC
989 112th Ave NE Unit 1805
Bellevue, WA 98004

Trend Sound Promoter AMG. Corp.
601 108th Ave. NE
Suite 1900
Bellevue, WA 98004

Dear Trend Sound Promoter,

This letter authorizes you to assign a portion of the fees due to Soundtrack Studio LLC under the License Agreement dated December 5, 2012 between Trend Sound Promoter and Soundtrack Studio. On February 10, 2014 please forward the amount of six thousand seven hundred dollars ($6700) to RIDE. Soundtrack Studio certifies that Trend Sound Promoter's assignment of funds to RIDE satisfies Trend Sound Promoters obligation under paragraph 4 of the License Agreement for the first quarter of 2014

Sincerely,

Soundtrack Studio LLC management

Sound T Studio LLC
989 112ᵀᴴ AVE NE # 908
Bellevue, WA 98004
soundtrackstudiovp@gmail.com

Date: February 10, 2014



Invoice: 1234

Billed To:
**TREND SOUND PROMOTER AMG CORP**
**1020 108th Ave NE Apt 908**
**Bellevue WA 98004**
**USA**

# ORDER INVOICE

**Description: PAYMENT FOR LICENSE FEE**

| 1 | LICENSE FEE | |
|---|---|---|
| 2 | | $6,700.00 |
| 3 | | $ |
| 4 | | $ |
| 5 | | $ |
| 6 | | $ |
| 7 | | $ |
| 8 | | $ |
| | | $ |

**TOTAL DUE: $6,700.00**

**The payment is due upon receipt of this invoice.**

At SoundT Studio we take an individual approach for each artist to highlight their uniqueness and their own style. We also give free professional advice to your work, to harmonize style, genre and melody. You will be able to record your song in the studio that has all the necessary facilities and equipment.

Sound T Studio LLC
989 112TH AVE NE # 908
Bellevue. WA 98004
soundtrackstudiovp@gmail.com

**Date: February 20, 2014**



SoundT
STUDIO

**Invoice: 10374**

Billed To:
**TREND SOUND PROMOTER AMG CORP**
**1020 108th Ave NE Apt 908**
**Bellevue WA 98004**
**USA**

# ORDER INVOICE

**Description: PAYMENT FOR LICENSE FEE**

| 1 | LICENSE FEE | $1,038.00 |
|---|---|---|
| 2 | | $ |
| 3 | | $ |
| 4 | | $ |
| 5 | | $ |
| 6 | | $ |
| 7 | | $ |
| 8 | | $ |

**TOTAL DUE:  $1,038.00**

**The payment is due upon receipt of this invoice.**

At SoundT Studio we take an individual approach for each artist to highlight their uniqueness and their own style. We also give free professional advice to your work, to harmonize style, genre and melody. You will be able to record your song in the studio that has all the necessary facilities and equipment.

Sound T Studio LLC
989 112TH AVE NE # 908
Bellevue, WA 98004
soundtrackstudiovp@gmail.com

Date: March 31, 2014



**Invoice: 005**

Billed To:
**TREND SOUND PROMOTER AMG CORP**
**601 108th Ave NE Apt 1900**
**Bellevue WA 98004**
**USA**

# ORDER INVOICE

**Description: PAYMENTS FOR 1st QUARTER**

| 1 | LICENSE FEE | 3, 166, 298.30 |
|---|---|---|
| 2 | | $ |
| 3 | | $ |
| 4 | | $ |
| 5 | | $ |
| 6 | | $ |
| 7 | | $ |
| 8 | | $ |

03/31/2014 MUSIC LICENS SALES SUMMARY FOR 1st QUARTER
TSP QUARTER INCOME BALANCE $10, 475, 584, 00
20% LICENSE FEE DUE $2,095,116, 00
Balance for Previously 12/30/2013 $2, 804, 397, 00

01/02/14 PAID $550.00
01/03/14 PAID $65, 000, 00
01/05/14 PAID $45, 000, 00
01/14/14 PAID $7, 000, 00
01/17/14 PAID $4,000.00
01/28/14 $1,454,448.11
01/29/14 $10,000.00
01/30/2014 $6,500.00
02/19/14 $6,700.00
02/20/14 $128,778.67
02/26/14 $1,038, 00
04/12/14 $4,200.00

REMAINING LICENSE FEES PAYMENT $3, 166, 298.30

The payment is due upon receipt of this invoice.

Sound T Studio LLC
989 112ᵀᴴ AVE NE # 908
Bellevue, WA 98004
soundtrackstudiovp@gmail.com

Date: April 5, 2014



**Invoice: 10374**

Billed To:
**TREND SOUND PROMOTER AMG CORP**
**1020 108ᵗʰ Ave NE Apt 908**
**Bellevue WA 98004**
**USA**

# ORDER INVOICE

Description: PAYMENT FOR LICENSE FEE

| # | | $4,200.00 |
|---|---|---|
| 1 | LICENSE FEE | $ |
| 2 | | $ |
| 3 | | $ |
| 4 | | $ |
| 5 | | $ |
| 6 | | $ |
| 7 | | $ |
| 8 | | |

TOTAL DUE: $4,200.00

**The payment is due upon receipt of this invoice.**

At SoundT Studio we take an individual approach for each artist to highlight their uniqueness and their own style. We also give free professional advice to your work, to harmonize style, genre and melody. You will be able to record your song in the studio that has all the necessary facilities and equipment.